# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GAIL GALLOWAY,<br>    Plaintiff | : | |
| | : | **CIVIL RIGHTS COMPLAINT** |
| v. | : | **Civil Action No. 1:00-CV-00649** |
| | : | **(Judge Rambo)** |
| PENNSYLVANIA BOARD OF | : | **(Magistrate Judge Smyser)** |
| PROBATION AND PAROLE, | : | |
| *et al.*, | : | |
|     Defendants | : | |

## PRECIPE FOR ENTRY OF DEFAULT JUDGMENT

Gail Galloway, ("Plaintiff"), instructs the Clerk of Courts to enter a default

judgment against defendant Robert B. Stewart, III, ("Stewart"), in the above captioned

action who was served the summons and complaint personally by Pennsylvania State

Constable David Metzger at 3:35 p.m. on 6-1-00, pursuant to Federal Rules of Civil

Procedure, Rule 55 (a), Rule 55 (b) (1), because Stewart has failed to answer the

summons and complaint.  SEE RETURN OF SERVICE.

Plaintiff also instructs the Clerk of Courts to enter a default judgment against

defendant Charles B. Giornesto, ("Giornesto"), in the above captioned action who was

served personally by Pennsylvania State Constable David Metzger on 6-2-00, pursuant

to Federal Rules of Civil Procedure, Rule 55 (a), Rule 55 (b)(1), because Giornesto has

failed to answer the summons and complaint.  SEE RETURN OF SERVICE.

Defendant's Stewart and Giornesto by their silence have admitted to the facts of

the complaint and default judgment must be awarded.  The Clerk is notified to file said

judgment and any controversy concerning the judgment type or amount must be decided

by a jury.

All other defendants, except John Doe #1 ("Doe #1"), have returned a waiver of service of summons which are attached and hereby filed with the Court.

Since Plaintiff has been unable to ascertain the true name of defendant Doe #1, service was made by certified mail with attached waiver of service of summons form and signed for by Dale Norris at SCI Smithfield.  SEE COPY OF RETURN RECEIPT.

Respectfully submitted,

Gail Galloway
R.D.#1, Box 30
Petersburg, PA  16669
(814) 669-9164

Date: June 22, 2000



**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

SUMMONS IN A CIVIL ACTION

Galloway
          Plaintiff
          V.                                    CASE NUMBER: 1:00-cv-00649

Pennsylvania Board o
          Defendant
_____/

TO:

          (SEE COMPLAINT)

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

Plaintiff's Attorney:

          Gail J. Galloway
          R.D. #1, Box 30
          Petersburg, PA  16669

(60) sixty (FEDERAL DEFENDANTS)
an answer to the complaint which is herewith served upon you, within
(20) TWENTY DAYS after service of this summons upon you, exclusive of the
day of service.  If you fail to do so, judgment by default will be taken
against you for the relief demanded in the complaint.

MARY E. D'ANDREA, Clerk

BY
          Deputy Clerk                          DATE: April 13, 2000

RETURN OF SERVICE - Case #1:00-cv-0649

| Service of the Summons and Complaint was made by me * | DATE |
|---|---|
| NAME OF SERVER (Print) | TITLE |

Check one box below to indicate method of service

|‾| Served personally upon the defendant.  Place where served:

_____

|‾| Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left:

_____

|‾| Returned unexecuted: _____

_____

_____

|‾| Other (specify): _____

_____

_____

STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|

DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____
             Date

Signature of Server _____

Address of Server _____

*) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure



UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

SUMMONS IN A CIVIL ACTION

PARTIES FOR CASE #1:00-cv-00649

Gail J. Galloway
        plaintiff

                v.

