IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GAIL GALLOWAY,                        :
                                      :    CIVIL NO.: 1:00-CV-00649
          Plaintiff                   :
                                      :
     v.                               :    (MJ: J. Andrew Smyser)
                                      :    (J: Sylvia H. Rambo)
PENNSYLVANIA BOARD OF                 :
PROBATION AND PAROLE,                 :
et al.                                :
                                      :
          Defendants.                 :

FILED
HARRISBURG, PA

JUN 3 0 2000

MARY E. D'ANDREA, CLE
Per _____
Deputy Clerk

## BRIEF IN SUPPORT OF DEFENDANT CALDWELL'S
## MOTION TO DISMISS

### Procedural History

On or about April 13, 2000, plaintiff Gail Galloway filed
this sixty-four page federal complaint asserting a variety of
constitutional and statutory claims.  Named as defendants are the
Pennsylvania Board of Probation and Parole, together with sixteen
individuals, including employees and officials of the
Pennsylvania Board of Probation and Parole, the Pennsylvania
Department of Corrections, the Governor of Pennsylvania and this
defendant, the Honorable William W. Caldwell, United States
District Court Judge for the Middle District of Pennsylvania.  On
or about April 18, plaintiff filed another document captioned
"Joinder of Defendants", naming two additional individual
defendants.

On June 20, 2000, defendant Caldwell moved to dismiss the

1

complaint.   This brief is filed in support of that motion.

### Statement of Facts

Plaintiff alleges that on June 1, 1998, defendant Smith, in his capacity as an agent of the Pennsylvania Board of Probation and Parole, came to the plaintiff's home, seeking "to search the house because it had been reported to the PBPP office that plaintiff's son, David, had inquired about buying plaintiff a .50 caliber rifle for plaintiff for his birthday." (Complaint, p. 4) According to plaintiff's complaint, Smith did not have a search warrant, nor was plaintiff's son at home.  An altercation followed.

Again according to the complaint, plaintiff was taken to the Huntingdon County Prison.  He had a preliminary hearing on June 9, 1998 and on June 24, was transported to the State Correctional Institution at Smithfield. (Complaint, p.6)

With respect to defendant Caldwell, plaintiff alleges that "[a]s soon as Plaintiff was placed in jail, Plaintiff's Habeas Corpus case became active in the U.S. District court which was captioned Galloway v. County of Huntingdon.  Robert B. Stewart III,("Stewart") with the help of William Caldwell ("Caldwell") conspired to push Plaintiff's habeas corpus petition through the court while Plaintiff was locked up in solitary confinement in the hole at Smithfield SCI and deny and dismiss it so Plaintiff

would not have a chance to present the facts." (Complaint, p.7)[1]
Plaintiff's allegations of actions by taken by defendant Caldwell
against the plaintiff arise directly from that litigation.  He
asserts that Caldwell had a conflict of interest because Caldwell
and Stewart were co-defendants in an unidentified lawsuit in
Huntingdon County (complaint, p. 33, para.2 ), that Caldwell
dismissed the habeas petition without allowing plaintiff to
respond to documents filed by other parties (complaint, p. 33,
para.3 ); that Caldwell "arbitrarily denied Plaintiff's Motion to
Compel"(p. 34, para.7); and that Caldwell "effectively swept
Plaintiff's petition ...under the rug" (p. 35, para.11.)

Plaintiff alleges that he has been harmed by the actions of
each defendant.  He seeks $25 million in damages from defendant
Caldwell.


### Question Presented

Is a federal judge absolutely immune from suit for actions
taken in his official capacity while presiding over pending
litigation?

### Argument

In evaluating a motion to dismiss, the Court must
accept all material allegations of the complaint as true and

---

[1]Galloway v. County of Huntingdon, 3:92cv1628, was filed on November 16, 1992 and
was assigned to Judge Muir.  After more than two years of proceedings, Judge Muir ordered the
case to be assigned to another judge on May 31,1995.  It was thereafter assigned to Judge
Caldwell.  No further entries appear on the court docket until plaintiff filed an amended petition
on February 26, 1998, three months prior to the incident described in this complaint.  The
petition was ultimately dismissed on December 14, 1998.

construe all inferences in the light most favorable to the plaintiff.  <u>Pennsylvania House. Inc. v. Barrett.</u> 760 F. Supp. 439, 449 (M.D. Pa. 1991) (McClure, J.).  "[C]onclusory allegations of law, unsupported conclusions and unwarranted inferences need not be accepted as true." <u>Id.</u> at 449-50.  A case may be dismissed for failure to state a claim upon a showing that when all facts alleged by the plaintiff are interpreted in his favor, the plaintiff has failed to state facts which would entitle him to relief. <u>Conley v. Gibson</u>.  355 U.S. 41 (1957); <u>ALA, Inc. V. CCAIR, Inc</u>, 29 F.3d 855, 859 (3d Cir. 1994).  In this case, even if the Court takes every fact as pleaded, the governing law still would not permit this action.  Thus, for the reasons stated below, defendant's motion to dismiss should be granted.

