IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GAIL GALLOWAY,<br>        **Plaintiff** | : | CIVIL ACTION 1:00-CV-00649 |
| vs. | : | |
| | : | Judge Sylvia H. Rambo |
| PENNSYLVANIA BOARD OF<br>PROBATION AND PAROLE,<br>        **Defendants** | : | |

FILED
SCRANTON

JUL 2 0 2000

PER _____
DEPUTY CLERK

**BRIEF IN SUPPORT OF MOTION TO DISMISS**
**FILED ON BEHALF OF ROBERT B. STEWART, III**

**STATEMENT OF THE CASE:**

The Plaintiff is Gail Galloway who had recently been confined in the State Correctional Institutions at Smithfield and Waynesburg, as a result of a finding by the Board of Probation and Parole that he had violated his parole. Mr. Galloway has completed his period of incarceration.

The Defendants are: The Honorable William Caldwell, Judge, U S District Court; the Pennsylvania Board of Probation and Parole; Joseph Smith, Charles B. Giornesto, Daniel Roberts and George Johnson, four present or former employees of the Board of Probation and Parole; Arthur Thomas and K. Scott Roy, two attorneys for the Board; the

Honorable Thomas Ridge, Governor of the Commonwealth of Pennsylvania; the Honorable William Ward, Chairman of the Board of Probation and Parole; Sharon Burke, the Assistant to the Superintendent of the State Correctional Institution at Smithfield, Pennsylvania; Seth Mendelsohn, a Deputy Attorney General; Fred Jacobs, formerly a Hearing Officer for the Board; Neil Mechling, the Superintendent of the State Correctional Institution at Waynesburg, Pennsylvania; James Morgan, the Superintendent of the State Correctional Institution at Smithfield, Pennsylvania; and Robert B. Stewart, III, the District Attorney of Huntingdon County, Pennsylvania.

The Plaintiff Gail Galloway is a Defendant in a case filed by his son David Galloway in the Middle District of Pennsylvania at Docket No. 1:CV-99-1868. Both this suit filed by Gail Galloway and the suit filed by his son arise, at least in part, out of a series of events which began on June 1, 1998.

The Plaintiff alleges that Defendant Stewart conspired with Defendant Caldwell to deny the Plaintiff access to the Courts and due process of law on a petition for habeas corpus filed by the Plaintiff. (Complaint, ¶E(1-11)). The Plaintiff also alleges that Defendant Stewart has filed a fraudulent forfeiture action involving property which belongs to Plaintiff's son. (Complaint, ¶E (11-15)). Plaintiff alleges that Defendant has conspired with Defendant Mendelsohn by refusing to schedule a forfeiture hearing regarding the Plaintiff's son's property. (Complaint, ¶E(16-20)).

All of the allegations against Defendant Stewart are contained in paragraph E of Plaintiff's Complaint.

**ARGUMENT:**

In deciding a motion to dismiss for failure to state a cognizable claim, the Court must accept Plaintiff's factual claims and draw from them all reasonable inferences favorable to Plaintiff. ***Scheuer v. Rhodes*, 416 U.S. 232, 237 (1974)**.

Therefore, the Court should not dismiss a complaint for failure to state a claim unless it is convinced beyond reasonable doubt that the plaintiff can prove no set of facts to support a claim which would permit recovery. ***Hooten v. Pennsylvania College of Optometry*, 601 F. Supp. 887, 891 (W.D. Pa. 1985)**.

The Plaintiff makes essentially two allegations against Defendant Stewart: 1) He conspired to have his habeas corpus petition dismissed; and 2) he conspired to forfeit his son's (David Galloway's) property.

Paragraphs E (12-17) of Plaintiff's Complaint concern the Plaintiff's son David and alleged violations of David's constitutional rights. These allegations are raised by David himself in a civil action filed before the District Court for the Middle District of Pennsylvania at Docket No. 1:CV-99-1868.

Plaintiff cannot maintain a civil action based on alleged violations of his son's civil and/or constitutional rights. Any claim by Plaintiff based on an alleged violation of his son's rights must be dismissed. (See Plaintiff's Complaint, ¶E (12-17)).

Defendant Robert B. Stewart as the District Attorney of Huntingdon County is entitled to sovereign immunity under the Eleventh Amendment to the Constitution.

***McCormick v. Specter***, 220 Pa. Super. 19, 275 A.2d 688 (1971) as cited in ***Mosley***, **supra**.

Obviously, all of Defendant Stewart's actions and/or communications in connection with the forfeiture action and the petition for writ of habeas corpus were within the scope of his duties or powers as District Attorney. As such, his actions and/or comments should be afforded absolute privilege/immunity and Plaintiff's Complaint as to Defendant Stewart should be dismissed with prejudice.

**CONCLUSION:**

For all of the reasons set forth herein, Defendant Stewart respectfully requests this Honorable Court to dismiss Plaintiff's Complaint with prejudice.

Respectfully submitted,

HENRY CORCELIUS GATES GILL & ODY

Peter M. McManamon
Supreme Court ID No. 43235
200 Penn Street
Huntingdon, PA 16652
814/643-2460
Attorney for Defendant Robert B. Stewart