**ORIGINAL**



IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
HARRISBURG, PA

JUL 2 4 2000

MARY E. D'ANDREA, CLERK
Per _____

| | | |
|---|---|---|
| GAIL GALLOWAY | : | |
| Plaintiff | : | |
| v. | : | No. 1:00-CV-00649 |
| PENNSYLVANIA BOARD OF PROBATION AND PAROLE, *et al.*, | : | Judge Rambo |
| Defendants | : | |

MOTION FOR AN ENLARGEMENT OF TIME FILED ON BEHALF OF DEFENDANT CHARLES B. GIORNESTO
---

Defendant Charles B. Giornesto, by his attorneys and pursuant to Fed.R.Civ.P. 6(b), asks the Court for an enlargement to today to respond to the complaint for the following reasons:

1. Although plaintiff mailed copies of the complaint and summons together waiver of service forms to all other defendants, plaintiff elected to have defendant Giornesto served personally. The date of service are unknown to the undersigned.

2. It appears that the time to answer has already expired, based on information received from the constable.

3. Initially, Mr. Giornesto was reticent about accepting representation from the Office of Attorney General due to concern as to whether such agreement would jeopardize other interests of Mr. Giornesto.

4. A recent phone conversation with Mr. Giornesto resulted in him electing to accept

representation from the Commonwealth.

5. To date, plaintiff has not sought to take a default judgment. However, even if he did, it should not be successful.

6. It is the long-standing policy that defaults are disfavored in this circuit and that dispositions on the merits of actions are favored. *See, e.g.,Hritz v. Woma*, 732 F.2d 1178 (3d Cir. 1984); *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653 (3d Cir 1982); *Farnese v. Bagasco*, 687 F.2d 761 (3d Cir. 1982); *Medunic v. Lederer*, 533 F.2d 891 (3d Cir. 1976); *Hutton v. Fisher*, 359 F.2d 913 (3d Cir. 1966); *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242 (3d Cir. 1952).

7. The Court is to use a three-part analysis to determine when entering a default judgment is appropriate: 1. Whether the plaintiff will be prejudiced; 2. whether the defendants have a meritorious defense; and 3. whether culpable conduct of defendants led to the default. *Farnese* 687 F.2d at 764.

8. Although defense counsel assumes plaintiff will not concur in this motion, he has suffered no actual prejudice because Mr. Giornesto did not file his motion to dismiss earlier. Plaintiff has been free to pursue discovery and other litigation tasks and the short delay in filing the motion to dismiss has not caused plaintiff to lose access to evidence

9. Further, as revealed by the motion to dismiss submitted with this motion, Mr. Giornesto has a meritorious defense to the claim made against him.

10. The standard for "culpable conduct" is the "willfulness" or "flagrant bad faith" of a non-responding defendant. *Emasco Insurance Co. v. Sambrick*, 834 F.2d 71, (3d Cir.

1987). "Willfulness" and "flagrant bad faith" include acts intentionally designed to avoid compliance with applicable rules. *See, e.g., National Hockey League v. Metro Hockey Club, Inc.* 427 U.S. 639 (1976) (a callous disregard of responsibilities); *Zawadski v. DeBueno*, 822 F.2f 416 (3d Cir. 1987) (deliberate trial strategy) *Wells v. Rockefeller*, 728 F.2d 209 (3d Cir. 1984), *cert denied*, 471 U.S. 1107 (1985) (defendant deliberately chose to default). Neglect alone is insufficient. *Hritz, supra.*

11. Mr. Giornesto's failure to file his motion earlier was not the product of "culpable conduct" but rather an understandable suspicion about the effect accepting representation would have on his other interests.

WHEREFORE, defendant Giornesto asks the Court to permit his motion to dismiss to be filed and considered.

                        Respectfully submitted,

                        D. MICHAEL FISHER
                        Attorney General

BY: *Francis R. Filipi*
       FRANCIS R. FILIPI
       Senior Deputy Attorney General
       Attorney ID# 18630

       SUSAN J. FORNEY
       Chief Deputy Attorney General
       Chief, Litigation Section

OFFICE OF ATTORNEY GENERAL
Litigation Section
15th Floor, Strawberry Square
Harrisburg PA 17120
E-Mail: ffilipi@attorneygeneral.gov
Direct Dial: (717) 787-3874
FAX: (717) 772-4526

DATE: July 24, 2000

Counsel for Defendants Pennsylvania Board of Probation And Parole, Joseph Smith, Daniel Roberts, George Johnson, Charles B. Giornesto, Arthur Thomas, K. Scott Roy, Thomas Ridge, William Ward, Sharon Burks, Seth Mendelsohn, Fred Jacobs, Neil Mechling and James Morgan

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GAIL GALLOWAY | : |
| Plaintiff | : |
| v. | : No. 1:00-CV-00649 |
| PENNSYLVANIA BOARD OF PROBATION AND PAROLE, *et al.*, | : Judge Rambo |
| Defendants | : |

CERTIFICATE OF CONCURRENCE/NONCONCURRENCE

I, FRANCIS R. FILIPI, hereby certify that concurrence in the Motion to Dismiss Filed on Behalf of Defendant Charles B. Giornesto was sought from plaintiff and counsel for Hon. William Caldwell and for District Attorney Robert B. Stewart, III. Neither plaintiff nor counsel for District Attorney Robert B. Stewart, III was available. Counsel for Hon. William Caldwell concurs in this motion. From previous conversations concerning the motion to dismiss filed on behalf of the majority of defendants, counsel assumes that counsel for District Attorney Robert B. Stewart, III, will concur in said motion and that plaintiff will not concur. The undersigned will supplement the record once responses have been obtained from plaintiff and counsel.

*Francis R. Filipi*
FRANCIS R. FILIPI

DATED: July 24, 2000

-4-

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GAIL GALLOWAY : 
    Plaintiff :
:
v. : No. 1:00-CV-00649
:
PENNSYLVANIA BOARD OF : Judge Rambo
PROBATION AND PAROLE, *et al.*, :
    Defendants :

## CERTIFICATE OF SERVICE

I, FRANCIS R. FILIPI, Senior Deputy Attorney General, hereby certify that on this date I caused to be served copies of the foregoing Motion for an Enlargement of Time Filed on Behalf of Defendant Charles B. Giornesto, by depositing a copy in the United States Mail, postage prepaid, first class, in Harrisburg, PA, addressed to each of the following:

Gail Galloway
R.D. #1, Box 30
Petersburg, PA 16669

Plaintiff

Anne K. Fiorenza, Esq.
Assistant U.S. Attorney
U.S. Attorney's Office
228 Walnut Street, Suite 217
Harrisburg, PA 17108

Counsel for Hon. William Caldwell

Peter McManamon, Esq.
200 Penn Street
P.O. Box 383
Huntingdon PA 16652

Counsel for District Attorney Robert B. Stewart, III

*Francis R. Filipi*
FRANCIS R. FILIPI
Senior Deputy Attorney General

DATED: July 24, 2000