IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GAIL GALLOWAY, | CIVIL NO. 1:CV-00-0649 |
| Plaintiff | |
| v. | FILED<br>HARRISBURG, PA |
| PENNSYLVANIA BOARD OF<br>PROBATION AND PAROLE et al., | AUG 1 0 2000 |
| Defendant | MARY E. D'ANDREA, CLERK<br>Per _____ Deputy Clerk |

## O R D E R

Before the court is pro se Plaintiff Gail Galloway's June 23, 2000 precipe for entry of default against Defendants Robert B. Stewart, III and Charles B. Giornesto. Plaintiff seeks entry of default on the basis that neither Stewart nor Giornesto has responded to the complaint as of June 23, 2000.

Plaintiff alleges that Stewart was personally served with a copy of the complaint and summons on June 1, 2000 and that Giornesto was personally served with the same on June 2, 2000. However, a review of the docket reveals that Plaintiff has failed to file a proof of service in accordance with Federal Rule of Civil Procedure 4(l). Plaintiff does, however, attach copies of two Return of Service forms signed by one Dave Metzger indicating that he personally served "the defendant." Unfortunately, neither form indicates what defendant was served. The court notes that Federal Rule 4(l) indicates that "failure to make proof of service does not affect the validity of service," and, moreover, in light of Plaintiff's pro se status, the court will not end its inquiry here by summarily denying Plaintiff's request. See Tabron v. Grace, 6 F.3d 147, 153-54 (3d Cir. 1993).

Giornesto does respond to Plaintiff's precipe by way of a motion for enlargement of time to respond to the complaint, dated July 24, 2000. In his motion, Giornesto sets forth the appropriate standard for evaluating the propriety of entries of default for failure to timely file a response to a complaint. Additionally, Giornesto sets forth sufficient facts to persuade the court that he meets the standard is entitled to relief from such an entry of default. Therefore, the court will deny Plaintiff's request for entry of default and grant Giornesto's motion for enlargement of time.

Stewart has not responded to Plaintiff's request for entry of default. Instead, Stewart filed a motion to dismiss the complaint and a supporting brief, without mentioning the instant precipe. Although the docket is unclear as to when, if ever, Stewart was served in accordance with the Federal Rules, the court will direct Stewart to respond to Plaintiff's precipe, and show cause why Plaintiff's request for entry of default should not be granted.

Despite being afforded a degree of consideration for his pro se status, the court will nevertheless direct Plaintiff to file proof of service as required by Federal Rule 4(l).

Therefore, **IT IS HEREBY ORDERED THAT:**

(1) Defendant Giornesto's motion for enlargement of time (Doc. 16) is **GRANTED.**

(2) Plaintiff's motion for entry of default judgment (Doc 6) is **DENIED IN PART AND DEFERRED IN PART** as follows:

(A) Plaintiff's motion is **DENIED** as to Charles Giornesto.

(B) Plaintiff's motion is **DEFERRED** as to Robert B. Stewart III, pending proof of service and Stewart's response to the court's direction to show cause.

(3) On or before August 21, 2000 Defendant Robert B. Stewart III shall **SHOW CAUSE** why Plaintiff's motion for default should not be granted.

(4) On or before August 21, 2000 Plaintiff shall make proof of service in accordance with the Federal Rules of Civil Procedure as to all Defendants in the captioned action.

SYLVIA H. RAMBO
United States District Judge

Dated: August /0, 2000.

```
              UNITED STATES DISTRICT COURT
                       FOR THE
             MIDDLE DISTRICT OF PENNSYLVANIA

              * * MAILING CERTIFICATE OF CLERK * *

                       August 10, 2000


Re:  1:00-cv-00649    Galloway v. Pennsylvania Board o



True and correct copies of the attached were mailed by the clerk
to the following:


     Gail J. Galloway
     R.D. #1, Box 30
     Petersburg, PA   16669

     Francis R. Filipi, Esq.
     Attorney General's Office
     Strawberry Square
     15th Floor
     Harrisburg, PA   17120

     Peter M. McManamon, Esq.
     Henry, Corcelius, Gates, Gill & Ody
     200 Penn Street
     P.O.Box 383
     Huntingdon, PA   16652

     Anne K. Fiorenza, Esq.
     Assistant U.S. Attorney
     U.S. Attorney's Office
     228 Walnut Street
     Suite 217
     Harrisburg, PA   17108




cc:
Judge                      (✓)
Magistrate Judge           ( )
U.S. Marshal               ( )
Probation                  ( )
U.S. Attorney              ( )
Atty. for Deft.            ( )
Defendant                  ( )
Warden                     ( )
Bureau of Prisons          ( )
Ct Reporter                ( )
Ctroom Deputy              ( )
Orig-Security              ( )
Federal Public Defender    ( )
```