IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GAIL GALLOWAY,<br>        Plaintiff<br><br>vs.<br><br>PENNSYLVANIA BOARD OF<br>PROBATION AND PAROLE,<br>        Defendants | CIVIL ACTION 1:00-CV-00649<br><br>FILED<br>SCRANTON<br><br>AUG 21 2000<br><br>PER _____<br>DEPUTY CLERK |

**DEFENDANT ROBERT B. STEWART, III's RESPONSE
TO PLAINTIFF'S PRAECIPE FOR ENTRY OF DEFAULT JUDGMENT
AND REQUEST FOR ENLARGEMENT OF TIME**

**Factual Background:**

Defendant Stewart is a named defendant in the above-captioned matter. Defendant Stewart received a copy of the Complaint in the latter part of June, 2000. The exact date of receipt of the Complaint is unknown to Defendant Stewart or his counsel.

Neither Defendant Stewart nor his counsel received a copy of Plaintiff's Praecipe for Default Judgment. As a result, no response to the Praecipe was made. In fact, Defendant Stewart and counsel first became aware of the Praecipe filed by Plaintiff through the Court's Order of August 10, 2000 which was received by counsel on August 14, 2000.

**Argument:**

**Issue:** Whether the Plaintiff's request for entry of default judgment should be granted as to Defendant Stewart.

**Answer:** No.

It has long been the policy of the Third Circuit that default judgments are disfavored and that disposition on the merits is favored. See *Hritz v. Woma,* 732 F.2d 1178 (3rd Cir. 1984); *Feliciano v. Reliant Tooling Co.,* 691 F.2d 653 (3rd Cir. 1982); *Farnese v. Bagasco,* 687 F.2d 761 (3rd Cir. 1982).

The Court when examining the issue of whether default judgment is appropriate is to use a three part test: 1) will the Plaintiff be prejudiced; 2) whether the defendant has a meritorious defense; and 3) whether culpable conduct of the defendant led to the default. **Farnese, 687 F.2d at 764**.

The Plaintiff has not been prejudiced by Defendant's failure to respond to the Praecipe for Default Judgment. Plaintiff has pursued discovery and other elements of litigation. Moreover, Defendant was unaware that any request for default judgment had been made.

Defendant Stewart has a meritorious defense to the claims made against him and has set forth his defense in a Motion to Dismiss and Supporting Brief which has been filed with the Court.

Finally, the Court must determine whether culpable conduct of the defendant led to the default.  "Culpable conduct" has been defined as "wilfulness" or "flagrant bad faith".  See *Emasco Insurance Co. v. Sambrick,* **834 F.2d 71 (3rd Cir. 1987)**.  "Wilfullness" and "flagrant bad faith" include acts intentionally designed to avoid compliance with applicable rules.  See *National Hockey League v. Metro Hockey Club, Inc.*, 427 U.S. 639 (1976).  Neglect alone is not sufficient.  See *Hritz,* supra.

Defendant Stewart's failure to respond to the Praecipe was not culpable conduct rather it was a result of his not receiving notice of the filing of said Praecipe.

Plaintiff has also filed an objection to the Motion to Dismiss and Brief in Support of the Motion to Dismiss filed by Defendant Stewart.

Defendant Stewart requests that the Court review Plaintiff's objections under the same analysis set forth herein.  No prejudice has occurred to the Plaintiff.  Defendant Stewart has set forth a meritorious defense and Defendant has not engaged in any culpable conduct.

WHEREFORE, Defendant Stewart respectfully requests this Honorable Court to issue an Order denying Plaintiff's request for default judgment and granting Defendant Stewart an enlargement of time to file a motion to dismiss and supporting brief.

Respectfully submitted,

HENRY CORCELIUS GATES GILL & ODY

_____
Peter M. McManamon
Supreme Court ID No. 43235
200 Penn Street
Huntingdon, PA 16652
814/643-2460
Attorney for Defendant Robert B. Stewart, III

Dated: 18 August 2000

## CERTIFICATE OF SERVICE

Certified, true and correct copy of the foregoing Defendant Robert B. Stewart, III's Respond to Plaintiff's Praecipe for Entry of Default Judgment and Request for Enlargement of Time were served on all interested parties listed below by sending same first class mail, postage prepaid on August 18, 2000 to the following addresses:

Gail Galloway
RD #1, Box 30
Petersburg, PA 16669

Anne K. Fiorenza, Assistant U S Attorney
Middle District of Pennsylvania
Federal Building
P O Box 11754
228 Walnut Street
Harrisburg, PA 17108-1754

Francis Filipi
Office of Attorney General
15th Floor
Strawberry Square
Harrisburg, PA 17120

Peter M. McManamon