# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GAIL GALLOWAY, | : | |
| **Plaintiff** | : | Civil Action No. 1:00-CV-00649 |
| | : | |
| **v.** | : | (Judge Rambo) |
| | : | |
| PENNSYLVANIA BOARD OF | : | |
| PROBATION AN PAROLE, | : | |
| *et al.,* | : | |
| **Defendants** | : | |

**FILED**
HARRISBURG, PA

AUG 2 1 2000

MARY E. D'ANDREA, CLER
Per _____
Deputy Clerk

## PLAINTIFF'S RESPONSE TO COURT ORDER DATED AUGUST 10, 2000

Gail Galloway, ("Plaintiff"), hereby files the following proof of service documents with this Court. These documents, except the enclosed notarized Affidavit of Proof of Service by Pennsylvania State Constable Dave Metzger, were filed previously with this Court on June 22, 2000.

Defendant Charles Giornesto was served by Constable Metzger on June 2, 2000 and Defendant Stewart was served by Constable Metzger on June 1, 2000 according to the Fed. R. Civ. P.

All other defendants, except John Doe #1, ("Doe #1"), have returned a waiver of service of summons which are again filed with the Court. Plaintiff has not as yet been able to ascertain the true name of Doe #1 who was served by certified mail with attached waiver of service of summons. The certified mail complaint was signed for by Dale Norris at SCI Smithfield on June 15, 2000 and Plaintiff has not received a signed waiver of service of summons as of this date.

Respectfully submitted,

Gail Galloway

Gail Galloway
R.D.#1, Box 30
Petersburg, PA  16669
(814) 669-9164

August 18, 2000

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

SUMMONS IN A CIVIL ACTION

PARTIES FOR CASE #1:00-cv-00649

Carl J. Galloway
          plaintiff

                    v.

Pennsylvania Board of Probation and Parole
          defendant
Joseph Smith
          defendant
Daniel J. Roberts
          defendant
George Johnson
          defendant
Charles Giornesto
          defendant
Robert B. Stewart
          defendant
Arthur J. Thomas
          defendant
F. Scott Roy
          defendant
Thomas Ridge
          defendant
William Ward
          defendant
Sharon Burke
          defendant
William Caldwell
          defendant
Seth Mendelsohn
          defendant
Fred Jacobs
          defendant
John Doe #1
          defendant
Herb Mechlin
          defendant
James Morgan
          defendant

## AFFIDAVIT OF PROOF OF SERVICE

I, Dave Metzger, Pennsylvania State Constable, personally served Robert B. Stewart, III, a summons and complaint in the case of *Gail Galloway v. Pennsylvania Board of Probation and Parole*, Civil No. 1:CV-00-0649 at the Huntingdon County District Attorney's Office at 3:35 p.m. on June 1, 2000. Robert B. Stewart's signature is on the Return of Service form attached herein.

I, Dave Metzger, Pennsylvania State Constable, personally served Charles B. Giornesto a summons and complaint in the case of *Gail Galloway v. Pennsylvania Board of Probation and Parole,* Civil No. 1:CV-00-0649 at the office of District Justice, 20-3-01, in Alexandria, PA on June 2, 2000. Charles B. Giornesto's signature is on the Return of service form attached herein.

I declare under penalty of perjury under the laws of the United States of America that the foregoing information and the information on the attached Return of Service forms is true and correct.

Date: August 19, 2000

Dave Metzger
Pennsylvania State Constable-B001731
P.O. Box 624
Hollidaysburg, PA  16648

Sworn to and subscribed
before me this 18th day of
August, 2000

District Justice, 20-3-01

RETURN OF SERVICE - Case #1:00-cv-00649

| Service of the Summons and Complaint was made by me * | DATE 6-1-00  335 PM |
|---|---|
| NAME OF SERVER (Print) DALE METZGER | TITLE PA STATE CONSTABLE |

Check one box below to indicate method of service

[X] Served personally upon the defendant.  Place where served:

HUNTINGDON COUNTY DA'S OFFICE

[ ] Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left:

_____

[ ] Returned unexecuted: _____

_____

_____

[ ] Other (specify): _____

_____

_____

STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES 25,00 | TOTAL 25,00 |
|---|---|---|

DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on 6-1-2000

Date

DAVE METZGER-B001731
Pennsylvania State Constable
842 4th Ave., Unit,
Altoona, PA 16602
Phone (814) 947-7820
Fax (814) 943-4536

