IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GAIL GALLOWAY,<br>Plaintiff | :<br>:<br>: |
| v. | : Civil No. 1:CV-00-0649<br>: (Judge Rambo) |
| PENNSYLVANIA BOARD OF<br>PROBATION AND PAROLE<br>et al.,<br>Defendants | :<br>:<br>:<br>: |

FILED
HARRISBURG, PA

JAN 17 2001

MARY E. D'ANDREA, CLER
Per _____ Deputy Clerk

## MOTION FOR RECONSIDERATION

Gail Galloway, ("Plaintiff") asks the Court to reconsider dismissing his civil action against Defendants Pennsylvania Board of Probation and Parole, Charles Giornesto, Joseph Smith, Daniel Roberts, George Johnson, Arthur Thomas, K. Scott Roy, Thomas Ridge, William Ward, Sharon Burks, Seth Mendelsohn, Fred Jacobs, Neil Mechling, and James Morgan because of the complexity of a conspiracy to incarcerate Plaintiff as grounds to steal his son's property under the color of state law and then sell said property for their own personal gain. This action against these individuals who acted under color of state law should not be dismissed without allowing Plaintiff the opportunity for discovery and to file an amended complaint once the truth is ferreted out. The entire concept of 42 U.S.C.A. Section 1983 is to redress deprivations of rights under the color of law. Each individual in this action is sued for depriving Plaintiff of his Constitutionally protected rights which could only occur while these individuals were cloaked in their official positions, without their official position none of the actions could have taken place. "Defendant's motion for summary judgment ordinarily cannot be considered until Plaintiff has had some opportunity to conduct discovery." Fed. R. Civ.

P. Rule 56(b). *Vaughn v. Small Business Administration*, 65 F3d 1322 (6th Cir. 1995). "42 U.S.C.A. Sec 1983 covers unconstitutional acts under color of state law, whether that conduct be executive, legislative or judicial. Which means that everyone in state government is subject to Section 1983's force for the deprivation of any right by any state employee." *Monroe v. Pape*, 365 U.S. 167 (1961); *Mitchum v. Foster*, 407 U.S. 225 (1973). To defeat a motion to dismiss, Plaintiff must only show that he personally has suffered some actual or threatened injury. Plaintiff has shown several actual injuries in his complaint and should have been allowed to conduct discovery and file an amended complaint once more details of the complaint and the conspiracy have been developed by the Plaintiff. "The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is **'a short and plain statement of the claim'** that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) emphasis added. Fed. R. Civ. P. Rule 8(a)(2).

The actions of the individual defendants in this action was the result of a conspiracy to deprive Plaintiff of his Constitutionally protected rights. Defendant Giornesto conspired to file a known false report to Defendant Johnson and Smith. Defendant Smith, aside from the conspiracy with the other defendants, had **no** probable cause or reasonable suspicion to believe Plaintiff had violated any condition of his parole and Smith admitted that he had seized the property of Plaintiff's son taken in the warrantless forced entry search to see if any of it was stole (which none was) and this made Smith a "Stalking horse" for the police. "It is a matter of federal law and state law that parole and probation agents cannot act like 'stalking horses' for the police.:

*Com. v. Pickron*, 535 Pa 241, 247, 634 A.2d 1093, 1096. "It is only if the parole officer 'changed hats' and became stalking horses for the police that society's interest in the rehabilitation of a parolee is superseded by the parolee's privacy interests. **If and when that occurred, the subsequent search of the parolee's apartment without a search warrant was a violation of the parolee's Fourth Amendment rights**" *Com. v. Edwards*, 583 A.2d 445 emphasis added. When the defendants conspired to conduct a warrantless search to seize property which Plaintiff had no access to and no control over, they violated Plaintiff's protected liberty interest by a wrongful arrest and incarceration for 15 1/2 months. Defendants cannot violate the Constitutional rights of one person and use illegally seized property against another to deprive that person of his liberty interest without violating that persons Constitutional rights as well.

Since this case involves a complex conspiracy, it should not be hastily dismissed without the opportunity for full discovery and the filing of an amended complaint. "**At the pleading stage in civil rights cases, however, the Plaintiff's access to specific facts surrounding the defendants conduct is often severely limited. In addition conspiracy by its very nature is secretive. Thus, in view of Fed. R. Civ. P. 8(f), the court will liberally construe the allegations of the complaint concerning combinations of conspirators. The Third Circuit in Ammlung v. City of Chester, supra, takes the position that the combination element of conspiracy is pleaded with sufficient specificity if the complaint *merely alleges* that the defendant's 'conspired' or were involved in an agreement or combination.**" *Vasquez v. Ferre*, 404 F. Supp. 815, 822 (1975) emphasis added. Therefore, Plaintiff should be allowed to develop the

3

facts surrounding the conspiracy and allowed full discovery to prove his case. Plaintiff incorporates by reference "PLAINTIFF'S RESPONSE TO "BRIEF IN SUPPORT OF MOTION TO DISMISS FILED IN BEHALF OF DEFENDANTS BOARD, SMITH, ROBERTS, JOHNSON, THOMAS, ROY, RIDGE, WARD, BURKS, MENDELSOHN, JACOBS, MECHLING, AND MORGAN." dated July 18, 2000.

Plaintiff contends that **no action should be dismissed against any defendant** in this case until full discovery has been made and/or Plaintiff given the opportunity to file an amended complaint. Also, there has been no response since Plaintiff served a John Doe complaint against the unknown corrections officer, who with others, denied Plaintiff medical care for a heart problem. The defendants have not provided the name of these persons and discovery is required to ascertain the details. Also, defendant's Marlene Stewart and Defendant Congelio, full name not known, had been joined in the complaint on April 15, 2000 for their actions to deprive Plaintiff of his Constitutional rights.

Therefore, Plaintiff requests that the action against **any and all** defendants in this civil case not be dismissed until Plaintiff has had some opportunity for discovery and the opportunity to file an amended complaint. If this Motion is denied by the Court, then this Motion shall be Plaintiff's Notice of Appeal in this case.

Respectfully submitted,

*Gail Galloway*
Gail Galloway
R.D. #1, Box 30
Petersburg, PA 16669

January 12, 2001

Plaintiff, *pro se*
814-669-9164

4