IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GAIL GALLOWAY,<br><br>    Plaintiff,<br><br>v.<br><br>PENNSYLVANIA BOARD OF<br>PROBATION AND PAROLE et al.,<br><br>    Defendants. | CIVIL NO. 1:CV-00-0649<br><br>FILED<br>HARRISBURG, PA<br><br>JAN 22 2001<br><br>MARY E. D'ANDREA, CLERK<br>Per _____<br>      Deputy Clerk |

## ORDER

Before the court is Plaintiff's motion for reconsideration of this court's memorandum and order dated January 2, 2001. Said order granted the motions of Defendants Smith, Roberts, Johnson, Thomas, Roy, Ridge, Ward, Burkes, Mendelsohn, Jacobs, Mechling, Morgan, Pennsylvnia Board of Probation and Parole, Giornesto, and Caldwell to dismiss Plaintiff's claims against those defendants.

    A motion for reconsideration is not to give a litigant a second bite of the apple to reargue his position. It is well settled that a court will grant a motion for reconsideration only "to correct manifest errors of law or fact or to . . . [consider] newly discovered evidence." Harsco Corp v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986). Thus, unless new evidence has come to light which, had such evidence been discovered previously, could have affected a court's decisions, or unless the law on an issue has changed since the court's consideration of that issue, a motion for reconsideration is not proper.

    Plaintiff's motion for reconsideration also states that "Marlene Stewart and Defendant Congelio . . . had been joined in the complaint on April 15, 2000 for their actions to deprive Plaintiff of his Constitutional rights." However, there are no

documents in the case file reflecting an amendment to Plaintiff's complaint that adds either of these individuals as defendants.

Accordingly, **IT IS HEREBY ORDERED THAT** Plaintiff's motion for reconsideration is **DENIED**.

_____
SYLVIA H. RAMBO
United States District Court Judge

January 22, 2001

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

January 22, 2001

Re: 1:00-cv-00649    Galloway v. Pennsylvania Board o

True and correct copies of the attached were mailed by the clerk to the following:

Gail J. Galloway
R.D. #1, Box 30
Petersburg, PA  16669

Peter M. McManamon, Esq.
Henry, Corcelius, Gates, Gill & Ody
200 Penn Street
P.O.Box 383
Huntingdon, PA  16652

```
cc:
Judge                         (X )
Magistrate Judge              (  )
U.S. Marshal                  (  )
Probation                     (  )
U.S. Attorney                 (  )
Atty. for Deft.               (  )
Defendant                     (  )
Warden                        (  )
Bureau of Prisons             (  )
Ct Reporter                   (  )
Ctroom Deputy                 (  )
Orig-Security                 (  )
Federal Public Defender       (  )
Summons Issued                (  ) with N/C attached to complt. and served by:
                                   U.S. Marshal ( )    Pltf's Attorney ( )
Standard Order 93-5           (  )
Order to Show Cause           (  ) with Petition attached & mailed certified mail
                                   to: US Atty Gen    ( )   PA Atty Gen    ( )
                                       DA of County   ( )   Respondents    ( )

Bankruptcy Court              (  )
Other_____     (  )
```

MARY E. D'ANDREA, Clerk

DATE: January 22nd, 2001                         BY: _____