ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GAIL GALLOWAY,                :    CIVIL NO. 1:CV-00-0649
         Plaintiff            :
                              :
vs.                           :
                              :
PENNSYLVANIA BOARD OF         :
PROBATION AND PAROLE, et al,  :    HONORABLE SYLVIA H. RAMBO
         Defendants           :

FILED
HARRISBURG
APR 16 2001
MARY E. D'ANDREA, CLERK
Per_____ DEPUTY CLERK

DEFENDANT ROBERT B. STEWART'S
STATEMENT OF MATERIAL FACTS AS TO
WHICH THERE ARE NO GENUINE ISSUES TO BE TRIED

Pursuant to Middle District Local Rule 56.1, Defendant Stewart states that the following facts are material to this case and are not generally in dispute:

1. Plaintiff filed a Complaint seeking money damages pursuant to the Civil Rights Act of 1964, 42 USC Section 1983 on April 14, 2000.

2. Plaintiff was convicted of a non-violent crime in 1991 for which he was incarcerated in November 1992.

3. On September 14, 1994 Plaintiff was released on parole.

4. Plaintiff resided in Petersburg, Pennsylvania with his wife and 27 year old son, David.

5. On June 1, 1998 a search and seizure of various weapons was conducted at Plaintiff's residence. Plaintiff's parole was revoked, and he was imprisoned for 15 ½ months as a result of the parole violation.

6. Plaintiff's Complaint alleges that his constitutional rights and his son's constitutional rights were violated by the search and seizure which took place on June 1, 1998.

7. Plaintiff alleged that various officials of the Board of Probation and Parole were involved in a conspiracy to cover up the unlawful search and seizure.

8. Plaintiff alleges that he was mistreated while incarcerated at SCI Smithfield and SCI Waynesburg.

9. Plaintiff alleges that Defendant Stewart, the District Attorney for the County of Huntingdon, conspired with Defendant Seth Mendelsohn to forfeit the weapons which were seized on June 1, 1998.

10. Plaintiff alleges that Defendant Stewart conspired with Defendant Judge William Caldwell to have Defendant locked in solitary confinement and to deny Plaintiff due process (by having a habeas corpus petition dismissed).

11. The Commonwealth Defendants filed a Motion to Dismiss on June 21, 2000.

12. Defendant Stewart also filed a Motion to Dismiss.

13. On January 2, 2001, the Court entered an Order dismissing all of Plaintiff's claims against all Defendants except Defendant Stewart. The Court dismissed any claims against Stewart based on the forfeiture action. However, the Court did not dismiss the claims against Stewart based on an alleged conspiracy with Defendant, Judge William Caldwell.

14. Plaintiff's only remaining claim is based on allegations that Defendant Stewart acted improperly or inappropriately during the litigation of Plaintiff's Petition for Habeas Corpus.

15. Plaintiff's specific allegations against Defendant Stewart are: 1) that he conspired with Defendant Caldwell to have Plaintiff placed in solitary confinement; and 2) that he did not receive various filings of Defendant Stewart's during the litigation of the habeas corpus petition.

Respectfully submitted,

GILL ODY & McMANAMON

_____
Peter M. McManamon
Supreme Court ID No. 43235
200 Penn Street
Huntingdon, PA 16652
814/643-2460
Attorney for Defendant Robert B. Stewart

## CERTIFICATE OF SERVICE

A certified, true and correct copy of the foregoing Statement of Material Facts was served on all interested parties listed below by sending same first class mail, postage prepaid on April 13, 2001 to the following addresses:

Gail Galloway
RD #1, Box 30
Petersburg, PA  16669

_____
Peter M. McManamon