

ORIGINAL
2 to cv

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GAIL GALLOWAY, | : | CIVIL NO. 1:CV-00-0649 |
| Plaintiff | : | |
| | : | |
| vs. | : | |
| | : | |
| PENNSYLVANIA BOARD OF | : | |
| PROBATION AND PAROLE, et al, | : | HONORABLE SYLVIA H. RAMBO |
| Defendants | : | |

FILED
HARRISBURG
APR 16 2001
MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

## DEFENDANT ROBERT B. STEWART'S
## BRIEF IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT

**Procedural Background**

Plaintiff filed this civil rights action pursuant to 42 USC Section 1983 on April 14, 2000. He originally named numerous employees of the Board of Probation and Parole, the Department of Corrections, Judge William Caldwell and Robert B. Stewart as Defendants.

All of the Defendants filed Motions to Dismiss the Case in June of 2000.

The Court by Order dated January 2, 2001 dismissed all of Plaintiff's claims against all defendants, except for Defendant Robert B. Stewart.

The Court did not grant Defendant Stewart's Motion to Dismiss Plaintiff's Complaint regarding certain claims that Plaintiff had made concerning a denial of due process in a habeas corpus action which Plaintiff had filed in 1999.

**Statement of Facts**

The only remaining claim in this action is Plaintiff's claim that Defendant Stewart conspired with Judge William Caldwell to deny him due process of law in a habeas corpus matter which Plaintiff had filed in 1999.

Specifically, Plaintiff alleges that Defendant Stewart conspired with Judge Caldwell to have Plaintiff placed in solitary confinement at SCI Smithfield while Plaintiff awaited a parole revocation hearing. He also alleges that the habeas corpus petition was decided without his having an opportunity to receive or reply to all documents filed by Robert B. Stewart.

**Argument**

Defendant Robert B. Stewart is the District Attorney for the County of Huntingdon. Moreover, Defendant Stewart was District Attorney at all times relevant to Plaintiff's claim.

Plaintiff in his Complaint alleges that Defendant Stewart acted improperly during the litigation of a Habeas Corpus Petition filed by Plaintiff.

Defendant Stewart as the District Attorney of Huntingdon County is entitled to "absolute prosecutorial immunity". **See, Imbler v. Pachtman, 424 U.S. 409, 96 S. Ct. 984, 47 L.Ed.2d 128 (1976).** Stewart is entitled to such immunity when he acts in a "quasi-judicial" role, such as participation in court proceedings and other conduct "intimately associated with the judicial phases" of litigation. **See, Giuffre v. Bissell, 31 F.3d 1241, 1251 (3rd Cir. 1994). See also, Carter v. City of Philadelphia, 181 F.3d 339, 355 (3rd Cir. 1999).**

Plaintiff's sole remaining claim against Defendant Stewart is based on alleged actions or inactions of Stewart in connection with the litigation of the habeas corpus action in a natural extension of his prosecutorial duties and obligations as District Attorney.

The Plaintiff does not make any allegations that Defendant Stewart acted outside the scope of his duties as prosecutor, nor does he allege any facts that would indicate that Defendant Stewart was acting in any capacity other than as a prosecutor.

Accordingly, Plaintiff's last remaining claim against Defendant Stewart should be dismissed as a result of Defendant Stewart's entitlement to absolute immunity.

Even if the Court was to find that Stewart is not entitled to absolute immunity under **Imbler, supra.** He is still entitled to qualified immunity. As a government official,

Defendant Stewart would be entitled to qualified immunity as long as his behavior was "objectively reasonable" in light of the constitutional rights affected. **Imbler, supra.**

The behavior which Plaintiff complains of is: 1) he somehow caused Plaintiff to be detained in solitary confinement at SCI Smithfield; and 2) he somehow prevented Plaintiff from receiving and responding to documents in the habeas corpus proceeding.

First of all, Defendant Stewart as a County official has no influence or authority over the state officials or employees who operate SCI Smithfield. If the Plaintiff was incarcerated in the holding cell, Defendant Stewart had nothing to do with it.

Plaintiff's habeas corpus action because it was filed pro se was given considerable latitude. (See Civil Action No. 3 CV 92-1628 U S District Court Middle District). At one point the proceeding was stayed while the Plaintiff pursued state remedies which he had not exhausted. Moreover, the matter was reviewed by the 3rd Circuit Court of Appeals (See Docket No. 99-7005).

In order for Plaintiff to defeat Defendant Stewart's assertion of qualified immunity, he must show that Defendant Stewart acted with deliberate indifference as to Plaintiff's constitutional rights.

Plaintiff does not even allege or assert that Defendant Stewart acted with deliberate indifference nor has he or can he produce facts to suggest that Defendant Stewart has acted with deliberate indifference.

**Conclusion**

For all of the above reasons, Defendant Stewart respectfully requests this Honorable Court to grant his Motion for Summary Judgment.

Respectfully submitted,

GILL ODY & McMANAMON

_____
Peter M. McManamon
Supreme Court ID No. 43235
200 Penn Street
Huntingdon, PA  16652
814/643-2460
Attorney for Defendant Robert B. Stewart

## CERTIFICATE OF SERVICE

A certified, true and correct copy of the foregoing Brief in Support of Motion for Summary Judgment was served on all interested parties listed below by sending same first class mail, postage prepaid on April 13, 2001 to the following addresses:

Gail Galloway
RD #1, Box 30
Petersburg, PA 16669

_____
Peter M. McManamon