$2 + ct$

# ORIGINAL

●

$39$
$4/23/$

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GAIL GALLOWAY, | : | |
| **Plaintiff,** *pro se* | : | CIVIL NO. 1:CV-00-0649 |
| | : | |
| v. | : | **(Judge Rambo)** |
| | : | |
| PENNSYLVANIA BOARD OF | : | |
| PROBATION AND PAROLE, *et al.,* | : | |
| **Defendants** | : | |

FILED
HARRISBURG

APR 2 0 2001

MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

### PLAINTIFF'S RESPONSE TO DEFENDANT ROBERT B. STEWART'S MOTION FOR SUMMARY JUDGMENT

Gail Galloway, ("Plaintiff"), contends that there are true issues to be tried by a jury and summary judgment should not be granted.  Defendant Stewart has done everything conceivable to avoid his responsibility and has thumbed his nose at the Court by refusing to comply with the Federal Rules of Civil Procedure and the Order of the Court.  Plaintiff served his First Set of Interrogatories upon Defendant Stewart on February 27, 2001 and again Defendant Stewart has refused all contact with Plaintiff and has, by his actions of not timely answering the Interrogatories, refused to answer the Interrogatories according to the Federal Rules of Civil Procedure.

Defendant Stewart's Motion to dismiss was denied and now Defendant Stewart has flatly refused to comply with the Court Ordered discovery and has refused to answer Plaintiff's Interrogatories.  Now Defendant Stewart has filed a Motion for Summary Judgment.

Plaintiff has made allegations that Defendant Stewart acted outside the scope of his duties as prosecutor.  Plaintiff alleges that a conspiracy existed and still exists to deliberately deny Plaintiff due process of law as guaranteed by the Constitutions of

Pennsylvania and the United States.

The facts of the case are that just as Plaintiff's Habeas Corpus Petition was about to become active in the District Court, Plaintiff was set up by a known false report and warrantless search of an innocent person's property and subsequent warrantless seizure of that person's property which was then used against Plaintiff for a bogus parole violation. To be immune, prosecutors must be performing acts "intimately associated with the judicial phase of the criminal process." *Imler v. Pachtman*, 424 U.S. 409, 430 (1976). Conspiring to deny due process to a person is not within the scope of a prosecutors official duties. "Immunity from suit for damages depends on the nature of the function performed, not the identity of the actor who performed it." *Buckley v. Fitzsimmons,* 113, S. Ct. 2606, 2613. The conspiracy began with the known false story filed by a gun dealer parole agent that Plaintiff's son David Galloway had inquired about buying Plaintiff a rifle for his birthday. This report has been proven to be false, but was used as a basis to perform a warrantless search on Plaintiff which included the physical forced entry into David Galloway's locked room that Plaintiff had no access to and no control over. The entire incident was part of the overall conspiracy to get Plaintiff out of the way so the Habeas Corpus Petition could be shuffled quietly through the District Court and denied without Plaintiff being able to present the facts. As part of the conspiracy, Plaintiff was taken to the State Correctional Institution in Smithfield for the bogus parole violation and placed in solitary confinement in the hole with no access to legal material.

While Plaintiff was incarcerated at SCI Smithfield, legal material was taken from his cell during a visit which severely hindered Plaintiff's ability to do any legal work and

this was in furtherance of the conspiracy to deny Plaintiff due process of law. Defendant Stewart has connections with personnel at SCI Smithfield which is less than a mile from his office. "Legal material confiscation may violate the First Amendment; motions for summary judgment on qualified immunity denied." *Weiler v. Purkett*, 104 F.3d 149 (8th Cir. 1997).

The major events of the conspiracy was Defendant Stewart conspiring with Defendant Caldwell to have the Habeas Corpus Petition denied while denying Plaintiff the opportunity to present any information or rebut anything filed by Defendant Stewart. This portion of the conspiracy took place when Defendant Stewart filed documents and other forms and papers, motions, etc. with Defendant Caldwell and never served a copy of what was filed upon the Plaintiff. As a result of the conspiracy to deny Plaintiff due process, Plaintiff never received anything filed by Defendant Stewart and this caused an extreme prejudice to Plaintiff since Plaintiff could not answer or rebut anything Defendant Stewart filed. This conspiratorial action was a Constitutional violation of Plaintiff's right to due process, a violation of the code of ethics governing actions of all attorneys, and a violation of court procedures. Plaintiff, as the opposing party acting *pro se*, should have been served copies of all court filings made by Defendant Stewart in the Habeas Corpus matter. In furtherance of the conspiracy, Defendant Caldwell refused to order Defendant Stewart to serve copies of all filings upon Plaintiff which caused prejudice and a denial of due process. Defendant Caldwell subsequently ruled that Plaintiff was denied due process in his original trial but refused to grant any relief requested and as part of the conspiracy refused to rule on the

other primary issues of the Habeas Corpus petition that should a clear case of a deliberate miscarriage of justice.  Defendants Stewart's actions fall beyond the aspects of deliberate indifference and into the category of a conspiracy to deliberately obstruct justice and deny Plaintiff the Constitutionally protected rights to due process of law.  These actions are not within the realm of reason and not within the realm of the official duties of a prosecutor that are "intimately associated with the judicial phase of the criminal process."

