ORIGINAL

FILED
HARRISBURG

JUN 0 1 2001

MARY E. D'ANDREA, CLERK
Per
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GAIL GALLOWAY, | : | CIVIL NO. 1:CV-00-0649 |
| **Plaintiff** | : | |
| | : | |
| vs. | : | |
| | : | |
| PENNSYLVANIA BOARD OF | : | |
| PROBATION AND PAROLE, et al, | : | HONORABLE SYLVIA H. RAMBO |
| **Defendants** | : | |

## DEFENDANT STEWART'S BRIEF IN OPPOSITION
## TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY

**FACTUAL BACKGROUND:**

Plaintiff filed this civil rights action pursuant to 42 USC Section 1983, on April 12, 2000. He named numerous employees of the Board of Probation and Parole and the Department of Corrections, along with Judge William Caldwell and Robert B. Stewart, as Defendants.

In his Complaint, the Plaintiff raised numerous claims that were raised in a civil action filed by his son, David Galloway, in the Middle District of Pennsylvania at Civil No: 1:CV-99-1868 (Gail Galloway is a named defendant in that action). The claims arose out of a search and seizure conducted by the Pennsylvania Board of Probation and Parole at Plaintiff's home.

In June of 2000, all of the Defendants in this matter filed Motions to Dismiss. By Order dated January 2, 2001, the Court dismissed al of the Plaintiff's claims against all defendants, except for Robert B. Stewart. The Court did not grant Defendant Stewart's Motion to Dismiss as to certain claims made by Plaintiff regarding a denial of due process in a habeas corpus action which Plaintiff filed on December 28, 1992. The Plaintiff appealed the Court's decision to the Third Circuit of Appeals. Plaintiff filed his Notice of Appeal on January 29, 2001.

While the matter was still pending on appeal, Plaintiff sent a set of interrogatories to Defendant Stewart requesting information on a habeas corpus action which had already been litigated and decided.

In the meantime, Plaintiff's son's case was moving towards settlement. In fact, Plaintiff attended a settlement conference held at Magistrate Judge Smyder's office on April 23, 2001. Plaintiff attended with his son and was actively involved in the negotiations but not as a defendant.

Since many of the same issues were raised by Gail Galloway and David Galloway in their civil actions, Defendant Stewart believed it reasonable to conclude that settlement of one suit would also resolve the other.

Unfortunately, Plaintiff then filed his Motion to Compel.

**ARGUMENT.**

    **I.**    **PLAINTIFF'S MOTION TO COMPEL SHOULD NOT BE GRANTED.**

        **A.**    **Plaintiff Has Not Acted In Good Faith.**

Motions to compel discovery in the United States District Court for the Middle District Court for the Middle District of Pennsylvania are governed by Fed.R.Civ.P. 37 and Local Rule 26.3 (LR 26.3).  LR 26.3 provides:

> Counsel for movant in all discovery motions shall file with the motion a statement certifying that counsel has conferred with counsel for the opposing party in good faith effort to resolve by agreement the issued raised by the motion without the intervention of the court, together with a detailed explanation why such agreement could not be reached.  If part of the issues raised by the motion have been resolved by agreement, the statement shall specify the issues so resolved and the issues remaining unsolved.

Fed.R.Civ.P. 37 permits a party seeking discovery to move for an order compelling a response to a discovery request.  The Motion must include a certification that the moving party in good faith conferred or attempted to confer with the

nonresponsive party in an effort to resolve the discovery dispute without court action. **See** Fed.R.Civ.P. 37(a)(2)(B).  Rule 37(a)(2)(B) requires certification and performance. First, the moving party must certify that it made a good faith attempt to resolve the dispute informally,  Second, the moving party must actually have made a good faith attempt at informal resolution.

Rule 37(a)(2)(B) does not specify what must be included in the certification.  Nor does it define what must be done to make a good faith attempt to resolve disputes without court intervention.  Therefore, reliance on federal case law is appropriate.

The leading federal case on this subject **is *Shuffle Master, Inc. v. Progressive Games, Inc.,* 170 F.R.D. 166 (D.Nev. 1996).  *Shuffle Master*** provided helpful guidance for certification and performance requirements.  First, on certification, the court noted that this requirement will not be satisfied if the moving party merely makes a cursory assertion that counsel have been "unable to resolve the matter."  ***Shuffle Master****,* 170 F.R.D. at 171.  Instead, the certification must set forth specific facts (1) identifying the parties who conferred or attempted to confer, (2) stating how they communicated, (3) specifying the dates and times of their discussions, (4) describing the specific discovery disputes discussed, and (5) stating the results of these discussions or explaining why discussions were not held.  *Id*.

