**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GAIL GALLOWAY, :
    Plaintiff :
   :
    v. : CIVIL NO. 1:CV-00-0649
   :
   : Judge Rambo
PENNSYLVANIA BOARD OF :
PROBATION AND PAROLE, *et al.*, :
    Defendants :

### PLAINTIFF'S RESPONSE TO DEFENDANT STEWART'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

Gail Galloway, ("Plaintiff"), asserts that Defendant Stewart is committing fraud on the Court. Defendant Stewart is an attorney and his counsel in the instant action is an attorney and as such should be well aware of the Federal Rules of Civil Procedure. However, Defendant Stewart has refused to comply with any Rules and apparently considers himself above the law and not liable to comply with the Federal Rules of Civil Procedure.

Defendant Stewart has filed "Defendant Stewart's Brief in Opposition to Plaintiff's Motion to Compel Discovery," ("Brief"), on May 31, 2001, in which he included a copy of Plaintiff's First Set of Interrogatories Propounded Upon the Defendant and his answers. These Interrogatories were served upon Defendant Stewart on February 27, 2001, and were to be answered within thirty (30) days according to the Federal Rules of Civil Procedure. Defendant Stewart refused to answer the Interrogatories, refused to answer subsequent letters from the Plaintiff concerning the Answers to the Interrogatories and Defendant Stewart's counsel was at a meeting in Harrisburg

concerning another case and in the presence of the Plaintiff and had ample opportunity to discuss his reasons for not complying with discovery but chose to ignore Plaintiff and not speak to him at all.

Defendant Stewart has finally made a response on May 31, 2001, by filing a copy of Plaintiff's Interrogatories with the Court. This is the first time Plaintiff has received any response. The answers to the Interrogatories were to be in writing and under oath. First, the answers to the Plaintiff's Interrogatories are <u>not dated</u>. Second, the answers are <u>not under oath</u>. Furthermore, the objections to answering Plaintiff's Interrogatories are frivolous, boilerplate responses that are forbidden by the Federal Rules of Civil Procedure, while other answers are known to be **false**, deliberate <u>lies</u> and <u>untrue statements</u> to deceive the Court.

Defendant Stewart failed to comply with the Court's Order in the Habeas Corpus proceeding in showing how the Plaintiff was not prejudiced by the known erroneous jury instruction in Plaintiff's trial. Interrogatory #4 asks to clarify this and Defendant Stewart has written a known false answer to the Interrogatory. "Defendant Stewart, through counsel, provided the Court with a copy of the transcript of Judge Taylor's jury instruction." This is false because Defendant Stewart filed all items himself and NOT through counsel.

Defendant Stewart's answer to Plaintiff's Interrogatory #9 is known to be false. Defendant Stewart filed papers into the District Court concerning Plaintiff's Habeas Corpus Petition and **never** served them upon the Plaintiff, who was *pro se*, in compliance with the laws. Plaintiff discovered that Defendant Stewart was making Court filings into the District Court without serving Plaintiff, so Plaintiff had no idea what was being filed

2

and, therefore, could not properly respond. This action by Defendant Stewart was an obstruction of justice and caused extreme prejudice to Plaintiff. Plaintiff filed a Motion to Compel Defendant Stewart to serve copies of all Court filings upon the Plaintiff since Plaintiff was *pro se* and Defendant Judge Caldwell denied Plaintiff's motion and gave Defendant Stewart a free hand in not serving filed papers upon the Plaintiff which prejudiced Plaintiff in pursuing his Habeas Corpus Petition. This is a matter of record in the District Court and Plaintiff not being able to respond caused prejudice because of the inclusion of known false information being used as part of the consideration used by the Court to deny Plaintiff's Habeas Corpus Petition and denied Plaintiff due process.

Defendant Stewart's answer to Plaintiff's Interrogatory #10 is **no true** because Defendant Stewart **did not** serve Plaintiff with all filings he made to the District Court in Plaintiff's Habeas Corpus action which denied Plaintiff due process of law and prejudiced Plaintiff.

