47
7/16/01
MA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GAIL GALLOWAY,　　　　　　: 　　CIVIL NO. 1:CV-00-0649

　　　　Plaintiff,　　　　　:

　　v.　　　　　　　　　　　: 　　**FILED**
　　　　　　　　　　　　　　　　HARRISBURG, PA

ROBERT B. STEWART,　　　　:　　JUL 16 2001

　　　　Defendant.　　　　　:　　MARY E. D'ANDREA, CLERK
　　　　　　　　　　　　　　　Per _____
　　　　　　　　　　　　　　　　　　　Deputy Clerk

## MEMORANDUM and ORDER

Before the court is Defendant Robert B. Stewart's motion for summary judgment. The parties have briefed the issues, and the motion is ripe for disposition.

## I.　　Background

Plaintiff filed the instant action on April 14, 2000, naming sixteen individuals, and the Department of Probation and Parole, as Defendants. Plaintiff seeks money damages pursuant to 42 U.S.C. § 1983. By memorandum and order dated January 2, 2001, the court granted the motions to dismiss of all Defendants except Defendant Robert B. Stewart. On April 16, 2001, Stewart filed a motion for summary judgment, including a statement of undisputed material facts pursuant to Local Rule 56.1. Plaintiff has not filed a responsive set of undisputed facts, and therefore Stewart's facts are deemed admitted.[1]

Plaintiff was incarcerated in 1992 for a conviction from a non-violent crime in 1991. In September 1994, Plaintiff was released on parole and resided thereafter in Petersburg, Pennsylvania, with his wive and his 27 year old son.

---

[1]Local Rule 56.1 provides: "All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party."

Certified from the record

Date ___7-16-01___
　　　　Mary E. D'Andrea, Clerk

Per _____
　　　　Deputy Clerk

Following a search and seizure of various weapons on June 1, 1998 at Plaintiff's residence where various weapons were discovered and obtained by authorities, Plaintiff's parole was revoked. Plaintiff was imprisoned for a period of 15 ½ months as a consequence of the parole violation.

The present action arises out of the June 1, 1998 search and seizure, Plaintiff's allegations of mistreatment during his subsequent incarceration, the disposition of a writ of habeas corpus that Plaintiff filed while incarcerated, and a forfeiture action that ensued regarding the seized weapons. Defendant Stewart is the District Attorney for Huntingdon County, Pennsylvania. As to Stewart, Plaintiff alleges that Stewart conspired with the Honorable William Caldwell of the United States District Court for the Middle District of Pennsylvania to deny Plaintiff due process and have him placed in solitary confinement at the State Correctional Institute at Smithfield after Plaintiff filed a petition for writ of habeas corpus that was assigned to Judge Caldwell. Plaintiff further alleges that he was denied the opportunity to respond to Stewart's filings prior to the dismissal of his habeas corpus petition. Finally, Plaintiff contends that Stewart filed a fraudulent forfeiture action against Plaintiff and his son to seize Plaintiff's son's property.

Defendant Stewart filed a motion to dismiss which the court granted in part and denied in part by order dated January 2, 2001. Specifically, the court dismissed all claims against Stewart based on the forfeiture action. Thus, the claims that remain as to Defendant Stewart are that he conspired with Judge Caldwell to place Plaintiff in solitary confinement and that Plaintiff was denied the opportunity to respond to Stewart's filings prior to having his petition for writ of habeas corpus dismissed.

2

In response to Stewart's April 16, 2001 motion for summary judgment, Plaintiff argued that Defendant Stewart had failed to comply with the Federal Rules of Civil Procedure by not responding to Plaintiff's interrogatories that were served on Stewart on February 27, 2001. Plaintiff also filed a motion for sanctions and a motion to compel. In a brief dated June 1, 2001, Defendant Stewart answered the motion to compel and included responses to Plaintiff's interrogatories. Therefore, on June 7, 2001, the court denied Plaintiff's motion to compel as moot, and allowed Plaintiff until June 15, 2001, to amend his responsive brief to Stewart's motion for summary judgment. Plaintiff did not amend his brief by said date.

## II.       Legal Standard: Motion for Summary Judgment

Federal Rule of Civil Procedure 56 provides that summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

A factual dispute is "material" if it might affect the outcome of the suit under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is "genuine" only if there is a sufficient evidentiary basis which would allow a reasonable fact-finder to return a verdict for the non-moving party. *Id.* at 249. The court must resolve all doubts as to the existence of a genuine issue of material fact in favor of the non-moving party. *Gans v. Mundy*, 762 F.2d 338, 340 (3d Cir. 1985).

