OFFICE OF THE CLERK

**UNITED STATES COURT OF APPEALS**

Marcia M. Waldron
Clerk

FOR THE THIRD CIRCUIT
21400 United States Courthouse
601 Market Street
Philadelphia PA 19106-1790

Telephone
267-299-4922

www.ca3.uscourts.gov

June 13, 2002

Mrs. Mary D'Andrea
U.S. District Court for the Middle District of Pennsylvania
Middle District of Pennsylvania
228 Walnut Street
Room 1060
Harrisburg, PA  17108

RE: Docket Nos. 01-1295 & 01-3093
    Galloway  vs. PA Bd Probation
    D. C. CIV. No. 00-cv-00649

Dear Mrs. D'Andrea:

Enclosed is a certified copy of the judgment in the above-entitled case(s), together with copy of the opinion. The certified judgment is issued in lieu of a formal mandate and is to be treated in all respects as a mandate.

(X) We return herewith the certified record and 1st supplemental record in the case(s).

Kindly acknowledge receipt for same on the enclosed copy of this letter.

Counsel are advised of the issuance of the mandate by copy of this letter. A copy of the certified judgment is also enclosed showing costs taxed, if any.

Very truly yours,
MARCIA M. WALDRON
Clerk

By: Lynn M. Lopez
Case Manager

acknowled 6/18

Enclosure
cc:
    Mr. Gail J. Galloway
    Francis R. Filipi, Esq.
    Peter M. McManamon, Esq.
    Anne K. Fiorenza, Esq.

OFFICE OF THE CLERK

**UNITED STATES COURT OF APPEALS**

| | | |
|---|---|---|
| Marcia M. Waldron<br>Clerk | FOR THE THIRD CIRCUIT<br>21400 United States Courthouse<br>601 Market Street<br>Philadelphia PA 19106-1790 | Telephone<br>267-299-4922 |

www.ca3.uscourts.gov

June 13, 2002

Mrs. Mary D'Andrea
U.S. District Court for the Middle District of Pennsylvania
Middle District of Pennsylvania
228 Walnut Street
Room 1060
Harrisburg, PA  17108

**RE: Docket Nos. 01-1295 & 01-3093**
   **Galloway  vs. PA Bd Probation**
   **D. C. CIV. No. 00-cv-00649**

Dear Mrs. D'Andrea:

   Enclosed is a certified copy of the judgment in the above-entitled case(s), together with copy of the opinion. The certified judgment is issued in lieu of a formal mandate and is to be treated in all respects as a mandate.

   (X) We return herewith the certified record and 1st supplemental
       record in the case(s).

   Kindly acknowledge receipt for same on the enclosed copy of this letter.

   Counsel are advised of the issuance of the mandate by copy of this letter. A copy of the certified judgment is also enclosed showing costs taxed, if any.

                                    Very truly yours,
                                    MARCIA M. WALDRON
                                    Clerk

                                    By: Lynn M. Lopez
                                        Case Manager

Enclosure
cc:
      Mr. Gail J. Galloway
      Francis R. Filipi, Esq.
      Peter M. McManamon, Esq.
      Anne K. Fiorenza, Esq.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Nos. 01-1295 & 01-3093

GAIL J. GALLOWAY,
Appellant
v.

PENNSYLVANIA BOARD OF PROBATION AND PAROLE, ("PBPP"); JOSEPH SMITH, individually and in his official capacity as agent for PBPP; DANIEL ROBERTS, individually and in his official capacity as District Director for PBPP; GEORGE JOHNSON, individually and in his official capacity as supervisor for PBPP; CHARLES GIORNESTO, individually and in his official capacity as agent for PBPP; ROBERT B. STEWART, III, individually and in his official capacity as District Attorney of Huntingdon County, PA; ARTHUR THOMAS, individually and in his official capacity as counsel for PBPP; K. SCOTT ROY, individually and in his official capacity as counsel for PBPP; THOMAS RIDGE, individually and in his official capacity as Governor of PA; WILLIAM WARD, individually and in his official capacity as Chairman of PBPP; SHARON BURKE, individually and in her official capacity as assistant to the Superintendent of Smithfield SCI; WILLIAM CALDWELL, individually and in his official capacity as judge of the U.S. District Court; SETH MENDELSOHN, individually and in his official capacity as counsel for the PA Office of Attorney General; FRED JACOBS, individually and in his official capacity as hearing examiner for PBPP; JOHN DOE #1, individually and in his official capacity as corrections officer for PA Department of Corrections; NEIL MECHLIN, individually and in his official capacity as Superintendent for DOC at Waynesburg State Correctional Institution ("SCI"); JAMES MORGAN, individually and in his official capacity as Superintendent for DOC at Smithfield

FILED
HARRISBURG, PA
JUN 18 2002
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 00-cv-00649)
District Judge: Sylvia H. Rambo

Submitted Under Third Circuit LAR 34.1(a)
April 19, 2002
BEFORE: SCIRICA, BARRY, and COWEN, Circuit Judges

## JUDGMENT

This case came on to be heard on the record from the United States District Court for the Middle District of Pennsylvania and was submitted pursuant to Third Circuit LAR 34.1(a). On consideration whereof, it is now here ORDERED AND ADJUDGED by this court that the judgment of the District Court entered January 22, 2001, be and the same is hereby vacated. The matter is remanded to the District Court for further proceedings in accordance with the opinion of this Court.

