

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GAIL GALLOWAY, | : | CIVIL NO. 1:CV-00-0649 |
| Plaintiff, | : | |
| v. | : | |
| ROBERT B. STEWART, | : | |
| Defendant. | : | |

FILED
JUL 1 6 2002
PER_____
HARRISBURG, PA  DEPUTY CLERK

## MEMORANDUM and ORDER

Before the court is Defendant Robert B. Stewart's motion for summary judgment. The parties have briefed the issues, and the motion is ripe for disposition.

### I.   Background

Plaintiff filed the instant action on April 14, 2000, naming sixteen individuals, and the Department of Probation and Parole, as Defendants. Plaintiff seeks money damages pursuant to 42 U.S.C. § 1983. By memorandum and order dated January 2, 2001, the court granted the motions to dismiss of all Defendants except Defendant Robert B. Stewart. On April 16, 2001, Stewart filed a motion for summary judgment, including a statement of undisputed material facts pursuant to Local Rule 56.1. Plaintiff has not filed a responsive set of undisputed facts, and therefore Stewart's facts are deemed admitted.[1]

Plaintiff was incarcerated in 1992 for a conviction from a non-violent crime in 1991. In September 1994, Plaintiff was released on parole and resided thereafter in Petersburg, Pennsylvania, with his wivve and his 27 year old son.

---

[1] Local Rule 56.1 provides: "All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party."

Pennsylvania; and the Honorable William W. Caldwell, United States District Court Judge for the Middle District of Pennsylvania.

On January 2, 2001, this court dismissed the action against Defendants Pennsylvania Board of Probation and Parole, Charles Giornesto, Joseph Smith, Daniel Roberts, George Johnson, Arthur Thomas, K. Scott Roy, Thomas Ridge, William Ward, Sharon Burks, Seth Mendelsohn, Fred Jacobs, Neil Mechling, and James Morgan (collectively, the "State Defendants"). To the extent that these state actors were sued in their official capacities, the court held that they were entitled to immunity under the Eleventh Amendment. Moreover, to the extent that Plaintiff was suing them in their individual capacities, the court held: (1) Plaintiff failed to allege a violation of his own Fourth Amendment rights (as opposed to those of his son, David Galloway); (2) Plaintiff failed to show that the parole revocation had been overturned or invalidated, thereby making it possible for him to recover damages; (3) Plaintiff failed to allege the personal involvement of Defendants Burks, Morgan, and Mechling in any of the alleged constitutional violations; and (4) Judge Caldwell enjoys absolute judicial immunity. With respect to Defendant Stewart, the court dismissed a claim that Defendant Stewart filed a fraudulent forfeiture action against David Galloway and Plaintiff to seize property that did not belong to Plaintiff.

On appeal to the Third Circuit, Plaintiff asserted that this court erred in granting the motions to dismiss without first allowing him to amend his complaint. The Third Circuit remanded the case for findings consistent with *Shane v. Fauver*, 213 F.3d 113 (3d Cir. 2000).

**II.**     **Legal Standard: *Shane v. Fauver***

In *Shane*, the Third Circuit stated:

> The Federal Rules of Civil Procedure do not address the situation in which a deficiency in a complaint could be cured by amendment but leave to amend is not sought. Circuit case law, however, holds that leave to amend must be given in this situation as well. . . . even [if] the plaintiff . . . Never sought leave to amend. . . . [D]ismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility. The District Court did not test the plaintiffs' various claims against this standard, and we therefore vacate the order dismissing those claims and remand for the District Court to rule in the first instance whether this standard is met.

*Id.* at 116-17.

**III.**     **Discussion**

The Third Circuit remanded the instant action, requiring this court to address whether allowing Plaintiff to amend his complaint would be futile, and to grant him leave to amend if appropriate. The court first notes that it dismissed all of the claims against the State Defendants in their official capacities pursuant to the doctrine of Eleventh Amendment immunity. There are no allegations that Plaintiff could make that would allow him to recover damages against these Defendants in their official capacities. Accordingly, granting Plaintiff leave to amend his claims against the State Defendants in their official capacities would be futile, and the court declines to do so. Similarly, granting Plaintiff leave to amend his claims against Defendant Caldwell would also be futile because Defendant Caldwell enjoys absolute judicial immunity.

The court now turns to Plaintiff's allegations regarding violations of Plaintiff's Fourth Amendment rights. Plaintiff alleged that Defendants Giornesto, Smith, Roberts, Johnson, Thomas, Roy, Ridge and Ward violated the Fourth

Amendment prohibition against unreasonable searches and seizures by searching Plaintiff's *son's* bedroom. This court held that Plaintiff did not allege that he had a reasonable expectation of privacy with respect to his son's bedroom or possessions as required by the Fourth Amendment. *See, e.g., Minnesota v. Carter*, 525 U.S. 83, 83 (1998) ("To claim Fourth Amendment protection, a defendant must demonstrate that he personally has an expectation of privacy in the place searched and that his expectation is reasonable.") The court cannot say with certainty that granting Plaintiff leave to amend his complaint with respect to his Fourth Amendment claim would be futile. Therefore, Plaintiff shall be granted leave to amend his complaint with respect to the Fourth Amendment claim.

