**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
HARRISBURG, PA
JUL 3 1 2002
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

GAIL GALLOWAY,
    Plaintiff

v.

PENNSYLVANIA BOARD OF
PROBATION AND PAROLE, *et al.*,
    Defendants

CIVIL NO. 1:CV-00-0649

Judge Rambo

## MOTION FOR EXTENSION OF TIME TO FILE AMENDED COMPLAINT DUE TO COURT ERROR

    Gail Galloway, ("Plaintiff"), moves for extension of time due to confusion generated by the Court's error's in the case. Plaintiff has the correct caption on this Motion, however the Court has the caption: Gail Galloway v. Robert B. Stewart, which is not correct. Also, the Memorandum and Order are not complete and the contents of the missing part is not known to the Plaintiff as filed by the Court. Plaintiff has included the first two pages of what he received which show the wrong caption and if you read from page one to page two, it is obvious that a page or portion of unknown material is completely missing. Plaintiff should not be required to guess the content of Court documents. Since this occurs between marked page 1 and marked page 2, it is not a case of accidentally forgetting to put a page in what Plaintiff received from the Court. (See attached pages 1 and 2 of the Court document received by Plaintiff.)

    THEREFORE, Plaintiff moves for the Court to send him a complete and accurate

copy of the Memorandum and Order including the correct caption and missing parts and grant an appropriate time extension for review of the corrected court filing and filing of the amended complaint.

                                      Respectfully submitted,

                                      Gail Galloway
                                      R.D.#1, Box 30

Date: July 26, 2002                   Petersburg, PA 16669
                                      814) 669-9164



## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GAIL GALLOWAY, | CIVIL NO. 1:CV-00-0649 |
| Plaintiff, | |
| v. | |
| ROBERT B. STEWART, | |
| Defendant. | |

FILED JUL 1 6 2002 PER ___ HARRISBURG, PA DEPUTY CLERK

### MEMORANDUM and ORDER

Before the court is Defendant Robert B. Stewart's motion for summary judgment. The parties have briefed the issues, and the motion is ripe for disposition.

### I. Background

Plaintiff filed the instant action on April 14, 2000, naming sixteen individuals, and the Department of Probation and Parole, as Defendants. Plaintiff seeks money damages pursuant to 42 U.S.C. § 1983. By memorandum and order dated January 2, 2001, the court granted the motions to dismiss of all Defendants except Defendant Robert B. Stewart. On April 16, 2001, Stewart filed a motion for summary judgment, including a statement of undisputed material facts pursuant to Local Rule 56.1. Plaintiff has not filed a responsive set of undisputed facts, and therefore Stewart's facts are deemed admitted.[1]

Plaintiff was incarcerated in 1992 for a conviction from a non-violent crime in 1991. In September 1994, Plaintiff was released on parole and resided thereafter in Petersburg, Pennsylvania, with his wive and his 27 year old son.

---

[1] Local Rule 56.1 provides: "All material facts set forth in the statement required to be ser by the moving party will be deemed to be admitted unless controverted by the statement required to l served by the opposing party."

Pennsylvania; and the Honorable William W. Caldwell, United States District Court Judge for the Middle District of Pennsylvania.

On January 2, 2001, this court dismissed the action against Defendants Pennsylvania Board of Probation and Parole, Charles Giornesto, Joseph Smith, Daniel Roberts, George Johnson, Arthur Thomas, K. Scott Roy, Thomas Ridge, William Ward, Sharon Burks, Seth Mendelsohn, Fred Jacobs, Neil Mechling, and James Morgan (collectively, the "State Defendants"). To the extent that these state actors were sued in their official capacities, the court held that they were entitled to immunity under the Eleventh Amendment. Moreover, to the extent that Plaintiff was suing them in their individual capacities, the court held: (1) Plaintiff failed to allege a violation of his own Fourth Amendment rights (as opposed to those of his son, David Galloway); (2) Plaintiff failed to show that the parole revocation had been overturned or invalidated, thereby making it possible for him to recover damages; (3) Plaintiff failed to allege the personal involvement of Defendants Burks, Morgan, and Mechling in any of the alleged constitutional violations; and (4) Judge Caldwell enjoys absolute judicial immunity. With respect to Defendant Stewart, the court dismissed a claim that Defendant Stewart filed a fraudulent forfeiture action against David Galloway and Plaintiff to seize property that did not belong to Plaintiff.

On appeal to the Third Circuit, Plaintiff asserted that this court erred in granting the motions to dismiss without first allowing him to amend his complaint. The Third Circuit remanded the case for findings consistent with *Shane v. Fauver*, 213 F.3d 113 (3d Cir. 2000).

## CERTIFICATE OF SERVICE

I certify that I have this day served a true and correct copy of the foregoing document upon the persons named below by First Class United States Mail at the address stated, which is the last known address of each.

Peter McManamon
200 Penn Street
Huntingdon, PA 16652
(Counsel for Defendant Stewart)

Calvin R. Koons
Office of Attorney General
15th Floor, Strawberry Sq.
Harrisburg, PA 17120

Anne K. Fiorenza
Office of United States Attorney
Federal Building
228 Walnut Street
P.O. Box 11754
Harrisburg, PA 17108

Gail Galloway
R.D.#1, Box 30
Petersburg, PA 16669
814-669-9164

Date: July 26, 2002