ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GAIL GALLOWAY,
    Plaintiff

v.

PENNSYLVANIA BOARD OF
PROBATION AND PAROLE, et al.,

Civil Action No. 1:00-CV-00649

(Judge Rambo)

FILED
HARRISBURG, PA
SEP 06 2002
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

## PLAINTIFF'S RESPONSE TO MOTION TO DISMISS FILED BY ROBERT B. STEWART

    Gail Galloway, ("Plaintiff"), is suing Robert B. Stewart, ("Stewart"), for the deprivations of Plaintiff's civil rights under color of law and not for any violations of his son's civil rights. Plaintiff's son filed his own civil rights action which he won and had his illegally seized property returned to him. Plaintiff is suing because he was denied his Constitutional right against warrantless seizure of his person and the denial of due process by the conspiracy of the defendants.

    The issues of the denial of due process are the same type violations as Defendant Stewart continues to perpetrate upon the Plaintiff and the Court. Defendant Stewart claims that Plaintiff did not respond to Defendant Stewart's Statement of Undisputed Facts. As the record will show, Plaintiff responded to everything his was served a copy of that had been filed into the Court. In this instance, Plaintiff was denied due process when Defendant Stewart failed to serve Plaintiff with his Statement of Undisputed Facts, so it was impossible for Plaintiff to respond to something he knew nothing about. This exact thing is one of the claims of denial of due process in Plaintiff's suit. Defendant Stewart filed papers into the District Court in Plaintiff's habeas corpus

action without serving Plaintiff, so Plaintiff could not properly respond to anything being filed into the Court by Defendant Stewart when he didn't know what it was. If not stated directly, it is certainly inferred that Defendant Stewart acted under color of law by virtue of his county elected position.

Plaintiff also will note that Defendant Stewart has a track record of not serving papers on the opposing party. When Plaintiff was in discovery in the original complaint, Defendant Stewart refused all contact and refused to answer the Plaintiff's interrogatories. It is clear that Defendant Stewart considers himself above the law and does not have to answer interrogatories or serve papers he file into the Court on the opposing party as required by law. If Defendant Stewart has to bend so low that he has to deny a person their Constitutional rights to due process by not serving the opposing party to win his cases, then this country is in bad shape.

Plaintiff's claim of denial of due process is not time barred and was filed in a timely manner within the prescribed time to file. The case was wrongfully dismissed by the Court when Plaintiff could not respond to what he never received. Plaintiff had the right to file an amended complaint because he was denied that right when his original complaint was dismissed without the opportunity to correct any defects the Court would note.

Plaintiff alleges a conspiracy existed which allowed Defendant Stewart to file papers and documents into the District Court without serving them on Plaintiff who was pro se, therefore, Plaintiff was denied due process by not being able to respond to what he was not served a copy of. When the Court made a ruling without allowing Plaintiff

to be served and respond, Plaintiff was denied due process. "Due process protections apply when government action deprives a person of liberty of property interest."

*Board of Regents v. Roth*, 408 U.S. 564, 577 (1972). Plaintiff was denied his liberty interest. "The substantive aspect of the due process clause bars certain arbitrary wrongful government actions regardless of the fairness of the procedure used to implement them." *Daniels v. Williams*, 474 U.S. 327 (1996). "Procedural aspect of the due process clause guarantees fair procedure for the deprivation of a constitutionally protected interest in life, liberty, or property." *Zinerman v. Burch*, 494 U.S. 113 (1990).

As to the Plaintiff's claims of conspiracy, the Third Circuit has made it clear, "At the pleading stage in civil rights cases, however, the plaintiff's access to specific facts surrounding the defendants conduct is often severely limited. In addition, conspiracy by its very nature is secretive. Thus, in view of Fed. R. Civ. P. 8 (f), the court will liberally construe the allegations of the complaint concerning combinations of the conspirators. The Third Circuit in Ammlung v. City of Chester, supra, takes the position that **the combination element of conspiracy is pleaded with sufficient specificity if the complaint <u>merely alleges</u> that the defendants 'conspired' or were involved in an agreement of combination.**" *Vasques v. Ferre*, 404 F. Supp. 815, 822 (1975). Emphasis added.

Plaintiff's complaint should not be dismissed because it states a cause of action that is clearly provided by 42 U.S.C. 1983, which in terms authorizes suits to redress deprivations of rights secured by the laws of the United States. *Boyd v. U.S.* 116 U.S. 28 asserts that the Court has a duty to protect against any encroachment of a Constitutionally protected right and secured liberty. "A complaint may not be dismissed on motion if it states some sort of claim, baseless though it may prove to be and inartistically as the

complaint may be drawn. <u>This is particularly true where the plaintiff is not represented by counsel.</u>" *Boag v. MacDougal,* 454 U.S. 364 (1982). Emphasis added. It is well settled in the Courts that, "The complaint must be viewed in the light most favorable to the plaintiff and <u>should not be dismissed merely because the court doubts that the plaintiff will be able to prove all the necessary factual allegations.</u>" *Fusco v. Xerox Corp.,* 676 F.2d 332, 334 (8th Cir. 1982).

Plaintiff has made a short plain statement of his claims that notified the defendant as to the claim against him. "<u>The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is '**a short and plain statement of the claim**' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.</u>" *Conley v. Gibson,* 335 U.S. 41, 47 (1957). The Third Circuit also made it clear as to a claim in the case of *Tunstall v. Office of Judicial Support,* 820 F.2d 631, 633 (3rd Cir. 1987) (citing the Supreme Court decision in *Flagg Brothers, Inc. v. Broods,* 436 U.S. 155 (1978) by stating: "In order to properly state a Section 1983 claim in the Third Circuit, **a plaintiff must only <u>allege</u> a deprivation of a right guaranteed by the Constitution** and laws of the United States by a named defendant acting under color of law."

Defendant Stewart is liable to Plaintiff because he acted under color of state law and acted in bad faith with malicious purpose and in a manner exhibiting a wanton and willful disregard concerning Plaintiff's Constitutionally protected rights to due process and his liberty interest. "The threshold inquiry in any due process analysis is whether there exists any identifiable property or liberty interest at issue." *Com. v. Mountain,* 711 A.2d 473. Plaintiff was wrongfully incarcerated which presented a liberty interest

at issue. "Tort defendants, including those sued under Section 1983 are 'responsible for the natural consequences of [their] actions.'" *Malley v. Briggs,* 475 U.S. 335.

The Court will also note on Defendant Stewart's Certificate of Service for his Motion to Dismiss that he does not serve it upon the other parties in this case.

THEREFORE, the Court should deny Defendant Stewart's Motion to Dismiss in its entirety and permit Plaintiff to conduct discovery to obtain extra facts and details to support his claim.

                                      Respectfully submitted,

                                      *Gail Galloway*
                                      Gail Galloway
                                        R.D.#1, Box 30
                                        Petersburg, PA  16669
                                        814-669-9164

Date:  September 3, 2002

## CERTIFICATE OF SERVICE

I certify that I have this day served a true and correct copy of the foregoing document upon the persons named below by First Class United States Mail at the address stated, which is the last known address of each.

Peter McManamon
200 Penn Street
Huntingdon, PA  16652
(Counsel for Defendant Stewart)

Francis Filipi
Office of Attorney General
15th Floor, Strawberry Sq.
Harrisburg, PA  17120

Anne K. Fiorenza
Office of United States Attorney
Federal Building
228 Walnut Street
P.O. Box 11754
Harrisburg, PA  17108

Gail Galloway
R.D.#1, Box 30
Petersburg, PA  16669
814-669-9164

Date:  September 3, 2002