ORIGINAL

2 to c1

FILED
HARRISBURG, PA

SEP 11 2002

MARY E. D'ANDREA, CLERK
Per _____
          Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GAIL GALLOWAY

    Plaintiff

v.

PENNSYLVANIA BOARD OF
PROBATION AND PAROLE, *et al.*,

    Defendants

No. 1:00-CV-00649

Judge Rambo

Magistrate Judge Smyser

**BRIEF IN SUPPORT OF MOTION TO DISMISS FILED ON BEHALF OF DEFENDANTS BOARD, SMITH, ROBERTS, JOHNSON, GIORNESTO, THOMAS, ROY, RIDGE, WARD, BURKS, MENDELSOHN, JACOBS, MECHLING AND MORGAN**

I. Statement of the Case

A. Identities of the Parties and Nature of the Action

Plaintiff is Gail Galloway, who was formerly confined in the state correctional system because the Board determined he had violated his parole by possessing firearms. The remaining defendants are: the Pennsylvania Board of Probation and

Parole (the Board);[1] Joseph Smith, Charles B. Giornesto, Daniel Roberts and George Johnson, four present or former employees of the Board; Arthur Thomas and K. Scott Roy, two attorneys who presently and formerly worked for the Board (respectively); the Honorable Thomas Ridge, former Governor of the Commonwealth of Pennsylvania; the Honorable William Ward, the Chairman of the Board; Sharon Burks, the assistant to the superintendent of the State Correctional Institution at Smithfield, Pennsylvania; Seth Mendelsohn, a deputy attorney general; Fred Jacobs, formerly a hearing examiner for the Board; Neil Mechling the superintendent of the State Correctional Institution at Waynesburg, Pennsylvania and James Morgan, the former superintendent of the State Correctional Institution at Smithfield, Pennsylvania (collectively, Commonwealth defendants). The complaint seeks compensatory and punitive damages and an award of costs.

B. Procedural History

Galloway filed this action on April 10, 2000. The Commonwealth defendants filed a motion to dismiss on June 21, 2000, which the Court granted by order dated January 2, 2001. Galloway took a timely appeal which resulted in the court of appeals vacating this Court's judgment and remanding for findings consistent with

---

[1] It is unclear whether the Court intended the Board to remain a defendant. While the July 15, 2002, Order dismisses the Board in its "official capacity," it denies its motion to dismiss without prejudice as to the claim against it in its "individual capacity."

*Shane v. Fauver*, 213 F.3d 113 (3d Cir. 2000). On July 16, 2002, this Court concluded that while it would be futile to grant Galloway leave to amend a number of his claims, there was a possibility that with amendment he could state a claim against Gionesto, Smith, Roberts, Johnson, Thomas, Roy, Ridge and Ward concerning the search of his son's room, his Fourteenth Amendment claim that his due process rights were violated when his parole was revoked and his claims against Burks, Morgan and Mechling. Galloway filed an amended complaint on August 20, 2002.[2] On September 4, 2002, the remaining defendants filed a motion to dismiss. This brief is filed in support of that motion.

C. Statement of Facts

The complaint relates a series of events beginning on June 1, 1998, when Galloway's home was searched because of a tip that he possessed weapons in violation of the terms of his parole. Galloway then relates events in his life, including the parole revocation process, his habeas corpus petition he filed in Federal Court and his life in two of the Commonwealth's prisons.

Galloway's amended complaint continues to present the following claims of constitutional violation by the eleven persons who file this brief: 1. a claim that the

---

[2] Although the certificate of service claims it was served on defense counsel on August 14, 2002, the postage meter stamp shows that it was not placed in the mail until August 19, 2002, (making defendants' response due by September 5, 2002). Therefore the notation in the docket that defendants' response was due by September 3, 2002, is incorrect.

search of Galloway's home on June 1, 1998, by Smith violated his Fourth Amendment rights; 2. a claim that the procedures afforded him at the parole violation hearing violated his Fourteenth Amendment rights to due process; 3. a claim that the forfeiture proceedings violated his Fourteenth Amendment rights to due process; 4. a claim of inadequate medical care while confined at SCI-Smithfield violated his Eighth Amendment right to be free from cruel and unusual punishments; and 5. a claim that when he slipped and fell on a wet floor at SCI-Waynesburg it violated his Eighth Amendment right to be free from cruel and unusual punishments. As the Court dismissed the claims brought against these defendants in their official capacity, all that remains are the claims made in their individual capacity.

