

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GAIL GALLOWAY,                  :        CIVIL NO. 1:CV-00-0649

      **Plaintiff,**              :

    **v.**                          :

**PENNSYLVANIA BOARD OF**        :
**PROBATION AND PAROLE** *et al.,* :

      **Defendants.**             :



## MEMORANDUM

      Before the court is Defendant Stewart's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The parties have briefed the issues, and the matter is ripe for disposition.

**I.**      **Background**[1]

      Plaintiff, Gail Galloway, was released on parole on September 14, 1994. Plaintiff's house was searched on June 1, 1998, and various weapons were found in the bedroom of Plaintiff's twenty-seven year old son, David Galloway. Plaintiff was subsequently incarcerated for fifteen and one-half months following the Pennsylvania Board of Probation and Parole's ("Board of Parole") finding that Plaintiff had violated his parole.

      The instant action arises out of the June 1, 1998 search and seizure; certain events that occurred during Plaintiff's subsequent incarceration; the disposition of Plaintiff's petition for writ of habeas corpus; and a forfeiture action

---

[1]For a more comprehensive history of the background in this matter see the court's January 2, 2001 Memorandum and Order.

involving the seized weapons. The named Defendants include: the Board of Parole and sixteen other individuals including employees and officials of the Board of Parole; the Pennsylvania Department of Corrections; the former Governor of Pennsylvania; the District Attorney of Huntingdon County, Pennsylvania; and the Honorable William W. Caldwell, United States District Court Judge for the Middle District of Pennsylvania.

On January 2, 2001, the court dismissed the action against Defendants Board of Parole, Judge Caldwell, Charles Giornesto, Joseph Smith, Daniel Roberts, George Johnson, Arthur Thomas, K. Scott Roy, Thomas Ridge, William Ward, Sharon Burks, Seth Mendelsohn, Fred Jacobs, Neil Mechling, and James Morgan (collectively, the "State Defendants"). With respect to Defendant Stewart, the court dismissed a claim that he filed a fraudulent forfeiture action against David Galloway and Plaintiff in order to seize property that did not belong to Plaintiff. Subsequently, on July 16, 2001, the court granted summary judgment in favor of Defendant Stewart on Plaintiff's allegations that Defendant Stewart conspired with Judge Caldwell to deprive Plaintiff of his due process rights under the Fourteenth Amendment to the United States Constitution.

On appeal to the Third Circuit, Plaintiff asserted that the court erred in granting the motions to dismiss without first allowing him to amend his complaint. Plaintiff also appealed the court's grant of summary judgment in Defendant Stewart's favor. The Third Circuit vacated the court's January 2, 2001 order and remanded the case for findings consistent with *Shane v. Fauver*, 213 F.3d 113 (3d

2

Cir. 2000).[2]  On July 16, 2002 the court issued a memorandum and order discussing Plaintiff's complaint and the various motions to dismiss in light of the Third Circuit's remand.  The court granted Plaintiff leave to amend the following claims: (1) his Fourth Amendment claims against Defendants Giornesto, Smith, Roberts, Johnson, Thomas, Roy, Ridge and Ward; (2) his Fourteenth Amendment claim that his due process rights were violated when his parole was revoked; and (3) his individual capacity claims against Defendants Burks, Morgan, and Mechling. However, the court found that it would be futile to grant Plaintiff leave to amend the following claims: (1) any official capacity claims against the State Defendants; (2) his claim against Defendant Caldwell; and (3) his forfeiture claim against Defendant Stewart.

On August 20, 2002, Plaintiff submitted an Amended Complaint, wherein he reasserted his due process claims against Defendant Stewart, as well as a series of claims against the other remaining Defendants.  On August 30, 2002, Defendant Stewart filed a motion to dismiss.  Plaintiff filed a response on September 6, 2002.  This motion is now ripe for disposition.

