

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GAIL GALLOWAY,** | CIVIL NO. 1:CV-00-0649 |
| **Plaintiff,** | |
| v. | |
| **PENNSYLVANIA BOARD OF PROBATION AND PAROLE** *et al.*, | |
| **Defendants.** | |



## MEMORANDUM

Before the court is Defendants Pennsylvania Board of Probation and Parole, Joseph Smith, Daniel Roberts, George Johnson, Charles Giornesto, Arthur Thomas, K. Scott Roy, Governor Thomas Ridge (now Director of Homeland Security, hereinafter, referred to as "Ridge"), William Ward, Sharon Burks, Seth Mendelsohn, Fred Jacobs, Neil Mechling and James Morgan's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The parties have briefed the issues, and the matter is ripe for disposition.

**I.      Background**[1]

Plaintiff, Gail Galloway, was released on parole on September 14, 1994. Plaintiff's house was searched on June 1, 1998, and various weapons were found in the bedroom of Plaintiff's twenty-seven year old son, David Galloway. Plaintiff was subsequently incarcerated for fifteen and one-half months following

---

[1] For a more comprehensive history of the background in this matter see the court's January 2, 2001 Memorandum and Order.

the Pennsylvania Board of Probation and Parole's ("Board of Parole") finding that Plaintiff had violated his parole.

The instant action arises out of the June 1, 1998 search and seizure; certain events that occurred during Plaintiff's subsequent incarceration; the disposition of Plaintiff's petition for a writ of habeas corpus; and a forfeiture action involving the seized weapons. The named Defendants include the Board of Parole and sixteen other individuals including employees and officials of the Board of Parole, the Pennsylvania Department of Corrections, the former Governor of Pennsylvania, the District Attorney of Huntingdon County, Pennsylvania, and the Honorable William W. Caldwell, United States District Court Judge for the Middle District of Pennsylvania.

On January 2, 2001, the court dismissed the action against Defendants Board of Parole, Judge Caldwell, Giornesto, Smith, Roberts, Johnson, Thomas, Roy, Ridge, Ward, Burks, Mendelsohn, Jacobs, Mechling, and Morgan. With respect to Defendant Stewart, the court dismissed a claim that he filed a fraudulent forfeiture action against David Galloway and Plaintiff in order to seize property that did not belong to Plaintiff. Subsequently, on July 16, 2001, the court granted summary judgment in favor of Defendant Stewart on Plaintiff's allegations that Defendant Stewart conspired with Judge Caldwell to deprive Plaintiff of his due process rights under the Fourteenth Amendment to the United States Constitution.

On appeal to the Third Circuit, Plaintiff asserted that the court erred in granting the motions to dismiss without first allowing him to amend his complaint. Plaintiff also appealed the court's grant of summary judgment in Defendant Stewart's favor. The Third Circuit vacated the court's January 2, 2001 order and

remanded the case for findings consistent with *Shane v. Fauver*, 213 F.3d 113 (3d Cir. 2000).[2] On July 16, 2002 the court issued a memorandum and order discussing Plaintiff's complaint and the various motions to dismiss in light of the Third Circuit's remand. The court granted Plaintiff leave to amend the following claims: (1) his Fourth Amendment claims against Defendants Giornesto, Smith, Roberts, Johnson, Thomas, Roy, Ridge, and Ward; (2) his Fourteenth Amendment claim that revocation of his parole violated his due process rights; and (3) his individual capacity claims against Defendants Burks, Morgan, and Mechling. However, the court found that it would be futile to grant Plaintiff leave to amend the following claims: (1) any official capacity claims against the State Defendants; (2) Plaintiff's claims against Judge Caldwell; and (3) his forfeiture claim against Defendant Stewart.

