IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GAIL GALLOWAY,**   **Plaintiff,**   v.   **PENNSYLVANIA BOARD OF PROBATION AND PAROLE** *et al.*,   **Defendants.** | **CIVIL NO. 1:CV-00-0649** |

## **O R D E R**

The captioned matter is before the court on remand from the Court of Appeals for the Third Circuit. In its opinion remanding the case to this court, the Third Circuit affirmed the court's previous opinions dismissing Plaintiff's Amended Complaint in all respects except as to Plaintiff's Fourth Amendment claims. As to those claims, the Third Circuit indicated that, when liberally construed, Plaintiff's Amended Complaint alleges that Defendants illegally seized him in violation of his Fourth Amendment rights. Specifically, Plaintiff alleges that the warrantless illegal seizure of his son's weapons, which was based on a parole agent's allegedly false report, did not constitute probable cause to arrest Plaintiff. This is the only claim presently before the court; however, Plaintiff's forty-three page Amended Complaint is chock full other allegations that have been previously dismissed by this court and affirmed by the court of appeals.

Currently, before the court is Defendants' motion for Enlargement of Time to Respond to Plaintiff's Amended Complaint. Because the court believes that it is in the parties' best interest to focus the instant matter, the court will require

Plaintiff to file a second amended complaint alleging only Plaintiff's Fourth Amendment claims. Plaintiff's second amended complaint shall be a separate document and shall be in conformity with Federal Rule of Civil Procedure 8(a), which requires a short plain statement of the grounds for relief. Plaintiff shall set forth each of his factual allegations in separate paragraphs. Plaintiff is reminded that the only issue remaining are his allegations under the Fourth Amendment that the Defendants' search of his son's room did not create sufficient probable cause for Plaintiff's arrest. Any allegations in Plaintiff's second amended complaint that go beyond the scope of this issue will be stricken upon motion by the Defendants. Accordingly, **IT IS HEREBY ORDERED THAT:**

(1) Plaintiff shall file a second amended complaint in conformity with this order by no later than April 2, 2004.

(2) Defendants shall file an answer to Plaintiff's second amended complaint by no later than April 30, 2004.

(3) Defendants' Motion for Enlargement of Time to File an Answer to the Amended Complaint is **DENIED AS MOOT**.

(4) The court's case management order dated January 29, 2004, is amended as follows:

a) The deadline for completion of discovery on the Fourth Amendment claim is **May 14, 2004**.

b) Dispositive motions **and** supporting briefs shall be filed no later than **May 28, 2004.** The briefing schedule set forth in the Middle District local rules shall apply to responsive and reply briefs.

c) Motions *in limine* **and** supporting briefs shall be filed no later than **August 20, 2004.** Responsive briefs are due no later than **August 31, 2004**. Reply briefs are due by **September 6, 2004.**

      d) This case is placed on the October 2004 trial list. Jury selection for cases on the October list will begin at **9:30 a.m. on Monday, October 4, 2004**, in Courtroom No. 3, Eighth Floor, Federal Building, Third and Walnut Streets, Harrisburg, Pennsylvania. Trials will commence following jury selection. If counsel who intends to try the case has a conflict, the court must be notified immediately.

      f) A pretrial conference will be conducted by the court on **Friday, September 17, 2004, at 3:30 p.m.** in the chambers of Courtroom No. 3.

      g) No later than **noon on Friday, September10, 2004**, the parties shall file pretrial memoranda in accordance with the local rules of this court. Plaintiff shall also file *in camera* with the court an addendum to the pretrial memoranda indicating the name and substance of the testimony of each witness the parties intend to call. Plaintiff is to note that "*in camera*" refers to the fact that the court will not disclose his witness list and proposed witness testimony. **Failure to timely file pretrial memoranda or the required addendum may result in sanctions, including dismissal**.

5) All other provisions of the January 29, 2004 scheduling order remain in effect.

                                                  s/Sylvia H. Rambo  
                                                  Sylvia H. Rambo  
                                                  United States District Judge

Dated: March 3, 2004.