**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| GAIL J. GALLOWAY | : | |
| Plaintiff | : | |
| | : | |
| v. | : | No. 1:00-CV-0649 |
| | : | |
| PENNSYLVANIA BOARD OF | : | (Judge Rambo) |
| PROBATION AND PAROLE, *et al.*, | : | |
| Defendants | : | (Electronically Filed) |

## ANSWER

Defendants Joseph Smith, Daniel Roberts, George Johnson, Charles B. Giornesto, and William Ward, who are the only defendants plaintiff has identified as remaining targets of his litigation, by their attorneys, respond to those portions of the amended complaint pertaining to them and the sole remaining issue as follows:

### I.   CLARIFICATION

No response is required to the three paragraphs found under this heading as it appears to be directed to the Court. To the extent deemed to be allegations of

fact concerning those defendants plaintiff has stated remain in this litigation after the most recent remand, they are DENIED.

## II.   PRELIMINARY STATEMENT

(First unnumbered paragraph):  DENIED that answering defendants violated any of plaintiff's rights secured by the Constitutions of the United States and Pennsylvania.

(Second unnumbered paragraph):  ADMITTED (but irrelevant).

(Third paragraph):  DENIED that David Galloway had sole access to his room (in which the weapons were found) at the time the weapons were found.  The remainder is DENIED as a conclusion of law.

(Fourth unnumbered paragraph):  No response required.  DENIED that answering defendants violated any of plaintiff's constitutional rights.

(Fifth unnumbered paragraph):  DENIED that David Galloway had sole access to his room (in which the weapons were found) at the time the weapons were found.  By way of further answer and as stated by plaintiff (see, fourth unnumbered paragraph of plaintiff's preliminary statement), plaintiff's son's rights are not in issue.  The remainder is DENIED as a conclusion of law.

(Sixth unnumbered paragraph):  No response is required as the statements made in this paragraph are irrelevant.

(Seventh unnumbered paragraph):  DENIED Defendant Smith stated he had come to search the house.  ADMITTED that he told plaintiff (in response to a question posed by plaintiff) that he had information that plaintiff's son was attempting to buy a .50 caliber rifle for plaintiff and that plaintiff was sitting on a side porch.

(Eighth unnumbered paragraph):  DENIED.  By way of further answer and as stated by plaintiff (see, fourth unnumbered paragraph of plaintiff's preliminary statement), plaintiff's son's rights are not in issue.

(Ninth unnumbered paragraph):  DENIED.

(Tenth unnumbered paragraph):  DENIED defendant Smith ransacked the room or that all weapons other than the first handgun were found in a locked cabinet.  ADMITTED that defendant Smith found numerous weapons in the closet of that room.

(Eleventh unnumbered paragraph):  DENIED is the legal conclusion that defendant Smith illegally seized plaintiff.  Also DENIED defendant Smith "forced" plaintiff out onto the porch to the extent it is intended to imply that physical force was used.

(Twelfth unnumbered paragraph): DENIED that all weapons confiscated were registered to David Galloway. By way of further answer and as stated by plaintiff (see, fourth unnumbered paragraph of plaintiff's preliminary statement), plaintiff's son's rights are not in issue.

(Thirteenth unnumbered paragraph): No response is required, as this paragraph does not relate to the sole remaining issue. To the extent this paragraph is deemed relevant to the remaining claim, it is DENIED.

(Fourteenth unnumbered paragraph): No response is required, as this paragraph does not relate to the sole remaining issue. To the extent this paragraph is deemed relevant to the remaining claim, it is DENIED.

(Fifteenth unnumbered paragraph): No response is required, as this paragraph does not relate to the sole remaining issue. To the extent this paragraph is deemed relevant to the remaining claim, it is DENIED.

(Sixteenth unnumbered paragraph): No response is required, as this paragraph does not relate to the sole remaining issue. To the extent this paragraph is deemed relevant to the remaining claim, it is DENIED.

(Seventeenth unnumbered paragraph): No response is required, as this paragraph does not relate to the sole remaining issue. To the extent this paragraph is deemed relevant to the remaining claim, it is DENIED.

(Eighteenth unnumbered paragraph): No response is required, as this paragraph does not relate to the sole remaining issue. To the extent this paragraph is deemed relevant to the remaining claim, it is DENIED.

(Nineteenth unnumbered paragraph): No response is required, as this paragraph does not relate to the sole remaining issue. To the extent this paragraph is deemed relevant to the remaining claim, it is DENIED.