Pennsylvania Board of Probation and Parole
        defendant
Joseph Smith
        defendant
Daniel . Roberts
        defendant
George Johnson
        defendant
Charles Giornesto
        defendant
Robert B. Stewart
        defendant
Arthur . Thomas
        defendant
K. Scott Roy
        defendant
Thomas Ridge
        defendant
William Ward
        defendant
Sharon Burke
        defendant
William Caldwell
        defendant
Seth Mendelsohn
        defendant
Fred Jacobs
        defendant
John Doe #1
        defendant
Neil Mechlin
        defendant
James Morgan
        defendant

RETURN OF SERVICE - Case #1:00-cv-0649

| Service of the Summons and Complaint was made by me * | DATE 6-1-00 335 PM |
|---|---|
| NAME OF SERVER (Print) DAVE METZGER | TITLE PA STATE CONSTABLE |

Check one box below to indicate method of service

|X| Served personally upon the defendant.  Place where served:

x ~~(signature)~~ HUNTINGDON COUNTY DA'S OFFICE

|_| Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left:

_____

|_| Returned unexecuted: _____

_____

_____

|_| Other (specify): _____

_____

_____

STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES 25,00 | TOTAL $25,00 |
|---|---|---|

DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on 6-1-2000

Date

DAVE METZGER-B001731
Pennsylvania State Constable
542 4th Ave., Lmt.
Altoona, PA 16602
Phone (814) 947-7829
Fax (814) 943-4535

Signature of Server

PO BOX 624 HOLLIDAYSBURG, PA 16648
Address of Server

*) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

SUMMONS IN A CIVIL ACTION

PARTIES FOR CASE #1:00-cv-00649

Gail J. Galloway
        plaintiff

                v.

Pennsylvania Board of Probation and Parole
        defendant
Joseph Smith
        defendant
Daniel . Roberts
        defendant
George Johnson
        defendant
Charles Giornesto
        defendant
Robert B. Stewart
        defendant
Arthur . Thomas
        defendant
K. Scott Roy
        defendant
Thomas Ridge
        defendant
William Ward
        defendant
Sharon Burke
        defendant
William Caldwell
        defendant
Seth Mendelsohn
        defendant
Fred Jacobs
        defendant
John Doe #1
        defendant
Neil Mechlin
        defendant
James Morgan
        defendant

RETURN OF SERVICE - Case #1:00-cv-0649

| Service of the Summons and Complaint was made by me * | DATE 6-2-2000 |
|---|---|
| NAME OF SERVER (Print) *X Charles R. Stoner* DAVE METZGER | TITLE PA STATE CONSTABLE |

Check one box below to indicate method of service

|X| Served personally upon the defendant.  Place where served:

*DISTRICT JUSTICE 20-3-01 OFFICE ALEXANDRIA, PA*

|☐| Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left:

_____

|☐| Returned unexecuted: _____

_____

_____

|☐| Other (specify): _____

_____

_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES 35.00 | TOTAL 35.00 |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on  *6 - 2 - 00*                      *Dave M____  PSC*
                 Date                              Signature of Server

*PO BOX 624 HOLLIDAYSBURG, PA 16648*
Address of Server

*) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

SUMMONS IN A CIVIL ACTION

PARTIES FOR CASE #1:00-cv-00649

Gail J. Galloway
          plaintiff

                    v.

Pennsylvania Board of Probation and Parole
          defendant
Joseph Smith
          defendant
Daniel . Roberts
          defendant
George Johnson
          defendant
Charles Giornesto
          defendant
Robert B. Stewart
          defendant
Arthur . Thomas
          defendant
K. Scott Roy
          defendant
Thomas Ridge
          defendant
William Ward
          defendant
Sharon Burke
          defendant
William Caldwell
          defendant
Seth Mendelsohn
          defendant
Fred Jacobs
          defendant
John Doe #1
          defendant
Neil Mechlin
          defendant
James Morgan
          defendant

# WAIVER OF SERVICE OF SUMMONS

TO:    Gail Galloway

I acknowledge receipt of your request that I waive service of a summons in the action of *Gail Galloway v. Pennsylvania Board of Probation and Parole, et al.,* which is case number 1:00-CV-00649 in the United States District Court for the Middle District of Pennsylvania. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I be served with judicial process in the manner provided by Rule 4.

I will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me if an answer or motion under rule 12 is not served upon you within 60 days after April 25, 2000.