### <u>Absolute Judicial Immunity</u>

It is a well settled principle of law that judges enjoy absolute immunity from liability in monetary damages for their judicial acts, even if the exercise of their authority is flawed by the commission of grave procedural errors. <u>Mireless v. Waco</u>, 502 U.S. 9 (1991) (per curium) <u>Stump v. Sparkman</u>, 435 U.S. 349, 359 (1977); <u>Pierson v. Ray</u>, 386 U.S. 547, 553 (1967); <u>Bradley v. Fisher</u>, 80 U.S. (13 Wall.) 335, 20 L.Ed. 646 (1871); <u>Figueroa v. Blackburn</u>, 208 F.3d 435 (3d Cir. 2000).

> Despite the unfairness to litigants that
> sometimes results, the doctrine of judicial

4

> immunity is thought to be in the best
> interests of 'the proper administration of
> justice . . . [for it allows] a judicial
> officer, in exercising the authority vested
> in him [to] be free to act upon his own
> convictions, without personal apprehension of
> personal consequences to himself.'

Stump v. Sparkman, 435 U.S. at 363.  See also Randall v. Brigham,
74 U.S. (7 Wall.) 523, 526 (1868) ("This doctrine is as old as
the law, and its maintenance is essential to the impartial
administration of justice.").  The doctrine is grounded in the
premise "that a judge, in performing his or her judicial duties,
should be free to act upon his or her convictions without threat
of suit for damages. " Figueroa, 208 F.3d 440.

To the extent that Galloway's allegations against Judge
Caldwell are claims for damages arising from actions performed by
him in his capacity as a judge, he is absolutely immune from
suit.

It is clear from the Complaint that Galloway is not
happy with the manner in which Judge Caldwell presided over the
habeas corpus proceedings which were ultimately dismissed.   It
is equally clear that Judge Caldwell is entitled to judicial
immunity because the allegations against him are clearly made
because of his role as judge, and are paired with a series of
allegations about other government officials.  This immunity is
absolute and defeats Common law and Constitutional claims.  It
allows judges to perform their appointed functions free of
intimidation.  Dennis v. Sparks, 449 U.S. 24, 31 (1980).  Thus,
the above-captioned case as to Judge Caldwell must be dismissed,

e.g., Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 348 (1871);

Pierson v. Ray, 386 U.S. 547, 555 (1967); Stump v. Sparkman, 435

U.S. 349, 356-57 (1978).  See also, Campana v. Muir, 585 F. Supp.

33 (M.D. Pa. 1983). Indeed, it must be dismissed even though

Galloway alleges that Judge Caldwell's actions were the result of

a "conspiracy" with the other Defendants because it is clear even

under Galloway's allegations that all Judge Caldwell did was to

act in a judicial capacity.


**Conclusion**

For all of the foregoing reasons, this defendant asks that

the complaint against him be dismissed.


Respectfully submitted,

DAVID M. BARASCH
United States Attorney

By: _____

ANNE K. FIORENZA
Assistant United States Attorney
Federal Building
P.O. Box 11754
228 Walnut Street
Harrisburg, PA 17108-1754

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GAIL GALLOWAY,                        :
                                      :    CIVIL NO.: 1:00-CV-00649
        Plaintiff                     :
                                      :
    v.                                :    (MJ: J. Andrew Smyser)
                                      :    (J: Sylvia H. Rambo)
PENNSYLVANIA BOARD OF                 :
PROBATION AND PAROLE,                 :
et al.                                :
                                      :
        Defendants.                   :

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that she is an employee in
the Office of the United States Attorney for the Middle District
of Pennsylvania and is a person of such age and discretion to be
competent to serve papers.

    On this 30th day of June, 2000, she served a copy of the
foregoing document by placing said copy in a postpaid envelope
addressed to the person hereinafter named, at the place and
address stated below, which is the last known address, and by
depositing said envelope and contents in the United States Mail
at Harrisburg, Pennsylvania to:

                    Gail Galloway
                    R.D. #1, Box 30
                    Petersburg, PA 16669


                         _Rebecca A. Plesic_
                         REBECCA A. PLESIC
                         Legal Secretary