Signature of Server

PO BOX 624 HOLLIDAYSBURG, PA 1664
Address of Server

*) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure

RETURN OF SERVICE - Case #1:00-cv-0649

| Service of the Summons and Complaint was made by me * | DATE<br>6-2-2000 |
|---|---|
| NAME OF SERVER (Print) M.<br>X _Charles B. Warner_     DAVE METZGER | TITLE<br>PA STATE CONSTABLE |

Check one box below to indicate method of service

[X] Served personally upon the defendant.  Place where served:

_DISTRICT JUSTICE 20-3-01 OFFICE ALEXANDRIA, PA_

[ ] Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left:

_____

[ ] Returned unexecuted: _____

_____

_____

[ ] Other (specify): _____

_____

_____

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES<br>35⁰⁰ | TOTAL<br>35⁰⁰ |
|---|---|---|

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct

Executed on  _6 - 2 - 00_         _David M____ PSC_
              Date                   Signature of Server

              _PO BOX 624 HOLLIDAYSBURG, PA 1664_
              Address of Server

*) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure

# WAIVER OF SERVICE OF SUMMONS

TO:    Gail Galloway

I acknowledge receipt of your request that I waive service of a summons in the action of *Gail Galloway v. Pennsylvania Board of Probation and Parole, et al.*, which is case number 1:00-CV-00649 in the United States District Court for the Middle District of Pennsylvania. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I be served with judicial process in the manner provided by Rule 4.

I will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me if an answer or motion under rule 12 is not served upon you within 60 days after April 25, 2000.

_May 18, 2000_
Date

_Francis R. Filipi_
Signature

**Arthur Thomas**
Pennsylvania Board of Probation and Parole
1101 S. Front Street, Suite 5000
Harrisburg, PA 17104

## DUTY TO AVOID UNNECESSARY COSTS OF SERVICE OF SUMMONS

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by Plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

## WAIVER OF SERVICE OF SUMMONS

TO:    Gail Galloway

I acknowledge receipt of your request that I waive service of a summons in the action of *Gail Galloway v. Pennsylvania Board of Probation and Parole, et al.*, which is case number 1:00-CV-00649 in the United States District Court for the Middle District of Pennsylvania. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I be served with judicial process in the manner provided by Rule 4.

I will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me if an answer or motion under rule 12 is not served upon you within 60 days after May 16, 2000.

June 1, 2000                         *Francis R. Filipi*
_____                      _____
Date                                 Signature

Francis R. Filipi for    Joseph Smith
                         Pennsylvania Board of Probation and Parole
                         Executive House, Room 204
                         615 Howard Ave.
                         Altoona, PA 16601

### DUTY TO AVOID UNNECESSARY COSTS OF SERVICE OF SUMMONS

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by Plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

# WAIVER OF SERVICE OF SUMMONS

TO:    Gail Galloway

I acknowledge receipt of your request that I waive service of a summons in the action of *Gail Galloway v. Pennsylvania Board of Probation and Parole, et al.*, which is case number 1:00-CV-00649 in the United States District Court for the Middle District of Pennsylvania. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I be served with judicial process in the manner provided by Rule 4.

I will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me if an answer or motion under rule 12 is not served upon you within 60 days after May 16, 2000.


June 1, 2000
Date

Francis R. Filipi for

Signature

Daniel Roberts
Pennsylvania Board of Probation and Parole
Executive House, Room 204
615 Howard Ave.
Altoona, PA  16601


## DUTY TO AVOID UNNECESSARY COSTS OF SERVICE OF SUMMONS

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by Plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

# WAIVER OF SERVICE OF SUMMONS

TO     Gail Galloway

I acknowledge receipt of your request that I waive service of a summons in the action of *Gail Galloway v. Pennsylvania Board of Probation and Parole, et al.*, which is case number 1:00-CV-00649 in the United States District Court for the Middle District of Pennsylvania. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I be served with judicial process in the manner provided by Rule 4.

I will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me if an answer or motion under rule 12 is not served upon you within 60 days after May 16, 2000.