Therefore, since Defendant Stewart was acting far outside the scope of his authority and official duties in the conspiracy to obstruct justice and deny Plaintiff due process of law, Defendant Stewart's Motion for Summary Judgment should be denied and the case presented to a jury.  Defendant Stewart should also be Ordered to Comply with the Court and Federal Rules of Civil Procedure and answer Plaintiff's Interrogatories which failure to answer is in itself a furtherance of the conspiracy to deny Plaintiff due process of law.  Defendant Stewart has forfeited any claim of immunity by his actions to obstruct justice, violate court procedures, and deny Plaintiff due process of law, all of which Defendant Stewart did with a gross deliberate indifference toward Plaintiff's Constitutional rights and due process of law.  "Damages are appropriate in cases of reckless or callous disregard for Plaintiff rights or intentional violations of Federal law."  *U.S v. Balistrieri*,  981 F.2d 916 (7th Cir. 1992).  Plaintiff should be granted a new Habeas Corpus action or the damages as to be determined by a jury for the deliberate denial of due process and the conspiracy to deny Plaintiff his Constitutional rights as guaranteed to every other person in the United States.

Defendant Stewart claims that Plaintiff's Habeas Corpus action was given

considerable latitude.  This is not true.  There was proof available of the prosecution deliberately withholding evidence and then committing perjury on the witness stand that the evidence withheld would have proved was a lie.  There were numerous other things including prosecutorial misconduct when the prosecutor made a big issue to the jury that Plaintiff made no statements to police after his arrest in order to downplay Plaintiff's testimony about how he purchased the items reported to have been stolen. Plaintiff's Constitutional rights were violated and there is substantial case law that the prosecutor may not make reference to a defendant's silence after arrest to add a stigma of guilt.  The jury was also given an incorrect definition of conspiracy by the judge which cause confusion with the jury since the prosecutor in his closing gave a different definition of conspiracy.  The jury came back to have conspiracy redefined and the judge again gave an erroneous instruction which was again objected to.  These are just a couple areas of the many that were presented to the court to show Plaintiff was denied a fair trial and of all the Constitutional violations that would justify overturning the wrongful conviction, Defendant Caldwell in furtherance of the conspiracy with Defendant Stewart, refused to even consider any except one, that was the erroneous instruction given to the jury on conspiracy.  Defendant Caldwell agreed that a Constitutional due process violation existed, but as part of the conspiracy failed to grant the relief requested.  United States Supreme Court opinions abound with rulings overturning wrongful convictions containing the exact same Constitutional violations that existed in Plaintiff's trial. However, since Plaintiff is *pro se* because he cannot afford an attorney, the courts dismiss the filings without careful consideration that would be given to papers filed by

an attorney. Defendant Stewart, as an officer of the Court is deemed to know the law and ethic of his conduct. When he steps into areas outside his duties and authority and outside the ethical standards of lawyers, he forfeits any claimed immunity and is responsible for his actions. "Court can deny summary judgment where fuller factual development is necessary." *Kennedy v. Silas Mason Co.*, 68 S. Ct. 1031 (1948). "Defendants Motion for summary judgment ordinarily cannot be considered until Plaintiff has had some opportunity to conduct discovery." Federal Rules of Civil Procedure, *Vaughn v. Small Business Administration*, 65 F.3d 1322 (6th Cir. 1995). "Tort defendants, including those sued under ss 1983 are 'responsible for the natural consequences of [their] actions.'" *Malley v. Briggs*, 475 U.S. 335, 106 S. Ct. 1092, 1098 n.7.

Therefore, Defendant Stewart's Motion for Summary Judgment should be denied in its entirety and Plaintiff allowed to conduct discovery with Defendant Stewart ordered to comply with the Federal Rules of Civil Procedure and the case allowed to continue before a jury as triers of fact.

Respectfully submitted,

Gail Galloway
R.D.#1, Box 30
Petersburg, PA 16669
814-669-9164

Date: April 17, 2001

## CERTIFICATE OF SERVICE

I certify that I have this day served a true and correct copy of the foregoing document upon the persons named below by First Class United States Mail at the address stated, which is the last known address of each.

Peter McManamon
200 Penn Street
Huntingdon, PA  16652

Gail Galloway
R.D.#1, Box 30
Petersburg, PA  16669
814-669-9164

Date:  April 17, 2001