On the performance requirement, the moving party must have attempted in good faith to engage in direct, two-way communication with nonresponsive party in a genuine effort to avoid judicial intervention.  *Id.*  Good faith requires an honest attempt to discuss

the discovery dispute in a meaningful way, the absence of any intention to defraud or abuse the discovery process, and faithfulness to the obligation to attempt to secure information without court action. *Id.* Communication must be in person or by telephone, and the parties must engage in a meaningful dialogue intended to resolve the dispute without turning to the court. *Id.* at 72.

In *Shuffle Master,* the court found that the moving party failed to satisfy both the certification and performance requirements and, therefore, was not entitled to an order to compel. The certification accompanying the motion to compel stated only that "after personal consultation and a sincere effort to do so, counsel have been unable to satisfactorily resolve the matter." *Id.* This was insufficient, the court said, to show that the movant in good faith conferred or attempted to confer with the opposing party to secure discovery without court action. *Id.*

The movant's attempt to resolve the discovery dispute was also deemed inadequate. It consisted of a single telephone call to the opposing counsel and the transmission of four facsimiles. The movant simply demanded that the opposing party supplement its responses to original discovery requests. The court determined that such demands do not amount to a meaningful discussion or a good faith attempt to reach a solution.

In *Tri-Star Pictures, Inc. v. Unger,* **171 F.R.D. 94 (S.D.N.Y. 1997),** the United States District Court for the Southern District of New York denied a motion to compel discovery of documents based on its determination that the moving party failed to meet

the meet-and-confer requirements of the Federal and local rules.  The moving party attempted to prove good faith efforts by providing the court with two affidavits.  The first provided that the party had conferred with the opposing counsel " in a good faith effort to resolve" their outstanding disputes.  *Tri-Star,* **181 F.R.D. at 99.**  In the second affidavit, the movant attached copies of four letters from the opposing counsel that evidenced the meet and confer process to resolve the dispute.  *Id.*    The Court determined that neither affidavit informed the court of the substance of any prior conferences, "such as the positions taken by each side in attempting to resolve their disputes, the extent to which the parties compromised these positions, and why the parties' negotiations proved unsuccessful." *Id.*

Additionally, the court noted that the moving party failed to meet the good faith requirements by failing to wait until the opposing party completed its document production.  The movant relied on the opposition's preliminary objections to document requests as definitive statements of its refusal to comply with those requests.  *Id.* at 100.  "Disagreement, however, is an obvious precursor to negotiated compromise, and thus, is a necessary component of the meet-and-confer prerequisite to bringing a motion to compel." *Id.*  Like the *Shuffle Master* court, this court determined that opposition to a demand does not merit court involvement in a discovery dispute.  Instead, such disagreements are precisely why there is a requirement of good faith effort to resolve disputes.

Applying the standards followed in **Shuffle Master** and **Tri-Star** to the facts of our case leads to the conclusion that Plaintiff's motions to compel should be denied. In short, Plaintiff has filed to meet both the certification and performance requirements. In his motion to compel Plaintiff has not certified the specific facts required by the **Shuffle Master** court. Specifically, Plaintiff has failed to certify the following: identification of the parties who conferred or attempted to confer, statement of how they communicated, specification of the dates and times of their discussions, description of the specific discovery disputes discussed, and statements of the results of these discussions, or explaining why discussions were not held. Instead, Plaintiff has merely asserted that Defendant has failed to satisfy his discovery demands. Consequently, Plaintiff has failed to meet the certification requirements of Fed.R.Civ.P. 37 and LR 26.3.

Plaintiff has also failed to meet the performance requirements of Fed.R.Civ.P. 37. Specifically, Plaintiff has filed to make a good faith attempt to engage in direct two-way conversation with Defendant in a genuine effort to avoid judicial intervention. Quite the contrary, like the moving party in **Shuffle Master**, Plaintiff has simply demanded discovery and moved for an order to compel when Defendant questioned the requested discovery.

Therefore, Plaintiff has failed to meet the performance requirements of Fed.R.Civ.P. 37.

## II. PLAINTIFF'S DISCOVERY REQUEST IS IRRELEVANT AND OBJECTIONABLE.

Defendant Stewart has attached a copy of his Answers to Plaintiff's Interrogatories as an Exhibit hereto.