Defendant Stewart's answer to Plaintiff's Interrogatory #12 is **not true**. While Plaintiff does not have all the specific facts concerning Defendant Stewart's communications in the Interrogatory, Defendant Stewart falsely states: "Defendant Stewart first learned of Plaintiff's technical parole violation on or about January 1993." This is known to be false and would not even make a close guess. It is a matter of record that Plaintiff's technical parole violation was June 1, 1998.

Defendant Stewart in his Brief in Opposition to Plaintiff's Motion to Compel Discovery, infers that the Plaintiff cannot file discovery on a remaining defendant after others have been dismissed. This is an erroneous assumption. The fact

that the action against others is dismissed and a notice of appeal filed does not negate Defendant Stewart from having to answer discovery in matters of the action directed at him. Defendant Stewart also states that Plaintiff was present at a settlement conference before Magistrate Judge Smyser on April 23, 2001 and that Plaintiff was actively involved in the negotiations but not as a defendant. This is not true. Plaintiff was present in his capacity as a defendant representing himself in the action the same as the other defendants were all represented. Defendant Stewart is attempting to kill Plaintiff's lawsuit by referencing it to a similar lawsuit filed by Plaintiff's son which contained similar issues, however, Plaintiff asserts he was denied due process of law as guaranteed by the Constitution due to the independent actions of Defendant Stewart in not serving court filings upon Plaintiff, causing extreme prejudice because Plaintiff could not counter or even address issues he knew nothing about and thus, caused Plaintiff's Habeas Corpus Petition to be wrongly denied without the true issues being considered, all of which is not in the referenced lawsuit of Plaintiff's son.

Fed. R. Civ. P. 37 requires Plaintiff to make a good faith effort to resolve the discovery issues in question before filing a motion to compel. Plaintiff has made more than a good faith effort to have Defendant Stewart comply with discovery, however, Defendant Stewart refused to answer the Plaintiff's Interrogatories and then refused all attempts at contact by Plaintiff and refused to respond in any manner to Plaintiff's written requests to comply. Defendant Stewart totally ignored Plaintiff and has flatly refused all contact which is a show of bad faith on Defendant Stewart's part and a direct violation of the core concepts of the Fed. R. Civ. P.

Defendant Stewart also objects to Plaintiff's Interrogatories as irrelevant and

4

objectionable. All Plaintiff's Interrogatories were relevant to the denial of due process in the Habeas Corpus Petition. In section II of the Brief, Defendant Stewart states: "Finally, Defendant Stewart believed that settlement of the issues relating to the search and seizure of the Plaintiff's home as raised by Plaintiff and by his son, David, in a separate action would obviate the need for discovery." Again Defendant Stewart is using Plaintiff's son's lawsuit as an excuse **not** to answer discovery to the unrelated issues raised by Plaintiff regarding the denial of due process in the Habeas Corpus Petition.

Since Plaintiff has made a good faith effort to get Defendant Stewart to comply with discovery and all Defendant Stewart has done is totally ignore Plaintiff and refuse all contact, Defendant Stewart's Brief should be denied and the relief requested by Plaintiff granted including sanctions. The Court should also consider action against Defendant Stewart for filing false answers to Plaintiff's Interrogatories to the Court in an attempt to commit fraud upon the Court.

Respectfully submitted,

Gail Galloway
Plaintiff, *pro se*
R.D.#1, Box 30
Petersburg, PA  16669
(814) 669-9164

Date:   June 7, 2001

## CERTIFICATE OF SERVICE

I certify that I have this day served a true and correct copy of the foregoing document upon the persons named below by First Class United States Mail at the address stated, which is the last known address of each.

Peter McManamon
200 Penn Street
Huntingdon, PA 16652
(Counsel for Defendant Stewart)

*Gail Galloway* (signature)
Gail Galloway
R.D.#1, Box 30
Petersburg, PA 16669
814-669-9164

Date: June 7, 2001