Once the moving party has shown that there is an absence of evidence to support the claims of the non-moving party, the non-moving party may not simply sit back and rest on the allegations in the complaint; instead, he must "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, and designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (internal quotations omitted). Summary judgment should be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden at trial." *Id.*

## III.    Discussion

In support of his motion for summary judgment, Defendant Stewart first argues that, as the District Attorney of Huntingdon County, he is entitled to either absolute prosecutorial immunity or qualified immunity. As noted by the Third Circuit in *Giuffre v. Bissell*, 31 F.3d 1241 (3d Cir. 1994), "[p]rosecutors are subject to varying levels of official immunity." *Id.* at 1251. In *Imbler v. Pachtman*, 424 U.S. 409 (1976), the Supreme Court granted absolute immunity from money damages under § 1983 to prosecutors for actions associated with "initiating a prosecution and [] presenting the State's case." *Id.* at 431. The Third Circuit in *Giuffre*, noted that this absolute immunity extends to all in-court activity including the presentation of evidence and legal arguments, in addition to out-of court conduct that is " 'intimately associated with the judicial phases' of litigation." *Giuffre*, 31 F.3d at 1251 (citing *Imbler*, 424 U.S. at 430.). However, where a prosecutor's

4

conduct may be categorized as investigation or administration, he or she is entitled
only to qualified immunity. *Giuffre*, 31 F.3d at 1251 (citing *Imbler*, 424 U.S. at
430-31; *Burns v. Reed*, 500 U.S. 478, 483-84 n.2 (1991).).  Finally, where a
prosecutor's acts fall completely outside the scope of prosecutorial duties, no
immunity is available.  *Id.*

       In the instant action, the court finds that neither absolute nor qualified
immunity applies to the alleged acts taken by Stewart.  Plaintiff does not contend
that Defendant Stewart was acting in a "quasi-judicial" manner, e.g., presenting
evidence or making legal argument, in a way that violated Plaintiff's constitutional
rights. *See Imbler*, 424 U.S. at 531.  Neither does Plaintiff assert that Stewart was
acting in an investigatory or administrative capacity that violated Plaintiff's civil
rights.  Instead, Plaintiff argues that there was a wholly separate conspiracy between
Defendant Stewart and Judge Caldwell to deny Plaintiff his constitutional rights.
Such conduct, if proved, would fall outside the scope of Stewart's prosecutorial
duties.  Thus, the court will not grant summary judgment on the basis of
prosecutorial immunity.

       Stewart's alternative argument is that Plaintiff has not presented any
facts from which a jury could find that Defendant is entitled to relief pursuant to
section 1983.  The court finds that Plaintiff has failed to come forward with any
evidence whatsoever in support of his claims of conspiracy.  Plaintiff's brief in
opposition to Stewart's motion to dismiss contains further allegations of conspiracy
and misconduct on the part of Defendant Stewart, but Plaintiff fails to present even
one piece of evidence in support of his allegations.  As noted *supra*, where a moving
party on a motion for summary judgment establishes that there is an absence of

evidence to support the non-moving party's claim, the non-moving party must "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, and designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (internal quotations omitted).  Plaintiff has failed to do so, and there are no facts from which a reasonable jury could find in Plaintiff's favor.  Accordingly, the court will grant Defendant Stewart's motion for summary judgment.

**IV.**        <u>**Order**</u>

In accordance with the foregoing, **IT IS HEREBY ORDERED THAT:**

(1) Defendant Stewart's motion for summary judgment is **GRANTED;**

(2) The clerk of court shall enter judgment in favor of Defendant Stewart and against Plaintiff and close the case.


SYLVIA H. RAMBO
United States District Court

July  16 , 2001

6

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

July 16, 2001

Re:  1:00-cv-00649   Galloway v. Pennsylvania Board o

True and correct copies of the attached were mailed by the clerk
to the following:

        Gail J. Galloway
        R.D. #1, Box 30
        Petersburg, PA  16669

        Peter M. McManamon, Esq.
        Henry, Corcelius, Gates, Gill & Ody
        200 Penn Street
        P.O.Box 383
        Huntingdon, PA  16652

cc:
Judge                    (X ) Rambo         ( ) Pro Se Law Clerk
Magistrate Judge         (X ) Smyser        ( ) INS
U.S. Marshal             ( )                ( ) Jury Clerk
Probation                ( )
U.S. Attorney            ( )
Atty. for Deft.          ( )
Defendant                ( )
Warden                   ( )
Bureau of Prisons        ( )
Ct Reporter              ( )
Ctroom Deputy            ( )
Orig-Security            (X )
Federal Public Defender  ( )
Summons Issued           ( ) with N/C attached to complt. and served by:
                             U.S. Marshal ( )    Pltf's Attorney ( )

Standard Order 93-5      ( )
Order to Show Cause      ( ) with Petition attached & mailed certified mail
                             to: US Atty Gen   ( ) PA Atty Gen ( )
                                 DA of County  ( ) Respondents ( )

Bankruptcy Court         ( )
Other_____  ( )

                                    MARY E. D'ANDREA, Clerk

DATE: July 16th, 2001          BY: _____