ATTEST:

*Kathleen Brumm*

Chief Deputy Clerk

DATED: April 22, 2002

Certified as a true copy and issued in lieu
of a formal mandate on June 13, 2002

Teste: *Marcia M. Waldron*

Clerk, United States Court of
Appeals for the Third Circuit

**UNREPORTED- NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Nos. 01-1295 & 01-3093

FILED
HARRISBURG, PA
JUN 18 2002
MARY B. D'ANDREA, CLERK
Per _____
Deputy Clerk

GAIL J. GALLOWAY,
Appellant
v.

PENNSYLVANIA BOARD OF PROBATION AND PAROLE, ("PBPP"); JOSEPH SMITH, individually and in his official capacity as agent for PBPP; DANIEL ROBERTS, individually and in his official capacity as District Director for PBPP; GEORGE JOHNSON, individually and in his official capacity as supervisor for PBPP; CHARLES GIORNESTO, individually and in his official capacity as agent for PBPP; ROBERT B. STEWART, III, individually and in his official capacity as District Attorney of Huntingdon County, PA; ARTHUR THOMAS, individually and in his official capacity as counsel for PBPP; K. SCOTT ROY, individually and in his official capacity as counsel for PBPP; THOMAS RIDGE, individually and in his official capacity as Governor of PA; WILLIAM WARD, individually and in his official capacity as Chairman of PBPP; SHARON BURKE, individually and in her official capacity as assistant to the Superintendent of Smithfield SCI; WILLIAM CALDWELL, individually and in his official capacity as judge of the U.S. District Court; SETH MENDELSOHN, individually and in his official capacity as counsel for the PA Office of Attorney General; FRED JACOBS, individually and in his official capacity as hearing examiner for PBPP; JOHN DOE #1, individually and in his official capacity as corrections officer for PA Department of Corrections; NEIL MECHLIN, individually and in his official capacity as Superintendent for DOC at Waynesburg State Correctional Institution ("SCI"); JAMES MORGAN, individually and in his official capacity as Superintendent for DOC at Smithfield

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 00-cv-00649)

District Judge: Sylvia H. Rambo

---

Submitted Under Third Circuit LAR 34.1(a)
April 19, 2002
BEFORE: SCIRICA, BARRY and COWEN, <u>Circuit Judges</u>

(Filed April 22, 2002)

---

OPINION

---

PER CURIAM

    In 1994 Gail J. Galloway was released on parole. On June 1, 1998, his house was searched and various weapons found in his adult son David's bedroom were seized. The Parole Board subsequently found a parole violation for which it imposed a fifteen and a half months sentence.

    In April 2000 Galloway filed a section 1983 action alleging various violations of his rights with regard to the search and seizure, various events that occurred during his subsequent incarceration, the disposition of his habeas corpus petition, and the forfeiture of the seized weapons. Galloway contends that he did not have common authority over his son's bedroom, and that the search was conducted in violation of his son's federal and state constitutional rights. He also alleges that false evidence was knowingly presented at his parole revocation hearing; that various of the defendants conspired to cover up the illegal search and falsely imprison him; that he was denied a fair hearing; that he was denied adequate medical care while in solitary confinement at SCI Smithfield; that there

2

was a conspiracy to cover up his mistreatment; that he was denied adequate medical care after he slipped on a wet floor at SCI Waynesburg, for which no warning signs had been posted; that Judge Caldwell conspired to have Galloway locked in solitary confinement at SCI Smithfield after Galloway filed a habeas corpus petition and conspired to have his petition dismissed without allowing to respond; that he was denied legal materials for five months, which limited his ability to prosecute his habeas corpus action; and that the district attorney filed a fraudulent forfeiture action against Galloway and his son to seize property that is not Galloway's. Galloway seeks compensatory and punitive damages.

The District Court dismissed the action against the state defendants in their official capacity pursuant to the Eleventh Amendment. The court also dismissed the action against the defendants in their individual capacities for these reasons: Galloway's claims arising out of the search fail because the constitutional rights that were violated, if any, were his son's. Galloway may not recover damages arising from the parole revocation hearing because he has not shown that the parole revocation has been overturned or otherwise invalidated. The court dismissed the action against defendants Burks, Morgan and Mechling because Galloway does not allege their personal involvement in the violations in question, and against Judge Caldwell because he enjoys absolute immunity.

The court dismissed the action against Stewart with regard to the forfeiture but allowed the claims that he conspired with Judge Caldwell to place Galloway in solitary confinement and deny him the opportunity to respond to Stewart's filings in the habeas

3

corpus action to proceed to summary judgment. The court found that Stewart did not enjoy absolute or qualified immunity but granted the motion because Galloway failed to present any facts in support of his allegations of conspiracy and misconduct.

I

On appeal Galloway complains that the District Court erred in granting the defendants' motions without first allowing him discovery and that the District Court should have allowed him to amend his complaint. There is no merit to the former contention because the purpose of Rule 12(b)(6) is to provide for the early dismissal of legally insufficient claims.

There is, however, merit to the latter contention, as several of the appellees agree. As this Court has stated:

> The Federal Rules of Civil Procedure do not address the situation in which a deficiency in a complaint could be cured by amendment but leave to amend is not sought. Circuit case law, however, holds that leave to amend must be given in this situation as well.... even [if] the plaintiff ... never sought leave to amend.... [D]ismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility. The District Court did not test the plaintiffs' various claims against this standard, and we therefore vacate the order dismissing those claims and remand for the District Court to rule in the first instance on whether this standard is met.

Shane v. Fauver, 213 F.3d 113, 116-117 (3d Cir. 2000).

Accordingly, we shall vacate the judgment of the District Court and remand the matter to the District Court, which shall address whether any amendment by Galloway to his complaint would be futile and, if appropriate, grant him leave to amend.

4