    The court will also allow Plaintiff to amend his complaint with respect to his claim that his Fourteenth Amendment right to due process was violated when his parole was revoked and he was imprisoned based on the weapons seized on June 1, 1998. This claim was originally dismissed because Plaintiff failed to allege that any state or federal tribunal had invalidated Plaintiff's parole revocation. Plaintiff must show this in order to prevail on his Fourteenth Amendment claim. *See, e.g., Heck v. Humphry*, 512 U.S. 477 (1994) (requiring a Plaintiff to prove that a conviction or sentence has been previously invalidated in state or federal proceedings in order to recover damages under § 1983 for alleged Fourteenth Amendment violations); *Butterfield v. Bail*, 120 F.3d 1023 (9th Cir. 1997) (applying *Heck* to parole board denials or revocations of parole); *Ali v. Hubbard*, No. 97-1047, 1997 WL 556293 (1st Cir. 1997) (same); *Crow v. Penry*, 102 F.3d 1086 (10th Cir. 1996) (same); *Miller v. Indiana Dep't of Corrections*, 75 F.3d 330 (7th Cir. 1995) (same); *McGrew v. Texas Bd. of Pardons & Paroles*, 47 F.3d 158, 161 (5th Cir.

1995) (same); *Schafer v. Moore*, 46 F.3d 43 (8th Cir. 1995) (same). While Plaintiff gave no indication in his original complaint that any state or federal tribunal has invalidated the revocation of his parole, the court cannot make that factual determination at this stage. Thus, Plaintiff will be allowed to amend his complaint with respect to the Fourteenth Amendment claims.

The court dismissed Plaintiff's individual capacity claims against Defendants Burks, Morgan, and Mechling because Plaintiff failed to make any allegations that these Defendants had personal involvement in violating Plaintiff's civil rights, as required under *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cor. 1988). However, the court cannot determine for certain that allowing Plaintiff to amend his complaint as to these Defendants would be futile, as he might be able to allege some personal involvement. Therefore, Plaintiff will be granted leave to so amend.

Finally, the court will not allow Plaintiff to amend his complaint with respect to Defendant Stewart. Plaintiff's original complaint alleged that Defendant Stewart, among other things, conspired with Defendant Mendelsohn in an illegal forfeiture of David Galloway's property. The court dismissed this claim, finding that Plaintiff could not recover under § 1983 for a violation of another's rights. The court finds that it would be futile to allow Plaintiff to amend his complaint in this regard, because no allegations of the forfeiture of another's property could state a claim for a violation of Plaintiff's rights.

## IV.     Conclusion

The court finds that it would be futile to grant Plaintiff leave to amend with respect to the following claims: (1) any official capacity claims against the State Defendants; (2) his claim against Defendant Caldwell; and (3) his forfeiture claim against Defendant Stewart. However, the court will grant Plaintiff leave to amend the following claims: (1) his Fourth Amendment claims against Giornesto, Smith, Roberts, Johnson, Thomas, Roy, Ridge and Ward; (2) his Fourteenth Amendment claim that his due process rights were violated when his parole was revoked; and (3) his individual capacity claims against Defendants Burks, Morgan, and Mechling. An appropriate order will issue.

SYLVIA H. RAMBO
United States District Court

Dated: July 15, 2002

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GAIL GALLOWAY,** | **CIVIL NO. 1:CV-00-0649** |
| Plaintiff, | |
| v. | |
| **PENNSYLVANIA BOARD OF PROBATION AND PAROLE et al.,** | |
| Defendants. | |

## ORDER

The Third Circuit Court of Appeals vacated this court's June 2, 2001 order disposing of various motions to dismiss. In light of the Third Circuit's mandate, **IT IS HEREBY ORDERED THAT:**

(1) Defendants Smith, Roberts, Johnson, Thomas, Roy, Ridge, Ward, Burks, Mendelsohn, Jacobs, Mechling, Morgan, and Pennsylvania Board of Probation and Parole's motion to dismiss is **GRANTED in PART** and **DENIED in PART** as follows:

(A) to the extent that these Defendants are sued in their official capacities, said motion is **GRANTED;**

(B) to the extent that they are sued in their individual capacities, said motion is **DENIED without PREJUDICE.**

(C) Plaintiff is granted leave to amend the following claims against these Defendants in their individual capacities:

(i) his Fourth Amendment claims against Smith, Roberts, Johnson, Thomas, Roy, Ridge and Ward;

(ii) his Fourteenth Amendment claim that his due process rights were violated when his parole was revoked; and

(iii) his individual capacity claims against Defendants Burks, Morgan, and Mechling.

(D) Plaintiff shall file an amended complaint on or before July 29, 2002.

(2) Defendant Giornesto's motion to dismiss is **GRANTED in PART** and **DENIED in PART** as follows:

(A) to the extent that Defendant Giornesto is sued in his official capacity, said motion is **GRANTED;**

(B) to the extent that Defendant Giornesto is sued in his individual capacity, said motion is **DENIED.** Plaintiff is granted leave to amend his complaint with respect to any Fourth Amendment violation. Plaintiff shall file an amended complaint on or before July 29, 2002.

(3) Defendant Caldwell's motion to dismiss is **GRANTED;**

(4) Defendant Stewart's motion to dismiss the Plaintiff's claims alleging the instigation of an illegal forfeiture is **GRANTED.**[2]

SYLVIA H. RAMBO
United States District Court

Dated: July 15, 2002

---

[2] The court did not herein address Defendant Stewart's previous motion to dismiss Plaintiff's due process claims against Defendant Stewart because this court originally denied that motion, and subsequently granted summary judgment in favor of Defendant Stewart on that claim. Thus, Plaintiff's original due process claim against Defendant Stewart is not implicated by the Third Circuit's decision to vacate and remand this court's January 2, 2001 order.