## II. Questions Presented

1. Does the Eleventh Amendment bar this action for damages against the Board?

2. Did the search of the room which plaintiff denies having a possessory interest in violate plaintiff's Fourth Amendment rights?

3. As plaintiff does not assert he has obtained a favorable decision concerning his challenge to the parole revocation proceedings are his claims under § 1983 cognizable?

4. Has plaintiff adequately pled a claim of personal involvement by defendants Burks, Morgan or Mechling in violating his civil rights?

-4-

## ARGUMENT

I. THE BOARD HAS NO "INDIVIDUAL CAPACITY" AND THEREFORE IS IMMUNE FROM SUIT UNDER THE ELEVENTH AMENDMENT.

This Court has already concluded that the Board enjoys state sovereign immunity under the Eleventh Amendment in its official capacity (*see*, July 15, 2002, Order at ¶ (1)(A)) but denied the Board's motion without prejudice "to the extent [it] is sued in [its] individual capacit[y]." July 15, 2002, Order at ¶ (1)(B). However, the Board, a wholly an independent administrative board of the Commonwealth (*See* Pa. Stat. Ann., tit. 61 § 331.2 (West 1999)), has no individual capacity. As such, the Eleventh Amendment bars all relief from this defendant and it must be dismissed.

II. THE SEARCH OF THE ROOM, IN WHICH PLAINTIFF DENIES HAVING ANY POSSESSORY INTEREST, DID NOT VIOLATE PLAINTIFF'S FOURTH AMENDMENT RIGHTS.

As this Court recognized in its July 16, 2002, memorandum, this action does not require the Court determine whether the warrantless search of a parolee's home violated his diminished expectations of privacy.[3] Galloway's amended complaint does not assert that he had an interest in privacy with respect to his *son's* bedroom or possessions. To the contrary, Galloway continues to assert: "Plaintiff's son ... shares common authority over rooms of the house except his bedroom, which as an adult

---

[3] A discussion of why Galloway had only a diminished expectation of privacy was discussed in the Commonwealth defendants' July 10, 2000. Brief and is incorporated by this reference.

individual, *he* maintains sole occupancy, sole access and *no one else in the household* has access to or common authority over his private room which he keeps locked and possesses the only key." Amended Complaint at p. 3 (emphasis supplied). The privacy rights he is reasserting are solely those of his son's — not his. *Minnesota v. Carter*, 525 U.S. 83, 88 (1998) ("The Amendment protects persons against unreasonable searches of "their persons [and] houses' and thus indicates that the Fourth Amendment is a personal right that must be invoked by an individual."); *Rakas v. Illinois*, 439 U.S. 128, 143 (1978) (The "capacity to claim the protection of the Fourth Amendment depends ... upon whether the person who claims the protection of the Amendment has a legitimate expectation of privacy in the invaded place.") (*citing, Katz v. United States*, 389 U.S. 347, 351 (1967)). Galloway does not assert that he had any expectation of privacy in the room of his son. Therefore the search of David's room can not be the basis for a claim by the father and his Fourth Amendment claim should be dismissed.

> III. AS PLAINTIFF DOES NOT ASSERT THAT HE HAS OBTAINED A FAVORABLE DECISION CONCERNING HIS CHALLENGE TO THE PAROLE REVOCATION PROCEEDINGS AND HIS CLAIMS UNDER § 1983 REGARDING THOSE PROCEEDINGS ARE NOT COGNIZABLE.

This Court permitted Galloway also to amend his complaint "to allege that [a] state or federal tribunal had invalidated Plaintiff's parole revocation." July 16, 2002, Memorandum at p. 4. His amended complaint makes no such assertion. Therefore

his Fourteenth Amendment claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364 (1994). In *Heck*, the plaintiff, a convicted prisoner, filed suit under 42 U.S.C. § 1983 against prosecutors of Dearborn County as well as an investigator employed by the Indiana State Police. His complaint alleged that the defendants had engaged in an unreasonable, unlawful, and arbitrary investigation; had knowingly destroyed exculpatory evidence; and had caused an unlawful voice identification procedure. The plaintiff sought, *inter alia*, compensatory and punitive damages.