## II.        Legal Standard: Motion to Dismiss

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court is required to accept as true all of the factual

---

[2]The Third Circuit's remand order stated: "[o]n consideration whereof, it is now here ORDERED AND ADJUDGED by this court that the judgment of the District Court entered January 22, 2001, be and the same is hereby vacated."  The court's January 22, 2001 decision was an order denying Plaintiff's motion for reconsideration of the court's January 2, 2001 decision.  Nonetheless, the court reads the Third Circuit's opinion to have vacated the January 2, 2001 order, as well as the January 22, 2001 order.

allegations in the complaint and all reasonable inferences that can be drawn from the face of the complaint. *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996). "The complaint will be deemed to have alleged sufficient facts if it adequately put[s] the defendant[s] on notice of the essential elements of the plaintiff's cause of action." *Id.* The court will not dismiss a complaint for failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). "In determining whether a claim should be dismissed under [Federal] Rule 12(b)(6), a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record." *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). However, the court may consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] document[s]." *Pension Ben. Guar. Corp. v. White Consol. Ind*, 998 F.2d 1192, 1196 (3d Cir. 1993). Finally, in the Third Circuit, a court must grant leave to amend before dismissing a complaint that is merely deficient. *See, e.g., Weston v. Pennsylvania*, 251 F.3d 420, 428 (3d Cir. 2001); *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000).

## III.        Discussion

Defendant Stewart contends that Plaintiff's claims should be dismissed because: (1) the court disposed of them in its July 16, 2001 order granting summary judgment in favor of Defendant Stewart, (2) the claims are barred by the statute of limitations, and (3) Defendant Stewart's alleged actions do not constitute state action. For the reasons set forth more fully below, the court finds that Defendant's

4

first argument is well-founded, and thus, dispositive of the case. Therefore, the court need not address Defendant's remaining arguments.

In its July 16, 2002 order, the court determined that granting Plaintiff leave to amend his complaint as to Defendant Stewart would be futile. Specifically, the court stated:

> [T]he court will not allow Plaintiff to amend his complaint with respect to Defendant Stewart. Plaintiff's original complaint alleged that Defendant Stewart, among other things, conspired with Defendant Mendelsohn in an illegal forfeiture of David Galloway's property. The court dismissed this claim, finding that Plaintiff could not recover under Section 1983 for a violation of another's rights. The court finds that it would be futile to amend his complaint in this regard, because no allegations of forfeiture of another's property could state a claim for a violation of Plaintiff's rights.

*Galloway v. Pennsylvania Bd. of Prob. and Parole, et al.,* No. 1:CV-00-0649, Memorandum and Order at 5 (M.D. Pa., July 16, 2002) (Rambo, J.). Thus, in so far as the amended complaint relates to the forfeiture claims, it is clear that the court's July 16, 2002 order bars Plaintiff from reasserting these claims.

In so far as the court can deduce, Plaintiff appears to argue that the court's July 16, 2002 order left open the option for Plaintiff to amend his complaint as to his due process claims against Defendant Stewart. However, this is not the case. The court, in its July 16, 2001 order, granted summary judgment in favor of Defendant Stewart as to Plaintiff's claim that Defendant Stewart conspired with Judge Caldwell to place Plaintiff in solitary confinement and that Plaintiff was denied the opportunity to respond to Stewart's filings prior to having his petition for writ of habeas corpus dismissed. However, the Third Circuit's decision, to vacate and remand the court's January 2, 2002 memorandum and order, did not implicate

5

the court's July 16, 2001 order.  The court noted as much its July 16, 2002 order.  In a footnote, the court said:

> The court did not herein address Defendant Stewart's previous motion to dismiss Plaintiff's due process claims against Defendant Stewart because this court originally denied that motion, and subsequently granted summary judgment in favor of Defendant Stewart on that claim.  Thus, Plaintiff's original due process claim against Defendant Stewart is not implicated by the Third Circuit's decision to vacate and remand this court's January 2, 2001 order.

July 16, 2002, Order at 2 n. 2.

Because the court's July 16, 2001 order was not implicated by the Third Circuit's remand it is still the judgment of this court and thus binds the parties.  All of Plaintiff's claims against Defendant Stewart have been dismissed by the court's orders of July 16, 2001 and July 16, 2002.  Plaintiff cannot circumvent the court's decision to grant summary judgment in favor of Defendant Stewart by merely amending his complaint.  Therefore, Plaintiff is barred from reasserting any claims as they pertain to Defendant Stewart's liability in this matter.  Accordingly, the court will grant Defendant's motion to dismiss.

## IV.    Conclusion

In accordance with the foregoing discussion, the court will grant Defendant Stewart's motion to dismiss  An appropriate order will issue.

SYLVIA H. RAMBO
United States District Judge

Dated: September    26 , 2002.