On August 20, 2002, Plaintiff submitted an Amended Complaint, wherein he reasserted (1) a claim that Defendant Smith's search of his home violated his Fourth Amendment rights, (2) a claim that the procedures afforded him at the parole violation hearing violated his Fourteenth Amendment right to due process, (3) a claim that the forfeiture proceedings violated his Fourteenth Amendment right to due process; and (4) claims that while he was incarcerated at SCI Smithfield and SCI Waynesburg, he was provided inadequate medical care in violation of his Eighth Amendment right to be free from cruel and unusual

---

[2]The Third Circuit's remand order stated: "[o]n consideration whereof, it is now here ORDERED AND ADJUDGED by this court that the judgment of the District Court entered January 22, 2001, be and the same is hereby vacated." The court's January 22, 2001 decision was an order denying Plaintiff's motion for reconsideration of the court's January 2, 2001 decision. Nonetheless, the court reads the Third Circuit's opinion to have vacated the January 2, 2001 order, as well as the January 22, 2001 order.

3

punishment. On August 30, 2002, Defendant Stewart filed a motion to dismiss Plaintiff's Amended Complaint. On September 26, 2002, after briefing by the parties, the court granted Defendant Stewart's motion to dismiss. On September 4, 2002, Defendants filed the instant motion to dismiss. Plaintiff filed a response on September 26, 2002. The matter is now ripe for disposition.

**II.**     **Legal Standard: Motion to Dismiss**

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court is required to accept as true all of the factual allegations in the complaint and all reasonable inferences that can be drawn from the face of the complaint. *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996). "The complaint will be deemed to have alleged sufficient facts if it adequately put[s] the defendant[s] on notice of the essential elements of the plaintiff's cause of action." *Id.* The court will not dismiss a complaint for failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). "In determining whether a claim should be dismissed under [Federal] Rule 12(b)(6), a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record." *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). However, the court may consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] document[s]." *Pension Ben. Guar. Corp. v. White Consol. Ind*, 998 F.2d 1192, 1196 (3d Cir. 1993). Finally, in the Third Circuit, a court must grant leave to amend before dismissing a

4

complaint that is merely deficient. *See, e.g., Weston v. Pennsylvania*, 251 F.3d 420, 428 (3d Cir. 2001); *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000).

**III.**     **Discussion**

Defendants contend that Plaintiff's Amended Complaint should be dismissed because (1) the Board of Parole does not have an "individual capacity" and is immune from damages by reason of the Eleventh Amendment to the United States Constitution, (2) the search of Plaintiff's son's room, in which Plaintiff denies having any possessory interest, did not violate Plaintiff's Fourth Amendment rights, (3) Plaintiff does not assert that a state or federal court has invalidated his parole revocation proceedings and therefore his § 1983 claims are not cognizable, and (4) Plaintiff has not adequately pled a claim of personal involvement by Defendants Burks, Morgan or Mechling in violating his civil rights. For the reasons that follow, the court agrees with Defendants and will grant their motion to dismiss.

    **A.**     **The Board of Parole does not have an individual capacity and is immune from damages by reason of the Eleventh Amendment.**

The court's July 16, 2002, order has led to some confusion among the parties regarding whether Plaintiff could reassert a cause of action in his Amended Complaint against the Board of Parole. The confusion surrounds the court's use of the terms "individual capacity" and "official capacity" in the order. Defendants assert that the Board of Parole does not have an "individual capacity," consequently, all of Plaintiffs claims against the Board of Parole are barred by the Eleventh Amendment. Plaintiff does not address this issue in his response to Defendants motion to dismiss. The court agrees with Defendants. As an agency of the Commonwealth of Pennsylvania, the Board of Parole is entitled to Eleventh

5

Amendment immunity because it has not given its consent to be sued and Congress has not abrogated Eleventh Amendment immunity under § 1983. *See Laskaris v. Thornburg,* 661 F.2d 23, 25 (3d. Cir. 1981) (recognizing that Pennsylvania has specifically withheld consent to suit in federal court under 42 Pa. Cons. Stat. § 8521(b)); *see also Quern v. Jordan,* 440 U.S. 332, 342 (1979) (holding that § 1983 does not override Eleventh Amendment immunity).