(Twentieth unnumbered paragraph): DENIED any of plaintiff's Constitutional rights were violated.

(Twenty-first unnumbered paragraph): DENIED any of plaintiff's Constitutional rights were violated or that the Board violated their own regulations or statutes. DENIED any defendant conducted a forced entry search into a locked, private residence.

(Twenty-second unnumbered paragraph): DENIED any defendant conspired to violate any of plaintiff's Constitutional or statutory rights.

(Twenty-third unnumbered paragraph): ADMITTED (but irrelevant) plaintiff had been on parole almost four years (from September 14, 1994, until he was arrested on June 1, 1998). The remainder is DENIED.

(Twenty-fourth unnumbered paragraph):  ADMITTED (but irrelevant) that David filed suit, that that suit was settled and that the weapons were given to David as a consequence.  DENIED is every other allegation contained in this paragraph.

(Twenty-fifth unnumbered paragraph):  DENIED.

## III. JURISDICTION

No response is required as an assertion of jurisdiction is a conclusion of law. To the extent its contents are deemed to contain allegations of fact against the answering defendants, they are DENIED.

## IV. PARTIES

1. ADMIITED plaintiff is an adult and resides at the address supplied. The remainder is DENIED.

2. ADMITTED except DENIED defendant Smith deprived plaintiff of any rights secured by the Constitution of the United States or the laws of the United States or Pennsylvania.

3. ADMITTED except DENIED defendant Roberts deprived plaintiff of any rights secured by the Constitution of the United States or the laws of the United States or Pennsylvania.

4. ADMITTED except DENIED defendant Johnson deprived plaintiff of any rights secured by the Constitution of the United States or the laws of the United States or Pennsylvania.

5.  ADMITTED except DENIED defendant Giornesto deprived plaintiff of any rights secured by the Constitution of the United States or the laws of the United States or Pennsylvania.

6.-9.  No response is required as these allegations do not relate to any answering defendant.

10.  ADMITTED except DENIED defendant Ward continues to be employed as chairman of the Pennsylvania Board of Probation and Parole or deprived plaintiff of any rights secured by the Constitution of the United States or the laws of the United States or Pennsylvania.

11.-15.  No response is required as these allegations do not relate to any answering defendant.

**V.  STATEMENT OF FACTS**

A.  ADMITTED defendant Smith came to plaintiff's house on June 1, 1998, arriving in a pick-up truck, approaching plaintiff who was sitting on a porch with his grandson and that plaintiff's birthday was three months away.  Each and every other allegation is DENIED.

1.  DENIED.

2.  DENIED.

3. DENIED.

4. DENIED.

5. ADMITTED (but irrelevant) defendant Smith had not independently investigated the information that plaintiff's son was attempting to purchase a .50 caliber weapon for plaintiff. Each and every other allegation is DENIED.

6. DENIED.

7. DENIED.

8. ADMITTED but irrelevant.

9. ADMITTED defendant found the weapons in the closet of the room plaintiff led him to. Each and every other allegation is DENIED.

10. ADMITTED plaintiff has quoted correctly from the present statute. Each and every other allegation is DENIED.

11. DENIED.

12. DENIED.

13. DENIED.

14. DENIED.

15. DENIED.

16. DENIED except ADMITTED that during plaintiff's violation hearting numerous BATF forms were introduced.

17. DENIED.

18. DENIED.

19. DENIED.

20. DENIED.

21. DENIED.

B. ADMITTED defendant Roberts held the position stated on June 1, 1998. Each and every other allegation is DENIED.

1. DENIED.

2. DENIED as a conclusion of law.

3.-5. DENIED any of plaintiff's rights were violated or that any defendant conspired to violate his rights.

C. ADMITTED defendant Johnson held the position stated on June 1, 1998. Each and every other allegation is DENIED.

    1.    DENIED.

    2.    DENIED there was any violation of any of plaintiff's rights.

    3.-4.    DENIED there was any violation of any of plaintiff's rights or that any defendant conspired to violate his rights.

    D.    ADMITTED defendant Giornesto was a parole agent and a gun dealer. The remainder is DENIED.

    1.    DENIED.

    2.    DENIED.

    3.    DENIED.

    4.    DENIED there was any false report or violation of any law or constitutional provision.

    5.    DENIED there was any conspiracy as alleged or violation of any law or constitutional provision.

    6.    DENIED there was any conspiracy as alleged or violation of any law, regulation or constitutional provision.

E.-I.    No response is required to these paragraphs (including all of their sub-parts) as they do not relate to answering defendants.  To the extent they are deemed to refer to answering defendants, they are DENIED.