_May 18, 2000_
Date

_Francis R. Filip_
Signature
Arthur Thomas
Pennsylvania Board of Probation and Parole
1101 S. Front Street, Suite 5000
Harrisburg, PA 17104

### DUTY TO AVOID UNNECESSARY COSTS OF SERVICE OF SUMMONS

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by Plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

## WAIVER OF SERVICE OF SUMMONS

TO:    Gail Galloway

I acknowledge receipt of your request that I waive service of a summons in the action of *Gail Galloway v. Pennsylvania Board of Probation and Parole, et al.,* which is case number 1:00-CV-00649 in the United States District Court for the Middle District of Pennsylvania. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I be served with judicial process in the manner provided by Rule 4.

I will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me if an answer or motion under rule 12 is not served upon you within 60 days after May 16, 2000.

_June 1, 2000_
Date

Francis R. Filipi for

_Francis R. Filipi_
Signature

Joseph Smith
Pennsylvania Board of Probation and Parole
Executive House, Room 204
615 Howard Ave.
Altoona, PA 16601

### DUTY TO AVOID UNNECESSARY COSTS OF SERVICE OF SUMMONS

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by Plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

## WAIVER OF SERVICE OF SUMMONS

TO:    Gail Galloway

I acknowledge receipt of your request that I waive service of a summons in the action of *Gail Galloway v. Pennsylvania Board of Probation and Parole, et al.*, which is case number 1:00-CV-00649 in the United States District Court for the Middle District of Pennsylvania. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I be served with judicial process in the manner provided by Rule 4.

I will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me if an answer or motion under rule 12 is not served upon you within 60 days after May 16, 2000.

| | |
|---|---|
| June 1, 2000 | *Francis R. Filipi* |
| Date | Signature |
| Francis R. Filipi for | Daniel Roberts |
| | Pennsylvania Board of Probation and Parole |
| | Executive House, Room 204 |
| | 615 Howard Ave. |
| | Altoona, PA 16601 |

### DUTY TO AVOID UNNECESSARY COSTS OF SERVICE OF SUMMONS

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by Plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

## WAIVER OF SERVICE OF SUMMONS

TO:    Gail Galloway

I acknowledge receipt of your request that I waive service of a summons in the action of *Gail Galloway v. Pennsylvania Board of Probation and Parole, et al.,* which is case number 1:00-CV-00649 in the United States District Court for the Middle District of Pennsylvania. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I be served with judicial process in the manner provided by Rule 4.

I will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me if an answer or motion under rule 12 is not served upon you within 60 days after May 16, 2000.

| | |
|---|---|
| June 1, 2000 | *Franis R. Filipi* |
| Date | Signature |
| Francis R. Filipi for | George Johnson |
| | Pennsylvania Board of Probation and Parole |
| | Executive House, Room 204 |
| | 615 Howard Ave. |
| | Altoona, PA  16601 |

### DUTY TO AVOID UNNECESSARY COSTS OF SERVICE OF SUMMONS

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by Plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

# WAIVER OF SERVICE OF SUMMONS

TO:    Gail Galloway

I acknowledge receipt of your request that I waive service of a summons in the action of *Gail Galloway v. Pennsylvania Board of Probation and Parole, et al.,* which is case number 1:00-CV-00649 in the United States District Court for the Middle District of Pennsylvania.  I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I be served with judicial process in the manner provided by Rule 4.

I will retain all defenses or objections  to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me if an answer or motion under rule 12 is not served upon you within 60 days after April 25, 2000.

_____
*May 18, 2000*
Date

_____
Signature

*for*
Fred Jacobs
Pennsylvania Board of Probation and Parole
1101 S. Front Street, Suite 5000
Harrisburg, PA 17104

### DUTY TO AVOID UNNECESSARY COSTS OF SERVICE OF SUMMONS

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint.  A defendant located in the United States who, after being notified of an action and asked by Plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court.  If the answer or motion is not served within this time, a default judgment may be taken against that defendant.  By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

# WAIVER OF SERVICE OF SUMMONS

TO:    Gail Galloway

     I acknowledge receipt of your request that I waive service of a summons in the action of  *Gail Galloway v. Pennsylvania Board of Probation and Parole, et al.*, which is case number 1:00-CV-00649 in the United States District Court for the Middle District of Pennsylvania.  I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

     I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I be served with judicial process in the manner provided by Rule 4.

     I will retain all defenses or objections  to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

     I understand that a judgment may be entered against me if an answer or motion under rule 12 is not served upon you within 60 days after April 22, 2000.