June 1, 2000

Date

Francis R. Filipi for

Signature

George Johnson
Pennsylvania Board of Probation and Parole
Executive House, Room 204
615 Howard Ave.
Altoona, PA  16601

## DUTY TO AVOID UNNECESSARY COSTS OF SERVICE OF SUMMONS

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by Plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

## WAIVER OF SERVICE OF SUMMONS

TO:    Gail Galloway

I acknowledge receipt of your request that I waive service of a summons in the action of *Gail Galloway v. Pennsylvania Board of Probation and Parole, et al.,* which is case number 1:00-CV-00649 in the United States District Court for the Middle District of Pennsylvania. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I be served with judicial process in the manner provided by Rule 4.

I will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me if an answer or motion under rule 12 is not served upon you within 60 days after April 25, 2000.

May 18, 2000
_____
Date

*Frank K. Filip*
_____
Signature

Fred Jacobs
Pennsylvania Board of Probation and Parole
1101 S. Front Street, Suite 5000
Harrisburg, PA 17104

### DUTY TO AVOID UNNECESSARY COSTS OF SERVICE OF SUMMONS

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by Plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

# WAIVER OF SERVICE OF SUMMONS

TO:    Gail Galloway

I acknowledge receipt of your request that I waive service of a summons in the action of *Gail Galloway v. Pennsylvania Board of Probation and Parole, et al.*, which is case number 1:00-CV-00649 in the United States District Court for the Middle District of Pennsylvania. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I be served with judicial process in the manner provided by Rule 4.

I will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me if an answer or motion under rule 12 is not served upon you within 60 days after April 22, 2000.

_May 18, 2000_
Date

_Francis R. Filipe_
Signature

Ms. Congelio, Parole Agent
SCI Waynesburg
R.D.#1, Box 67
Waynesburg,  PA  15370-9941

## DUTY TO AVOID UNNECESSARY COSTS OF SERVICE OF SUMMONS

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by Plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

# WAIVER OF SERVICE OF SUMMONS

TO:    Gail Galloway

I acknowledge receipt of your request that I waive service of a summons in the action of *Gail Galloway v. Pennsylvania Board of Probation and Parole, et al.*, which is case number 1:00-CV-00649 in the United States District Court for the Middle District of Pennsylvania. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I be served with judicial process in the manner provided by Rule 4.

I will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me if an answer or motion under rule 12 is not served upon you within 60 days after April 25, 2000.

_____
Date

_____
Signature
Pennsylvania Board of Probation and Parole
1101 S. Front Street, Suite 5000
Harrisburg, PA 17104

## DUTY TO AVOID UNNECESSARY COSTS OF SERVICE OF SUMMONS

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by Plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

# WAIVER OF SERVICE OF SUMMONS

TO:     Gail Galloway

I acknowledge receipt of your request that I waive service of a summons in the action of *Gail Galloway v. Pennsylvania Board of Probation and Parole, et al.*, which is case number 1:00-CV-00649 in the United States District Court for the Middle District of Pennsylvania. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I be served with judicial process in the manner provided by Rule 4.

I will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me if an answer or motion under rule 12 is not served upon you within 60 days after April 25, 2000.

_____
Date

_____
Signature
William Ward
Pennsylvania Board of Probation and Parole
1101 S. Front Street, Suite 5000
Harrisburg, PA 17104

## DUTY TO AVOID UNNECESSARY COSTS OF SERVICE OF SUMMONS

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by Plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

# WAIVER OF SERVICE OF SUMMONS

TO:   Gail Galloway

I acknowledge receipt of your request that I waive service of a summons in the action of *Gail Galloway v. Pennsylvania Board of Probation and Parole, et al.,* which is case number 1:00-CV-00649 in the United States District Court for the Middle District of Pennsylvania. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I be served with judicial process in the manner provided by Rule 4.

I will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me if an answer or motion under rule 12 is not served upon you within 60 days after April 25, 2000.

_____
Date

_____
Signature

for - K. Scott Roy
Pennsylvania Board of Probation and Parole
1101 S. Front Street, Suite 5000
Harrisburg, PA 17104

### DUTY TO AVOID UNNECESSARY COSTS OF SERVICE OF SUMMONS

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

# WAIVER OF SERVICE OF SUMMONS

TO:    Gail Galloway

I acknowledge receipt of your request that I waive service of a summons in the action of *Gail Galloway v. Pennsylvania Board of Probation and Parole, et al.*, which is case number 1:00-CV-00649 in the United States District Court for the Middle District of Pennsylvania. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I be served with judicial process in the manner provided by Rule 4.