Plaintiff requests information regarding a habeas corpus petition which was filed ten (10) years ago.  He is attempting to re-litigate the issues raised in the habeas corpus petition.  However, the issues were thoroughly litigated before the District Court and before the Third Circuit Court of Appeals.

Moreover, Plaintiff's request are overly broad and burdensome.  Many interrogatories ask for information that is a matter of public record and is not in the possession of Defendant Stewart.  Many requests ask for "all communications or documents" "relevant to" or "connected with" Plaintiff's habeas corpus petition.  Such broad requests are impossible to respond to and indicative of the fact that Plaintiff is simply engaging in a "fishing expedition".

Finally, Defendant Stewart believed that settlement of the issues relating to the search and seizure of the Plaintiff's home as raised by Plaintiff and by his son, David, in a separate action would obviate the need for discovery.

### III.    PLAINTIFF'S REQUESTS FOR SANCTIONS SHOULD NOT BE GRANTED.

Plaintiff has requested that Defendant be sanctioned for his costs associated with making his motions to compel. Fed.R.Civ.P. 37(a)(4)(A) provides that such relief is not appropriate when the court "finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action." Defendant asserts that Plaintiff is not entitled to sanctions because he failed to make a good faith effort to resolve the discovery disputes at issue before turning to the Court.

Respectfully submitted,

GILL ODY & McMANAMON

_____
Peter M. McManamon
Supreme Court ID No. 43235
200 Penn Street
Huntingdon, PA  16652
814/643-2460
Attorney for Defendant Robert B. Stewart

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GAIL GALLOWAY,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | **No. 1:CV-00-0649** |
| **v.** | : | |
| | : | **(Judge Rambo)** |
| **PENNSYLVANIA BOARD OF** | : | |
| **PROBATION AND PAROLE,** | : | |
| *et al.,* | : | |
| **Defendants** | : | |

### PLAINTIFF'S FIRST SET OF INTERROGATORIES PROPOUNDED UPON THE DEFENDANT
### AND ANSWERS THERETO

TO:    ROBERT B. STEWART, III

**PLEASE TAKE NOTICE:**  You are hereby requested, pursuant to the Federal Rules of Civil Procedure, to file and serve upon Gail Galloway, ("Plaintiff") at the address listed below, within thirty (30) days from the service hereof, your Answers, IN WRITING AND UNDER OATH, to the following Interrogatories.  These Interrogatories shall be deemed as ongoing.  If, between the time of your Answers to the herein Interrogatories, and the time of trial in this case, you or anyone acting in your behalf, obtains or becomes aware of additional requested information not supplied herein, you shall **immediately** furnish the same to the Plaintiff by way of Supplemental Answers.

These Interrogatories are addressed to you, and your Answers shall be based upon your knowledge, information, or belief, whether or not such knowledge is firsthand.

The hereto attached "DEFINITIONS AND INSTRUCTIONS" are incorporated into the attached Interrogatories, and you shall retain these Instructions for

future use as the PLAINTIFF WILL NOT SUPPLY ADDITIONAL COPIES.

Respectfully submitted by:

*Gail Galloway*

Gail Galloway
R.D.#1, Box 30
Petersburg, PA  16669
(814) 669-9164

Date:    February 27, 2001

## INTERROGATORIES

1.    State your full name and address

```
Robert B. Stewart, III
300 Penn Street
Huntingdon, PA  16652
```

2.        Identify and delineate about all documents and communications between you and <u>anyone,</u> including persons associated with Mead Products, Pennsylvania Board of Probation and Parole, Office of Attorney General, and Pennsylvania Department of Corrections concerning Plaintiff's habeas corpus petition.

```
Plaintiff's request is overly broad and undly burdensome in that
it requests all documents and communications between Defendant
Stewart and "anyone" (emphasis added).

To the extent that Plaintiff is requesting information about
communications between Defendant Stewart and Mead, the Office
of Attorney General, the Pennsylvania Department of Corrections
and the Pennsylvania Board of Probation and Parole, Defendant
can provide the following:

Defendant Stewart did not have any contact or communication
with anyone from Mead Corporation, the Office of Attorney General,
the Pennsylvania Department of Corrections, or the Pennsylvania
Board of Probation and Parole regarding Plaintiff's habeas
corpus petition which was filed in 1992.
```

3.       Identify and delineate about all documents and communications between you and the U.S. District Court and Judge William Caldwell including any and all phone calls concerning Plaintiff's habeas corpus petition.