The United States Supreme Court concluded plaintiff had no cognizable claim under § 1983. In refusing to recognize any cause of action, the Court expressed its unwillingness to permit a suit for the recovery of damages which would call into question the validity of the plaintiff's underlying conviction or sentence. Unless the plaintiff could first demonstrate that his conviction had previously been invalidated, the Court declared that his § 1983 action would be barred.

More recently, in *Edwards v. Balisok*, 520 U.S. 641, 117 S. Ct. 1584 (1997), the United States Supreme Court extended its holding in *Heck* to prison disciplinary hearings which resulted in the loss of good-time credits. In *Edwards*, the plaintiff was found guilty of committing prison infractions and was sanctioned to the loss of 30 days' good-time credit which he had previously earned toward his release. He then filed suit under 42 U.S.C. § 1983 contending that the procedures used at his disciplinary hearing violated his Fourteenth Amendment due process rights.

Relying on *Heck*, the Court in *Edwards* held that the plaintiff's claim under § 1983 was not cognizable since a judgment in his favor would necessarily imply the invalidity of the prison disciplinary decision and the punishment which had been imposed.

The same principal is true of parole proceedings. In *Butterfield v. Bail*, 120 F.3d 1023 (9th Cir. 1997), the Ninth Circuit examined a suit for damages under § 1983 brought by a Washington state inmate that raised the claim that his right to due process was violated by the denial of parole based upon allegedly false information contained in his parole file. The court treated the issue in the following terms:

> We have no difficultly in concluding that a challenge to the procedures used in the denial of parole necessarily implicates the validity of the denial of parole and, therefore, the prisoner's continuing confinement... Few things implicate the validity of continued confinement more directly than the allegedly improper denial of parole. This is true whether that denial is alleged to be improper based upon procedural defects in the parole hearing or upon allegations that parole was improperly denied on the merits. Appellant's civil claim for damages amounts to a collateral attack on his denial of parole and subsequent incarceration. *Heck* does not permit this.

*Id.* at 1024.

Other circuits which have considered this question have also concluded that § 1983 suits calling into question parole board decisions are not cognizable unless and until those decisions have been invalidated or overturned. *Ali v. Hubbard*, 1997 WL 556293 (1st Cir. 1997); *Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996);

*Miller v. Indiana Department of Corrections*, 75 F.3d 330 (7th Cir. 1996); *McGrew v. Texas Bd. of Pardons and Paroles*, 47 F.3d 158, 161 (5th Cir. 1995); *Schafer v. Moore*, 46 F.3d 43 (8th Cir. 1995).

Because Galloway's complaint essentially challenges the validity of his parole revocation for allegedly unconstitutional reasons, it runs afoul of *Heck* and is, therefore, barred. As Galloway's amended complaint does not show that the Parole Board's decision has been invalidated or overturned, he has no cognizable claim under § 1983 for the decisions rendered in administrative and judicial proceedings (such as the forfeiture action) or the testimony given in those proceedings.

IV. **PLAINTIFF HAS NOT ADEQUATELY PLED A CLAIM OF PERSONAL INVOLVEMENT BY DEFENDANTS BURKS, MORGAN OR MECHLING IN VIOLATING HIS CIVIL RIGHTS. AND THESE DEFENDANTS MAY NOT BE HELD LIABLE FOR THE ACTIONS OF OTHERS.**

Lastly, the Court permitted Galloway to amend his complaint to allege that three corrections officials, Burks, Morgan and Mechling, were personally involved in violating plaintiff's civil rights. July 16, 2002, Memorandum at p. 5. Rather than alleging actual personal involvement in an arguable violation of a civil right by these three, Galloway continues to assert as to each and every defendant that he or she conspired to violate plaintiff's constitutional rights.[4]

---

[4] As defendants argued in their July 10, 2000, brief, plaintiff can not merely assert that a conspiracy exists without more. Rather he "must ... plead sufficient facts from which a conspiracy can be inferred; the facts detailing the conspiratorial agreements

can be pleaded generally, while those facts documenting the overt acts must be pleaded specifically." *Quinones v. Szorc*, 771 F.2d 289, 291 (7th Cir.1985). "A complaint must contain more than mere conclusory allegations of such a conspiracy; a factual basis for such allegations must be provided." *Bowman v. City of Franklin*, 980 F.2d 1104, 1107 (7th Cir.1992). Any arguable decision by Roberts made about the search before Smith went to Galloway's house could be the consequence of independent decision-making and not part of a conspiracy. As the district court explained in *Loftus v. SEPTA*, 843 F.Supp. 981 (E.D. Pa. 1994):