Accordingly, the court will grant Defendants' motion to dismiss to the extent that Plaintiff's Amended Complaint states a cause of action against the Board of Parole. Because sovereign immunity is a matter of subject matter jurisdiction, the court finds that it would be futile to grant Plaintiff leave to amend his complaint. *See Weston,* 251 F.3d at 428; *Shane,* 213 F.3d at 116-17.

### B. The search of David Galloway's room did not violate Plaintiff's Fourth Amendment rights.

In its July 16, 2002, order, the court granted Plaintiff leave to amend "his Fourth Amendment claims against Defendants Smith, Roberts, Johnson, Thomas, Roy, Ridge and Ward." *Galloway v. Pennsylvania Board of Probation and Parole, et al.,* Order at 2, Part I.C.i, July 16, 2002 (Rambo, J.). In the memorandum accompanying the July 16, 2002 order, the court informed Plaintiff that he must demonstrate that he personally has an expectation of privacy in the place searched or the objects seized and that his expectation was reasonable. Memorandum at 4. In his Amended Complaint, Plaintiff continues to assert that Defendants violated his Fourth Amendment rights by searching his son's room, an area that Plaintiff admits he did not have access to or authority over. Because Plaintiff has not alleged that he has any reasonable expectation of privacy as to his son's bedroom or possessions, as a matter of law, there can be no violation of Plaintiff's constitutional rights.

6

Section 1983 imposes liability on any person who "under color of any statute, ordinance, regulation, custom, or usage of any State" deprives another of "any rights, privileges or immunities secured by the Constitution or laws. . . ." 42 U.S.C. § 1983. Section 1983 does not grant any substantive rights, but instead offers redress for the deprivation of already existing Constitutional or statutory rights. *See Maine v. Thiboutot*, 448 U.S. 1, 5-6 (1980). Thus, in order to recover under § 1983, a plaintiff must show that there has been a violation of a federal constitutional or statutory right. *Nicini v. Morra*, 212 F.3d 798, 806 (3d. Cir. 2000).

Plaintiff's claims against Defendants Giornesto, Smith, Roberts, Johnson, Thomas, Roy, Ridge and Ward are based on alleged violations of the Fourth Amendment prohibition against unreasonable searches and seizures.[3] Defendants contend that the search of David Galloway's bedroom and subsequent seizure of weapons found there did not violate Plaintiff's rights because Plaintiff did not have a possessory interest in the area searched. Plaintiff concedes that the Board had the power to conduct a warrantless search of any property over which he exercised common authority due to Plaintiff's status as a parolee. (Amend. Compl. at 8, ¶ 3.) Plaintiff continues to rest his allegations of a Fourth Amendment violation on the fact that David Galloway was not an "offender" for the purposes of Board authority to conduct a warrantless search, and that David Galloway had a reasonable expectation of privacy that his bedroom would be free of a warrantless search. (*Id* at 3.)

---

[3]Plaintiff also refers to Article I § 8 of the Pennsylvania Constitution which prohibits unreasonable searches and seizures. However, recovery under § 1983 is predicated upon violations of federal law, therefore the court need not address Plaintiff's allegations of state constitutional violations.

In the criminal context, "[t]o claim Fourth Amendment protection, a defendant must demonstrate that he personally has an expectation of privacy in the place searched, and that his expectation is reasonable." *Minnesota v. Carter*, 525 U.S. 83, 88 (1998). Here, Plaintiff has not alleged that he had any reasonable expectation of privacy as to his son's bedroom or possessions. In fact, Plaintiff admits that he did not have access to, or authority over, David Galloway's bedroom. (*Id.*) Plaintiff concedes that the search of the common areas of the house was reasonable. (Pl. Resp. to Def. Mot. to Dis. at 7) ("When defendant Smith entered Plaintiff's home on June 1, 1998, he found no evidence of a parole violation in Plaintiff's living quarters or areas of common authority, that is where the reasonableness of the search ended.") Plaintiff further acknowledges that it is actually David Galloway's constitutional rights that are at issue when he states that "Plaintiff did not and cannot sign away the Constitutional rights of another person to have his property searched without a warrant." (*Id.*) Thus, Plaintiff has not stated a claim for a violation of his own Fourth Amendment rights.