J.    ADMITTED defendant Ward was appointed Chairman of the Pennsylvania Board of Probation and Parole by former Governor Ridge.  Each and every other allegation is DENIED.

1.    DENIED.

2.    DENIED.

3.    ADMITTED defendant Ward was familiar with the laws and regulations that governed the conduct of the PBPP.  Each and every other allegation is DENIED.

4.    DENIED.

5.    DENIED.

K.-N.    No response is required to these paragraphs (including all of their sub-parts) as they do not relate to answering defendants.  To the extent they are deemed to refer to answering defendants, they are DENIED.

## VI.    ALLEGATIONS OF DEPRIVATIONS

    (1)    DENIED as a conclusion of law that answering defendants may be sued in their official capacity or that any of plaintiff's rights were violated by any defendant.

    (2)    DENIED that any answering defendant with the exception of defendant Smith was personally involved in, or had contemporaneous knowledge of, the decisions defendant Smith made on June 1, 1998, concerning confiscating the weapons and taking plaintiff into custody.  DENIED that defendant Smith violated any of plaintiff's rights in this regard.  The remainder is DENIED.

    (3)    DENIED.

    (4)    DENIED.

    (5)    No response is required as these allegations do not relate to any answering defendant.  To the extent they are deemed to refer to answering defendants, they are DENIED.

### VII.  CLAIMS FOR RELIEF

    1.    DENIED as a conclusion of law, DENIED that any answering defendant violated any of plaintiff's rights or that any defendant conspired to violate his rights.

2.  DENIED that any answering defendant violated any of plaintiff's rights or that plaintiff could be compensated for any loss he alleges he suffered as a consequence of his lawful arrest.

3.  As it is DENIED any of plaintiff's rights were violated or that any defendant conspired to violate his rights, it is likewise DENIED that any defendant could be liable to plaintiff for punitive damages.

## VIII   RELIEF SOUGHT

1.-22.  No response is traditionally required to these paragraphs. However to the extent deemed to require response, they are DENIED.

## FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Defendants have acted in a reasonable good faith belief in the lawfulness of their conduct and are entitled to immunity therefor.

## THIRD AFFIRMATIVE DEFENSE

Defendants may not be held liable for the actions of others done without their knowledge and acquiescence.

## FOURTH AFFIRMATIVE DEFENSE

At no time have the individual defendants, either individually or in concert with others, deprive or seek to deprive the plaintiff of any rights, privileges, or immunities secured to him by the Constitution or laws of the United States.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff is entitled to no relief, whether compensatory, injunctive, punitive, or otherwise.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff is precluded from challenging the proceedings that resulted in revocation of his parole as barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364 (1994), and therefore plaintiff may not be compensated for any damages that naturally flow that that revocation decision.

WHEREFORE, judgment should be entered in favor of answering defendants and against plaintiff.

Respectfully submitted,

GERALD J. PAPPERT
Attorney General

 *s/ Francis R. Filipi*_____
FRANCIS R. FILIPI

Office of Attorney General                    Senior Deputy Attorney General
15th Floor, Strawberry Square                 Civil Litigation Section
Harrisburg, PA 17120
Phone: (717) 787-3874                         SUSAN J. FORNEY
Fax:    (717) 772-4526                        Chief, Civil Litigation Section

Date: April 23, 2004

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GAIL J. GALLOWAY | : | |
| Plaintiff | : | |
| | : | |
| v. | : | No. 1:00-CV-0649 |
| | : | |
| PENNSYLVANIA BOARD OF | : | (Judge Rambo) |
| PROBATION AND PAROLE, *et al.*, | : | |
| | : | (Electronically Filed) |
| Defendants | : | |

## CERTIFICATE OF SERVICE

I, FRANCIS R. FILIPI, Senior Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on April 23, 2004, I caused to be served a true and correct copy of the foregoing document titled Answer by depositing same in the United States Mail, first-class postage prepaid to the following:

Gail Galloway
R.D. # 1, Box 30
Petersburg, PA  16669

                                        *s/ Francis R. Filipi*
                                        FRANCIS R. FILIPI
                                        Senior Deputy Attorney General