*May 18, 2000*
_____
Date

*Francis R. Filipi*
_____
Signature

*for*

Ms. Congelio, Parole Agent
SCI Waynesburg
R.D.#1, Box 67
Waynesburg,  PA  15370-9941

### DUTY TO AVOID UNNECESSARY COSTS OF SERVICE OF SUMMONS

     Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint.  A defendant located in the United States who, after being notified of an action and asked by Plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

     It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property.  A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

     A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court.  If the answer or motion is not served within this time, a default judgment may be taken against that defendant.  By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

## WAIVER OF SERVICE OF SUMMONS

TO:    Gail Galloway

I acknowledge receipt of your request that I waive service of a summons in the action of *Gail Galloway v. Pennsylvania Board of Probation and Parole, et al.,* which is case number 1:00-CV-00649 in the United States District Court for the Middle District of Pennsylvania. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I be served with judicial process in the manner provided by Rule 4.

I will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me if an answer or motion under rule 12 is not served upon you within 60 days after April 25, 2000.

*May 18, 2000*
_____
Date

*Francis R. Filipi*
_____
Signature
Pennsylvania Board of Probation and Parole
1101 S. Front Street, Suite 5000
Harrisburg, PA 17104

### DUTY TO AVOID UNNECESSARY COSTS OF SERVICE OF SUMMONS

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by Plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

## WAIVER OF SERVICE OF SUMMONS

TO:    Gail Galloway

I acknowledge receipt of your request that I waive service of a summons in the action of *Gail Galloway v. Pennsylvania Board of Probation and Parole, et al.*, which is case number 1:00-CV-00649 in the United States District Court for the Middle District of Pennsylvania. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I be served with judicial process in the manner provided by Rule 4.

I will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me if an answer or motion under rule 12 is not served upon you within 60 days after April 25, 2000.

May 18, 2000
_____
Date

*Francis R. Filipi*
_____
Signature
William Ward
Pennsylvania Board of Probation and Parole
1101 S. Front Street, Suite 5000
Harrisburg, PA 17104

### DUTY TO AVOID UNNECESSARY COSTS OF SERVICE OF SUMMONS

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by Plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

## WAIVER OF SERVICE OF SUMMONS

TO:   Gail Galloway

I acknowledge receipt of your request that I waive service of a summons in the action of *Gail Galloway v. Pennsylvania Board of Probation and Parole, et al.,* which is case number 1:00-CV-00649 in the United States District Court for the Middle District of Pennsylvania. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I be served with judicial process in the manner provided by Rule 4.

I will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me if an answer or motion under rule 12 is not served upon you within 60 days after April 25, 2000.

_May 18, 2000_
Date

_Francis R. Filipi_
Signature

*for:* K. Scott Roy
Pennsylvania Board of Probation and Parole
1101 S. Front Street, Suite 5000
Harrisburg, PA 17104

### DUTY TO AVOID UNNECESSARY COSTS OF SERVICE OF SUMMONS

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by Plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

## WAIVER OF SERVICE OF SUMMONS

TO:    Gail Galloway

I acknowledge receipt of your request that I waive service of a summons in the action of *Gail Galloway v. Pennsylvania Board of Probation and Parole, et al.,* which is case number 1:00-CV-00649 in the United States District Court for the Middle District of Pennsylvania. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I be served with judicial process in the manner provided by Rule 4.

I will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me if an answer or motion under rule 12 is not served upon you within 60 days after April 24, 2000.

_May 18, 2000_
Date

_Francis R. Filipi_
Signature

for Thomas Ridge
Governor's Office
225 Main Capitol Building
Harrisburg, PA 17120

### DUTY TO AVOID UNNECESSARY COSTS OF SERVICE OF SUMMONS

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by Plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

## WAIVER OF SERVICE OF SUMMONS

TO:   Gail Galloway

I acknowledge receipt of your request that I waive service of a summons in the action of *Gail Galloway v. Pennsylvania Board of Probation and Parole, et al.,* which is case number 1:00-CV-00649 in the United States District Court for the Middle District of Pennsylvania.  I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I be served with judicial process in the manner provided by Rule 4.