I will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me if an answer or motion under rule 12 is not served upon you within 60 days after April 24, 2000.

_May 18, 2000_
Date

_Francis R. Filipi_
Signature

*for* Thomas Ridge
Governor's Office
225 Main Capitol Building
Harrisburg, PA 17120

## DUTY TO AVOID UNNECESSARY COSTS OF SERVICE OF SUMMONS

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by Plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

## WAIVER OF SERVICE OF SUMMONS

TO:    Gail Galloway

I acknowledge receipt of your request that I waive service of a summons in the action of *Gail Galloway v. Pennsylvania Board of Probation and Parole, et al.,* which is case number 1:00-CV-00649 in the United States District Court for the Middle District of Pennsylvania. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I be served with judicial process in the manner provided by Rule 4.

I will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me if an answer or motion under rule 12 is not served upon you within 60 days after April 22, 2000.

May 10, 2000
_____
Date

*Francis R. Filipi*
_____
Signature

for    Marlene Stewart, Unit Manager
SCI Waynesburg
R.D.#1, Box 67
Waynesburg, PA 15370-9941

### DUTY TO AVOID UNNECESSARY COSTS OF SERVICE OF SUMMONS

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by Plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

# WAIVER OF SERVICE OF SUMMONS

TO:    Gail Galloway

I acknowledge receipt of your request that I waive service of a summons in the action of *Gail Galloway v. Pennsylvania Board of Probation and Parole, et al.*, which is case number 1:00-CV-00649 in the United States District Court for the Middle District of Pennsylvania. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I be served with judicial process in the manner provided by Rule 4.

I will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me if an answer or motion under rule 12 is not served upon you within 60 days after April 24, 2000.

*May 15, 2000*
Date

Signature
Seth Mendelsohn
Office of the Attorney General
15th Floor, Strawberry Sq.
Harrisburg, PA 17120

## DUTY TO AVOID UNNECESSARY COSTS OF SERVICE OF SUMMONS

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by Plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

# WAIVER OF SERVICE OF SUMMONS

TO:   Gail Galloway

I acknowledge receipt of your request that I waive service of a summons in the action of *Gail Galloway v. Pennsylvania Board of Probation and Parole, et al.,* which is case number 1:00-CV-00649 in the United States District Court for the Middle District of Pennsylvania. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I be served with judicial process in the manner provided by Rule 4.

I will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me if an answer or motion under rule 12 is not served upon you within 60 days after April 22, 2000.

June 19, 2000
Date

_____
Signature

Neil Mechling, Sharon Burks, James Morgan
SCI Waynesburg
R.D.#1, Box 67
Waynesburg, PA 15370-9941

### DUTY TO AVOID UNNECESSARY COSTS OF SERVICE OF SUMMONS

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by Plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

John Doe #1
Corrections Officer
SCI Smithfield
P.O. Box 999
1120 Pike St.
Huntingdon PA 16652

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly) | B. Date of Delivery
Dale Norris | 6-15-00

C. Signature
X D. Norris
☑ Agent
☐ Addressee

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☑ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Copy from service label)
7000 0600 0021 0136 7771

PS Form 3811, July 1999          Domestic Return Receipt          102595-99-M-1789

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GAIL GALLOWAY,                          :
                                        :       CIVIL NO.: 1:00-CV-00649
        Plaintiff                       :
                                        :
                                        :
        v.                              :       (MJ: J. Andrew Smyser)
                                        :       (J: Sylvia H. Rambo)
PENNSYLVANIA BOARD OF                   :
PROBATION AND PAROLE,                   :                      **FILED**
et al.                                  :               HARRISBURG, PA
                                        :
        Defendants.                     :                 APR 28 2000

                                                MARY E. D'ANDREA, CLERK
                                                Per _____
                      **ENTRY OF APPEARANCE**                Deputy Clerk

        Please enter the appearance of the undersigned Assistant
United States Attorney on behalf of William Caldwell in the above
captioned case.


                        Respectfully submitted,

                        DAVID M. BARASCH
                        United States Attorney

                        By: _____
                            ANNE K. FIORENZA
                            Assistant United States Attorney
                            Middle District of Pennsylvania
                            Federal Building
                            P.O. Box 11754
                            228 Walnut Street
                            Harrisburg, PA 17108-1754