> Defendant Stewart had no direct contact with Judge William Caldwell regarding the habeas corpus. Any contact with Judge Caldwell was made through counsel or through filing court documents.

4.       Identify all documents and communications you submitted to the U.S. District Court concerning the erroneous jury instruction on conspiracy by Judge Newton Taylor at Plaintiff's trial and how this erroneous jury instruction, that was objected to, did not confuse the jury and cause Plaintiff to be denied due process.

> Defendant Stewart, through counsel, provided the Court with a copy of the transcript of Judge Taylor's jury instruction.

5.     Fully delineate on what you filed as an answer to the U.S. District Court's question to show how and why the erroneous jury instruction on conspiracy did not prejudice Plaintiff and was this answer complete and covering the legal definition of conspiracy and directly answering the question asked by the Court.

        Defendant Stewart's response is in the record at Docket No. 3:CV-92-1628 of the United States District Court for the Middle Distict of Pennsylvania.

6.     Fully describe the law of conspiracy as used at Plaintiff's trial including any errors made by Judge Newton Taylor in his instructions to the jury concerning the law of conspiracy and the objection of counsel to the erroneous conspiracy instructions to the jury.

        A copy of the transcript of the Plantiff's trial is available and Defendant will produce the same upon request.  Otherwise, Plaintiff's request seeks information other than factual information which is beyond the scope of interrogatories.

7.       Fully delineate why Plaintiff was denied the opportunity to be heard on all
the issues presented to the U.S. District Court in Plaintiff's habeas corpus
petition, include full detailed answers for each issue presented to the Court
by Plaintiff and why each was not considered.

    Objection.

    Defendant Stewart believes that Plaintiff had every opportunity
    to be heard regarding all issues in his habeas corpus petition.
    Even if an issue were not considered Defendant Stewart has no
    information as to why such an issue would not be considered.

8.       Fully delineate all documents and communications with anyone
concerning any and/or all the issues presented to the Court in Plaintiff's habeas
corpus petition.

    Objection.

    Defendant believes the request contained herein is overly
    broad and burdensome.

9.    Identify and delineate about all documents and communications you filed with the U.S. District Court concerning Plaintiff's habeas corpus petition that you did not serve on Plaintiff and the reason why Plaintiff was not served.

```
All documents filed by Defendant Stewart in the habeas corpus
action were served upon Plaintiff or mailed to his place of
incarceration.
```

10.    Fully delineate and describe how Plaintiff was **not prejudiced** by you filing answers, motions, papers, and/or documents with the U.S. District Court in opposition to Plaintiff's habeas corpus petition and not serving a copy upon Plaintiff who was *pro se* in the handling of his habeas corpus petition, including if it is required by any law or court rules to serve the opposing party copies of anything filed into the court in a case involving the opposing party

```
Objection.

Plaintiff's question contains a mis-statement of facts.
Plaintiff was provided with copies of all documents filed by
Defendant Stewart.
```

11.   Delineate the date you were first informed that Plaintiff's habeas corpus petition was active on the U.S. District Court's docket for action and identify all documents and communications relevant to the habeas corpus petition.

> Defendant first became aware of the habeas corpus petition when a copy was served on him in January 1993.
>
> Plaintiff's request to identify all documents and communications relevant to the habeas corpus petition is overly broad and burdensome.

12.   Identify and delineate all documents and communications concerning Plaintiff's incarceration in the Huntingdon County Prison and transfer to the restricted housing unit of SCI Smithfield and the date you obtained any information of Plaintiff's incarceration for a technical parole violation.

> Defendant Stewart had no communications or exchange of documents with anyone from the Huntingdon County Prison or SCI Smithfield.
>
> Defendant Stewart first learned of Plaintiff's technical parole violation on or about January 1993.

Interrogatories submitted by:

_Gail Galloway_

Gail Galloway, Plaintiff, *pro se*
R.D.#1, Box 30
Petersburg, PA 16669
(814) 669-9164

Person preparing answers to the Interrogatories:

_____

Attorney for Defendant

## CERTIFICATE OF SERVICE

A certified, true and correct copy of the foregoing Motion for Summary Judgment was served on all interested parties listed below by sending same first class mail, postage prepaid on May 31, 2001 to the following addresses:

Gail Galloway
RD #1, Box 30
Petersburg, PA  16669

Peter M. McManamon