> It has long been the rule in this circuit that a complaint alleging a conspiracy " 'must contain sufficient information for the court to determine whether or not a valid claim for relief has been stated and to enable the opposing side to prepare an adequate responsive pleading.' "*Rose v. Bartle*, 871 F.2d 331, 366 n. 60 (3d Cir.1989) (quoting 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure: Civil § 1223, at 181). Specifically: "The plaintiffs must plead with particularity the "circumstances" of the alleged wrongdoing in order to place the defendants on notice of the precise misconduct with which they are charged. Only allegations of conspiracy which are particularized, such as those addressing the period of the conspiracy, the object of the conspiracy, and certain actions of the alleged conspirators taken to achieve that purpose, will be deemed sufficient.... [A]n inference [of conspiracy] ... from the Complaint ... [is] no substitute for the requirement that the circumstances of the conspiracy be pleaded with specificity.

*Loftus*, 843 F.Supp. at 986-87 (footnote omitted) *(quoting, Rose*, 871 F.2d at 366 (which in turn quoted *Kalmanovitz v. G. Heileman Brewing Co.*, 595 F.Supp. 1385, 1401 (D.Del.1984)); *accord, Dwares v. City of New York*, 985 F.2d 94, 99-100 (2d Cir.1993) ("We have, of course, repeatedly held that in order to state a claim of conspiracy under § 1983 the complaint must contain more than mere conclusory allegations. And while a plaintiff should not plead mere evidence, he should make an effort to provide some details of time and place and the alleged effect of the conspiracy. Thus, complaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed: diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct.") (internal citations and quotations omitted); *Shearin v. E.F. Hutton Group, Inc.*, 885 F.2d 1162, 1166 (3d Cir.1989) ("To plead conspiracy adequately, a plaintiff must set forth allegations that address the period of the conspiracy, the object of the conspiracy, and

Although Galloway couches his claims against these defendants as conspiring with others, is it obvious that he is actually continuing to name them as defendants on the belief that they should be held liable for the alleged conduct of subordinates. This is made clear when he alleges for example that Mechling "was negligent in his supervision and training of officers ... who wet mopped the floor and ... of the medical staff to assure proper medical care." (Amended Complaint at ¶M.9.) and Morgan "shoulders the responsibility of running the institution, training of the officers and staff" and "failed to prevent his staff from tampering with United States Mail." Amended Complaint at ¶G. & G.3. Similarly, a close reading of Galloway's amended complaint reveals that he is alleging only that Burks was the recipient of after-the-fact complaints about his medical care[5] and made a failed effort to get Galloway to write a letter to falsely assure his wife that he was being well cared for. Amended Complaint, ¶K. There is no basis for concluding she, a non-doctor, was involved in deciding the treatment regimen for Galloway and whatever may be the truth about alleged statements she made to Galloway to write his wife "that he was not being mistreated or denied medical care" (Amended Complaint, ¶K.1.) such a demand is not

---

the certain actions of the alleged conspirators taken to achieve that purpose.") (citing *Kalmanovitz* ). Stripped of their veneer, Galloway's assertions are merely unsupported conclusions of conspiracy that can not properly survive a motion to dismiss.

[5]It is clear that it was after-the fact as plaintiff alleges that Burks response to his statement was: "Well, you didn't die." Amended Complaint, ¶K.1.

a violation of any of plaintiff's civil right.