Plaintiff also describes various conspiracies and due process violations that are directly related to the alleged Fourth Amendment violations. Plaintiff contends that Defendants Smith, Roberts, Johnson, and Giornesto conspired to violate his Fourth Amendment rights. Moreover, Plaintiff alleges that Defendants Thomas, Roy, Ward, and Ridge conspired to cover up the violation of these rights. As the court has already determined that Plaintiff's Fourth Amendment rights have not been violated, he may not recover under these theories. Section 1983 provides

recovery for violations of individuals' constitutional or statutory rights. Where there is no violation, there is no recovery.[4]

The court also finds that it would be futile to grant Plaintiff leave to file a seconded amended complaint. The court is aware the leeway is to be given when dealing with *pro se* plaintiffs. However, the court has already granted Plaintiff leave to amend once with specific instructions of what he needed to show in order to state a cause of action for a violation of his Fourth Amendment rights. Given that Plaintiff has failed to state a § 1983 cause of action for violation of his Fourth Amendment rights in his amended complaint, it would be futile for the court to allow him to file a second amended complaint. *See Weston*, 251 F.3d at 428; *Shane*, 213 F.3d at 116-17. Accordingly, Plaintiff's Fourth Amendment claims against Defendants Giornesto, Smith, Roberts, Johnson, Thomas, Roy, Ridge, and Ward will be dismissed with prejudice.

### C. Plaintiff cannot recover under § 1983 for due process violations in his revocation hearing unless that decision is otherwise invalidated.

The court granted Plaintiff leave to amend his complaint to "allege that [a] state or federal tribunal had invalidated Plaintiff's parole revocation." July 16, 2002, Memorandum at 4. Plaintiff's Amended Complaint makes no such assertion. Rather, Plaintiff continues to allege that his Fourteenth Amendment right to due

---

[4]At points throughout his Amended Complaint, Plaintiff alleges that his Fourth Amendment rights were violated by his arrest and subsequent parole revocation. Plaintiff's allegations are premised on the idea that the search of David Galloway's room was improper. Because the court has already ruled that Plaintiff may not assert the Fourth Amendment right of another individual, his allegations that his seizure was improper based on evidence gathered in that search also fails as a matter of law. Furthermore, to the extent that Plaintiff is attempting to challenge the validity of his parole revocation process, he can only do so if a federal or state tribunal has called the validity of that process into question. *See supra* at Part III.C.

process was violated when his parole was revoked and he was imprisoned based on the weapons seized on June 1, 1998.

Specifically, Plaintiff claims Defendant Giornesto fabricated the tip that led to the search of the guns, and that he caused Plaintiff to lose a protected liberty interest. (Amend. Compl. at 21, ¶ D.) Defendant Roberts was negligent in his supervision of Defendants Giornesto, Johnson and Smith and that he allegedly engaged in a conspiracy to violate Plaintiff's Constitutional rights. (*Id* at 19, ¶ B5.) Regarding Defendant Smith, Plaintiff asserts that he intentionally introduced falsified documents to prove that Plaintiff had purchased a gun, and that Smith testified against him even though he knew that Plaintiff was not in possession of contraband. (*Id* at 17, ¶¶ 15-17.) Defendant Johnson allegedly attempted to cover up the known false report and helped to fabricate the parole violation. (*Id* at 20, ¶ 1.)