I will retain all defenses or objections  to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me if an answer or motion under rule 12 is not served upon you within 60 days after April 22, 2000.

*May 10, 2000*
_____
Date

*Francis R. Filipi*
_____
Signature

*for*   Marlene Stewart, Unit Manager
SCI Waynesburg
R.D.#1, Box 67
Waynesburg,  PA  15370-9941

### DUTY TO AVOID UNNECESSARY COSTS OF SERVICE OF SUMMONS

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint.  A defendant located in the United States who, after being notified of an action and asked by Plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property.  A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court.  If the answer or motion is not served within this time, a default judgment may be taken against that defendant.  By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

## WAIVER OF SERVICE OF SUMMONS

TO:    Gail Galloway

I acknowledge receipt of your request that I waive service of a summons in the action of *Gail Galloway v. Pennsylvania Board of Probation and Parole, et al.*, which is case number 1:00-CV-00649 in the United States District Court for the Middle District of Pennsylvania. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I be served with judicial process in the manner provided by Rule 4.

I will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me if an answer or motion under rule 12 is not served upon you within 60 days after April 24, 2000.

_____                    _____
May 15, 2000                                     *Signature*
Date                                             Seth Mendelsohn
                                                 Office of the Attorney General
                                                 15th Floor, Strawberry Sq.
                                                 Harrisburg, PA 17120

DUTY TO AVOID UNNECESSARY COSTS OF SERVICE OF SUMMONS

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by Plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

## WAIVER OF SERVICE OF SUMMONS

TO:   Gail Galloway

     I acknowledge receipt of your request that I waive service of a summons in the action of *Gail Galloway v. Pennsylvania Board of Probation and Parole, et al.*, which is case number 1:00-CV-00649 in the United States District Court for the Middle District of Pennsylvania.  I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

     I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I be served with judicial process in the manner provided by Rule 4.

     I will retain all defenses or objections  to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

     I understand that a judgment may be entered against me if an answer or motion under rule 12 is not served upon you within 60 days after April 22, 2000.

_June 19, 2000_
Date

_Francis K. Filip_
Signature

Neil Mechling, Sharon Burks, James Morgan
SCI Waynesburg
R.D.#1, Box 67
Waynesburg,  PA  15370-9941

### DUTY TO AVOID UNNECESSARY COSTS OF SERVICE OF SUMMONS

     Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint.  A defendant located in the United States who, after being notified of an action and asked by Plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

     It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property.  A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

     A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court.  If the answer or motion is not served within this time, a default judgment may be taken against that defendant.  By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

John Doe #1
Corrections Officer
SCI Smithfield
P.O. Box 999
1120 Pike St.
Huntingdon PA 16652

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly) | B. Date of Delivery
Dale Norris | 6-15-00

C. Signature
X A. Norris
☑ Agent
☐ Addressee

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☑ Certified Mail    ☐ Express Mail
☐ Registered        ☐ Return Receipt for Merchandise
☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number (Copy from service label)
7000 0600 0021 0136 7771

PS Form 3811, July 1999        Domestic Return Receipt        102595-99-M-1789

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GAIL GALLOWAY,                          :
                                        :        CIVIL NO.: 1:00-CV-00649
          Plaintiff                     :
                                        :
          v.                            :
                                        :        (MJ: J. Andrew Smyser)
                                        :        (J: Sylvia H. Rambo)
PENNSYLVANIA BOARD OF                   :                    **FILED**
PROBATION AND PAROLE,                   :                HARRISBURG, PA
et al.                                  :
                                        :                APR 2 8 2000
          Defendants.                   :
                                        :        MARY E. D'ANDREA, CLERK
                                                 Per _____
                  **ENTRY OF APPEARANCE**                   Deputy Clerk

     Please enter the appearance of the undersigned Assistant
United States Attorney on behalf of William Caldwell in the above
captioned case.


                         Respectfully submitted,

                         DAVID M. BARASCH
                         United States Attorney

                    By: _____
                         ANNE K. FIORENZA
                         Assistant United States Attorney
                         Middle District of Pennsylvania
                         Federal Building
                         P.O. Box 11754
                         228 Walnut Street
                         Harrisburg, PA 17108-1754