However, to state a claim under §1983, the defendant must have been personally involved in the allegedly wrongful conduct either by actual conduct or his knowledge of, and acquiescence in, the wrongful conduct. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207-1208 (3$^d$ Cir. 1988). Every defendant against whom a suit is brought must be shown to have been involved in the complained of conduct. *Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077 (3$^d$ Cir. 1976). Liability under Section 1983 cannot be premised on a theory of *respondeat superior* in any context. *Parratt v. Tailor*, 451 U.S. 527, 537 N.3 (1981); *Monell v. Dept. of Social Services*, 436 U.S. 658, 691 (1978); *Blanche Road Corp. v. Bensalem Township*, 57 F.3d 253, 263 (3$^d$ Cir. 1995); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3$^d$ Cir. 1988); *Hampton*, 546 F.2d at 1082. The threshold issue is whether a defendant participated in, or had actual knowledge of, and, having the power and duty to affect the course of others, acquiesced in, the conduct that caused the violation of plaintiff's federally protected rights. *Baker v. Monroe Township*, 50 F.3d 1186, 1190-91 (3$^d$ Cir. 1995); *Hampton*; *Goode v. Rizzo*, 506 F.2d 542, 550 (3$^d$ Cir. 1974), *rev'd on other grounds*, 423 U.S. 362 (1976); *Bracey v. Grenoble*, 494 F.2d 566, 571 (3$^d$ Cir. 1974). For example, Galloway only asserts that Roberts should be held liable because he "was responsible for the direct supervision of the parole agents ... and ... for their conduct and training. Complaint ¶C-2. As the Court of

Appeals explained in *Chinchello v. Fenton*, 805 F.2d 126, 134 (3ᵈ Cir.1986), "[*Goode v. ]Rizzo*[, 506 F.2d 542 (3ᵈ Cir. 1974)] and its pre-March 1983 progeny in this Circuit demonstrate that there is no affirmative duty to train, supervise and discipline subordinates."[6]

Galloway's attempts to hold these three defendants liable simply for being the superior or supervisor must be rejected. *Egan v. Cocini*, 585 F.Supp. 801 (M.D. Pa. 1984). Sharon Burks, Neil Mechling and James Morgan, who are not alleged to have participated in any decision which arguably violated Galloway's rights, should be dismissed.

---

[6]The *Chinchello* court observed that other courts of appeal have been more willing to infer supervisory approval of unconstitutional conduct. However those courts have found that liability will vest only where the official has " '1) contemporaneous knowledge of the offending incident or knowledge of a prior pattern of similar incidents, and 2) circumstances under which the supervisor's inaction could be found to have communicated a message of approval to the offending subordinate.' " *Id.*, 805 F.2d at 133.

CONCLUSION

Wherefore, the Court should dismiss the Pennsylvania Board of Probation and Parole, Joseph Smith, Daniel Roberts, George Johnson, Charles B. Giornesto, Arthur Thomas, K. Scott Roy, Thomas Ridge, William Ward, Sharon Burks, Seth Mendelsohn, Fred Jacobs, Neil Mechling and James Morgan.

Respectfully submitted,

D. MICHAEL FISHER
Attorney General

BY: *Francis R. Filipi*
FRANCIS R. FILIPI
Senior Deputy Attorney General
Attorney ID# 18630

SUSAN J. FORNEY
Chief Deputy Attorney General
Chief, Litigation Section

Counsel for Defendants
Pennsylvania Board of
Probation And Parole, Joseph
Smith, Daniel Roberts, George
Johnson, Charles B. Giornesto,
Arthur Thomas, K. Scott Roy,
Thomas Ridge, William Ward,
Sharon Burks, Seth Mendelsohn,
Fred Jacobs, Neil Mechling and
James Morgan

OFFICE OF ATTORNEY GENERAL
Litigation Section
15th Floor, Strawberry Square
Harrisburg PA 17120
E-Mail: ffilipi@attorneygeneral.gov
Direct Dial: (717) 787-3874
FAX: (717) 772-4526

DATE: September 11, 2002

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GAIL GALLOWAY
    Plaintiff

v.

PENNSYLVANIA BOARD OF
PROBATION AND PAROLE, *et al.*,
    Defendants

No. 1:00-CV-00649

Judge Rambo
Magistrate Judge Smyser

## CERTIFICATE OF SERVICE

I, FRANCIS R. FILIPI, Senior Deputy Attorney General, hereby certify that on this date I caused to be served copies of the foregoing Brief in Support of Motion to Dismiss Filed on Behalf of Defendants Board, Smith, Roberts, Johnson, Giornesto, Thomas, Roy, Ridge, Ward, Burks, Mendelsohn, Jacobs, Mechling and Morgan, by depositing a copy in the United States Mail, postage prepaid, first class, in Harrisburg, PA, addressed to each of the following:

Gail Galloway
R.D. #1, Box 30
Petersburg, PA 16669

Plaintiff

*Francis R. Filipi*
FRANCIS R. FILIPI
Senior Deputy Attorney General

DATED: September 11, 2002