As to Defendants Thomas and Roy, Plaintiff provides only general allegations that those individuals abused their office as attorneys and that they took part in an overall conspiracy to deprive Plaintiff of his liberty interest and due process of law. (*Id* at 26, ¶ 2; 29, ¶ 2.) Similarly, Plaintiff asserts that Defendant Ridge became aware of Constitutional violations and the denial of Plaintiff's right to due process, but ignored the violations. Plaintiff also provides only general allegations that Defendant Ward was involved in the conspiracy to cover up due process violations. Finally, Plaintiff alleges that Defendant Jacobs, the hearing examiner at the revocation hearing, denied Plaintiff due process through various procedural errors.

Defendants argue that Plaintiff is essentially challenging the validity of his parole revocation, a challenge not cognizable under § 1983 unless the decision to revoke has been invalidated or overturned. Defendants rely heavily on *Heck v. Humphry*, 512 U.S. 477 (1994), where a prisoner filed a § 1983 claim against prosecutors and a police investigator. In *Heck*, the plaintiff alleged that there had been an unreasonable, unlawful, and arbitrary investigation, evidence was destroyed, and unlawful procedures had been used. *Id.* at 479. The Supreme Court held that to recover damages under § 1983, a plaintiff must prove that his conviction or sentence has been previously invalidated in a state or federal proceedings. *Id.* at 486-87. Similarly, lower courts have applied *Heck* to parole board denials or revocations of parole. *Butterfield v. Bail*, 120 F.3d 1023 (9th Cir. 1997); *Ali v. Hubbard*, No. 97-1047, 1997 U.S. App. LEXIS 23802 (1st Cir. August 27, 1997); *Crow v. Penry*, 102 F.3d 1086 (10th Cir. 1996); *Miller v. Indiana Dep't of Corrections*, 75 F.3d 330 (7th Cir. 1995); *McGrew v. Texas Bd. of Pardons & Paroles*, 47 F.3d 158, 161 (5th Cir. 1995); *Schafer v. Moore*, 46 F.3d 43 (8th Cir. 1995).

In his Amended Complaint, Plaintiff has not demonstrated that a state or federal tribunal has invalidated the revocation of his parole. Instead, Plaintiff asserts – without citing any relevant case law – that *Heck* is inapplicable to the instant matter. The court, however, agrees with those courts that have applied *Heck* to parole board denials and revocations of parole. Thus, Plaintiff's claims for damages under § 1983 for any due process violations that may have occurred leading up to, or during, his revocation hearing are barred by the Supreme Court's holding in *Heck*. Accordingly, Plaintiff's due process claims against Defendants

Giornesto, Smith, Roberts, Johnson, Thomas, Roy, Ridge, Ward, and Jacobs will be dismissed.

The court also finds that it would be futile to grant Plaintiff leave to file a second amended complaint. In its July 16, 2002 memorandum, the court specifically informed Plaintiff that he must demonstrate "that any state or federal tribunal [has] invalidated" his parole revocation. Memorandum at 4. The only conclusion that the court can draw from Plaintiff's failure to make this showing in his Amended Complaint is that no state or federal tribunal has invalidated his parole revocation. Accordingly, it would be futile for the court to grant Plaintiff leave to file yet another amended complaint. *See Weston*, 251 F.3d at 428; *Shane*, 213 F.3d at 116-17.

**D.   Defendants Burks, Morgan, and Mechling did not participate in, direct or have knowledge of and acquiesce to violations of Plaintiff's federal rights.**

Plaintiff's allegations as to Defendants Burks, Morgan, and Mechling do not state a claim for liability under § 1983. The court granted Plaintiff leave to amend his complaint to allege that these Defendants were personally involved in violating Plaintiff's civil rights. Rather than alleging actual personal involvement in a violation of his civil rights, Plaintiff continues to assert that each Defendant conspired to violate his rights.

Where a plaintiff seeks to hold individual actors liable in their personal capacities under § 1983, liability will not be imposed vicariously or based on a theory of respondeat superior. *Shaw v. Strackhouse*, 920 F.2d 1135, 1147 (3d Cir. 1990); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Instead, a defendant must have had personal involvement in violating a plaintiff's civil rights.

12

*Rode*, 845 F.2d at 1207. Such involvement may include participation in, personal direction of, or actual knowledge of and acquiescence to alleged violations. *Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1293 (3d Cir. 1997).

As to Defendant Burks, the Assistant Superintendent of SCI Smithfield, Plaintiff's allegations are nearly identical to those in his original complaint. He continues to allege that Defendant Burks "is responsible for a conspiracy to cover up the denial of medical care as guaranteed by the Eighth Amendment." (Amend. Compl. at 32, ¶ K.) The factual allegations made by Plaintiff do not support a claim for personal liability under § 1983. According to the Amended Complaint, Burks did not become aware of any denial of medical care until after Plaintiff had been treated and released from the infirmary. Plaintiff has not alleged that she in anyway participated in, directed, or had knowledge of and acquiesced to the denial. Therefore, Plaintiff's claim against Burks will be dismissed.

Similarly, Plaintiff's claims against Defendants Morgan and Mechling cannot stand. Plaintiff simply alleges that Morgan and Mechling failed to meet their duties as Superintendents of SCI Smithfield and SCI Waynesburg, respectively. No personal contact between these Defendants and Plaintiff is alleged, nor is any knowledge of purported constitutional or statutory violations that would allow Plaintiff to recover damages pursuant to § 1983. Because personal liability under § 1983 cannot be imposed vicariously or based on respondeat superior, Plaintiff's claims against Morgan and Mechling will also be dismissed.

Furthermore, given that Plaintiff has for a second time failed to state a cognizable claim against Defendants Burks, Morgan and Mechling, the court finds

13

that it would be futile to grant leave to amend. *See Weston*, 251 F.3d at 428; *Shane*, 213 F.3d at 116-17.

### E. John Doe #1

In addition to the claims brought against the named Defendants, Plaintiff also alleges a cause of action against John Doe # 1 for a violation of his Eight Amendment rights. Plaintiff specifically alleges that John Doe # 1 refused to get Plaintiff appropriate medical care while he was incarcerated. Plaintiff has not made any attempt to identify John Doe # 1 to the court, nor to properly serve this individual prior to the expiration of the statute of limitations. In the interests of judicial economy, and given that the court will dismiss all of the other Defendants from the case, the court will dismiss Plaintiff's complaint against John Doe # 1, *sua sponte*.

District courts have the power to dismiss inadequate complaints *sua sponte*. *See* Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (Even if a party does not make a formal motion, the court on its own initiative may note the inadequacy of the complaint and dismiss it for failure to state a claim as long as the procedure employed is fair.). In *Bryson v. Brand Insulations, Inc.*, 621 F.2d 556 (3d Cir. 1980), the Third Circuit held that district courts have the power to dismiss a complaint *sua sponte*. The court stated:

> The district court may on its own initiative enter an order dismissing the action provided that the complaint affords a sufficient basis for the court's action. Certain protections, however, are guaranteed the plaintiff. A court may not dismiss a complaint on the pleadings unless no set of facts could be adduced to support the plaintiff's claim for relief. In addition, because judgment on the pleadings results in an early assessment of the merits of plaintiff's action, the plaintiff must be given the safeguard of having all its allegations taken as true and all inferences favorable to plaintiff will be drawn.

*Id.* at 559 (citations omitted). A number of other circuit courts have also held that courts may dismiss cases *sua sponte* under Rule 12(b)(6), given proper circumstances. *See e.g., McKinney v. Oklahoma, Dept. of Human Services of Okla.*, 925 F.2d 363 (10th Cir. 1991); *Smith v. Boyd*, 945 F.2d 1041 (8th Cir. 1991); *Thomas v. Scully*, 943 F.2d 259 (2d Cir. 1991); *Guthrie v. Tifco Industries*, 941 F.2d 374 (5th Cir. 1991); *Tamari v. Bache & Co. (Lebanon) S.A.L.*, 565 F.2d 1194 (7th Cir. 1977); *Dodd v. Spokane County*, 393 F.2d 330 (9th Cir. 1968).

There normally is no authority to proceed against unknown persons in the absence of a statute or rule expressly permitting the practice. *See* Joel E. Smith, Annotation, *Relation Back of Amended Pleading Substituting True Name of Defendant For Fictitious Name Used in Earlier Pleadings So as to Avoid Bar of Limitations*, 85 A.L.R. 3d 130 (1978). The Third Circuit, however, although not sanctioning the practice, has apparently accepted it in civil rights suits without significant discussion. *See Baker v. Monroe Township*, 50 F.3d 1186, 1190 (3d Cir. 1995). However, the naming of a John Doe defendant and the filing of a complaint does not toll the statute of limitations in Pennsylvania. *See Cathcart v. Keene Indus. Insulation*, 471 A.2d 493, 501 (Pa. Super. 1984).

In § 1983 actions, federal courts apply the statute of limitations governing state actions for personal injuries. *Wilson v. Garcia*, 471 U.S. 261, 276-80 (1985). Pennsylvania has a two-year limitations period for personal injury actions. 42 Pa. Cons. Stat. § 5524(7). The statute of limitations begins to run from the time that the cause of action accrues. Under federal law, a § 1983 action accrues when a plaintiff knows, or has reason to know, of the injury forming the basis of his complaint. *Eastern Paralyzed Veterans v. Sykes*, 697 F. Supp. 854, 857 (E.D. Pa.

1988). In the instant case, Plaintiff knew of his injury allegedly caused by John Doe # 1 on or before November 10, 1998, as that was the date he was transferred from SCI Smithfield to SCI Waynesburg. Consequently, Plaintiff had, at the latest, until November 10, 2000 to commence this action against a properly identified Defendant. Plaintiff, however, to date, has not identified John Doe # 1.

In *Cathcart*, the Pennsylvania Superior Court held that an injured party must determine within the statutory period the identity of the party who caused his injuries. The *Cathcart* court, therefore, implicitly rejected the use of John Doe designations as a way to toll the statute of limitations. This conclusion is consistent with *Marzella v. King*, 389 A.2d 659, 662 (Pa. Super. 1978), where the Superior Court held that a summons that fails to designate a "legal, competent entity" does not effectively commence a civil action. John Doe designations in a complaint obviously do not designate a legal, competent entity and, therefore, such designations fail to commence an action which tolls the statue of limitations.[5] Therefore, the court concludes that the John Doe designation in Plaintiff's Complaint and his Amended Complaint did not effectively commence an action, and all actions against John Doe #1 are time barred and will be dismissed. Given that Plaintiff has already had one opportunity to amend his complaint and has not identified or served John Doe # 1 within the applicable statute of limitations, any

---

[5]Sound policy considerations support this conclusion. First, allowing John Doe designations to toll the limitations period for claims against unidentified defendants sanctions *ad hoc* amendments to carefully reasoned legislative determinations about the appropriate time within which to bring suit. Second, a rule that excuses a plaintiff's failure to identify the defendant within the statute of limitations encourages dilatory conduct. Plaintiffs do not have incentive to identify the proper defendant within the statutory period.

16

subsequent amendments would not relate back to the original filing and thus, it would be futile to grant Plaintiff leave to amend.

V. **Conclusion**

In accordance with the foregoing, the court will grant Defendants' motion to dismiss in its entirety. Given that Plaintiff has already had the benefit of an opportunity to amend his complaint, the court finds that any further effort to amend would be futile. An appropriate order will issue.

SYLVIA H. RAMBO
United States District Judge

Dated: October 18, 2002.