IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GAIL J. GALLOWAY,  
       Plaintiff,             :        No. 1:CV-00-0649

v.                        :        (Judge Rambo)

PENNSYLVANIA BOARD OF     :    Electronically Filed
PROBATION AND PAROLE, et al.
      Defendants,         :

EXHIBIT IN SUPPORT OF DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT

GERALD J. PAPPERT
Attorney General

By:  Francis R. Filipi
      Senior Deputy Attorney General

Susan J. Forney
Chief Deputy Attorney General
Chief, Litigation Section

Office of Attorney General
15th Floor, Strawberry Square
Harrisburg, PA 17120
Phone:  (717) 787-3874
Fax:     (717) 772-4526
Date:   May 28, 2004

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GAIL J. GALLOWAY                      :
         Plaintiff   :
                             :
    v.                        :  No. 1:00-CV-0649
                             :
PENNSYLVANIA BOARD OF       :  (Judge Rambo)
PROBATION AND PAROLE, *et al.*,  :
         Defendants  :  (Electronically Filed)

## DECLARATION OF JOSEPH M. SMITH

I, Joseph M. Smith, hereby declare that the following information is true and correct and from my personal knowledge or based upon records routinely maintained during the operation of the Pennsylvania Board of Probation and Parole (hereinafter, Board), whose entries are made at or near the time by, or from information transmitted by, a person with knowledge as a normal part of operating the Board:

    1.    At the time relevant to this action, I was a parole agent assigned to the Altoona District Office of the Board. Since that time, I have been promoted and presently hold the position of District Director of the Scranton District Office.

2. Board records show plaintiff was convicted of two counts of theft in the Court of Common Pleas for Huntingdon County, Pennsylvania and was sentenced to a term the controlling minimum of which was two years and the controlling maximum of which was seven years. The minimum term expired on September 14, 1994 and the maximum term expired on September 14, 1999.

3. On September 14, 1994, plaintiff was released on parole after executing a form containing both the standard conditions of parole as well as one special condition concerning payment of a supervision fee. Attached hereto as Exhibit A is a true and correct copy of the Conditions Governing Parole/Reparole for plaintiff that bears his signature and the date September 14, 1994.

4. The Board imposes in all supervision cases a condition numbered on the form as 5.b. which states:

> 5. You shall:
> 
> \* \* \*
> 
> b. refrain from owning or possessing any firearms or other weapons. . . .
> 
> Exhibit A, page 2.

5. At the time this action arose, June 1, 1998, I had been plaintiff's parole agent for a few months.

6. Prior to my arrival at plaintiff's home on June 1, 1998, my superior informed me that he had heard that plaintiff's son, David Galloway, was interested in purchasing a .50 caliber weapon for his father as a birthday present. Both because of this information as well as because I needed to make a routine contact with plaintiff as a parolee on my caseload, I went to plaintiff's home that day. I went to plaintiff's home intending to ask him if he possessed any firearms or other weapons.

7. The information my supervisor passed on undoubtedly increased the likelihood I would ask plaintiff about weapons on that day. However, I have asked this question of many other parolees under my supervision without specific information to cause me to ask it.

8. I went to plaintiff's home and found plaintiff on his porch. During the initial conversation, I asked him if there were any weapons on the property. He told me that there were; that they were his son's, although some were still registered to plaintiff.

9. When I asked him to show me, he willingly got up and I followed him into his house. At all times while we were walking through plaintiff's home he was in the lead.

10. I followed plaintiff down the hallway until we came to a bedroom door. Contrary to plaintiff's representations, the door was closed but not locked.

11. Plaintiff opened the door and I followed him into the bedroom. I recall he stood to my right and before me was a closet with a sliding door. Just as the bedroom door was unlocked, the sliding door to the closet was not secured in any way.

12. When I opened the closet door, I immediately saw a 9-millimeter handgun lying on a shelf. I examined it and found it was loaded. I also found an unsecured gun cabinet in the closet and a number of other weapons in the closet. A true and correct copy of the confiscation report I prepared is attached to this declaration as Exhibit B. I listed all of the weapons and related items I found in that closet and confiscated at page 2 of the exhibit.

13. Because of plaintiff's easy accessibility to these weapons, I viewed plaintiff as having constructive possession of them in violation of Condition 5b. Consistent with this assessment, I arrested plaintiff and charged him with that violation. Exhibit C is a true and correct copy of my handwritten notice of charges, which bears plaintiff's acknowledgement of receipt in the upper right-hand corner.

14. I arrested plaintiff because of the weapons I observed and confiscated and not for any other reason. Specifically, while the information that plaintiff's son was thinking about purchasing a gun for his father prompted me to ask plaintiff about weapons, it was not the reason I viewed plaintiff as a technical parole violator. Nor did I harbor any desire to possess or own the weapons I found and confiscated and was unaware that any other person might have had such a desire,

15. Further, I made the decision to arrest plaintiff for this violation without consulting anyone else. Plaintiff is not the only parolee whom I have arrested for constructive possession of weapons.

16. I subsequently testified truthfully and under oath at the violation hearing as to exactly what had occurred. Based on the record developed at that hearing the Board determined to revoke plaintiff's parole.

Executed this 26th day of May, 2004

_____
Joseph M. Smith
District Director, Scranton District
Pennsylvania Board of Probation & Parole

5

PENNSYLVANIA BOARD OF PROBATION AND PAROLE
PBPP-10(rev 3/88)

## ORDER TO RELEASE ON PAROLE/REPAROLE

The Pennsylvania Board of Probation and Parole hereby grants parole/reparole to the prisoner named and on the sentences described below. It further ordered that he/she be released on the date indicated below, subject to Board approval of a satisfactory plan and to the Conditions Covering Parole/Reparole (PBPP-11) and upon condition that he/she commits no misconducts or crimes, and that no evidence of past crimes or mental illness, previously undiscovered, comes to light.

| Name of Prisoner | ParNo. | Inst.No. | Authorized Date of Release |
|---|---|---|---|
| GAIL J. GALLOWAY | 2076I | BY5581 | 09-14-94 * |

| Place of Confinement | Date of Return (Reparole Cases Only) |
|---|---|
| STATE CORRECTIONAL INSTITUTION HUNTINGDON (JOHNSTOWN COMMUNITY CORRECTIONS CENTER) | |

| County | Date of Sentence(s) | Tp Term(s)/Indictment Number(s) | OTN(s) | Offense(s)/Charge(s) |
|---|---|---|---|---|
| HUNTIN | 07/16/91 | CC CP 900000109 | C3979861 | THEFT (CT 1 &2) |

| Judge(s) | Term(s) of Sentence(s) | | Expiration Dates | |
|---|---|---|---|---|
| | | | Minimum | Maximum |
| HONORABLE S KURTZ | 2YR | 7YR | 09/14/94 | 09/14/99 |

* TO AN APPROVED PLAN, PROVIDED THERE ARE NO MISCONDUCTS AND YOU REMAIN INVOLVED IN REQUIRED PROGRAMS.

Signed this 31st day of August, 1994 at Harrisburg, PA

PENNSYLVANIA BOARD OF PROBATION AND PAROLE

*[signatures]*

Exhibit A, page 1

Pennsylvania Board of Probation and Parole
PBPP-11 (Rev. 7/91)

## CONDITIONS GOVERNING PAROLE/REPAROLE

To: Gail J. Galloway                                   Parole No. 2076-I

1. Report in person or in writing within 48 hours to the district office or sub-office listed below, and do not leave that district without prior written permission of the parole supervision staff.

    Altoona District Office
    Executive House, Rm. 204
    615 Howard Avenue
    Altoona PA 16601

2. Your approved residence is listed below and may not be changed without the written permission of the parole supervision staff.

    c/o Beverly A. Galloway (Wife)
    RD 1 Box 30
    Petersburg PA 16669

    *Exhibit A, page 2*

3. Maintain regular contact with the parole supervision staff by:
    a. reporting regularly as instructed and following any written instructions of the Board or the parole supervision staff.
    b. notifying the parole supervision staff within 72 hours of: (1) your arrest; or (2) your receipt of a summons or citation for an offense punishable by imprisonment upon conviction; and
    c. notifying the parole supervision staff within 72 hours of any change in status, including, but not limited to, employment, on-the-job training, and education.

4. Comply with all municipal, county, state and Federal criminal laws, as well as the provisions of the Vehicle Code (75 Pa. C.S. § 101 et seq.), and the Liquor Code (47 P.S. § 1-101 et seq.)

5. You shall:
    a. abstain from the unlawful possession or sale of narcotics and dangerous drugs and abstain from the use of controlled substances within the meaning of the Controlled Substance, Drug, Device, and Cosmetic Act (35 P.S. § 780-101 et seq.) without a valid prescription;
    b. refrain from owning or possessing any firearms or other weapons; and
    c. refrain from any assaultive behavior.

6. You shall pay fines, costs, and restitution imposed on you by the sentencing court. You shall establish with appropriate county authorities within thirty (30) days of your release from prison a payment schedule for the fines, costs and restitution owed for those cases for which you are now on state parole. Thereafter, you shall:
    a. pay these obligations according to the established payment schedule or as ordered by the court;
    b. provide proof of such payment to parole supervision staff; and
    c. keep the parole supervision staff and the court informed of any changes in your financial ability to pay fines, costs and restitution.

7. You shall comply with the special conditions listed on page 2 imposed by the Board and with special conditions imposed by the parole supervision staff.

Additionally, should problems arise, or questions occur concerning the conditions of your parole/reparole, consult with the parole supervision staff, and they will help you in the interpretation of the Conditions of Parole/Reparole.

If you are arrested on new criminal charges, the Board has the authority to lodge a detainer against you which will prevent your release from custody, pending disposition of those charges, even though you may have posted bail or been released on your own recognizance from those charges.

If you violate a condition of your parole/reparole and, after the appropriate hearing(s), the Board decides that you are in violation of a condition of your parole/reparole you may be recommitted to prison for such time as may be specified by the Board.

If you are convicted of a crime committed while on parole/reparole, the Board has the authority, after an appropriate hearing, to recommit you to serve the balance of the sentence or sentences which you were serving when paroled/reparoled, with no credit for time at liberty on parole.

If you think that any of your rights have been violated as a result of your parole supervision, you may submit a timely complaint in writing, first to the district director of the district office through which you are being supervised. If your complaint is not resolved to your satisfaction, you may then submit your complaint in writing to the Pennsylvania Board of Probation and Parole, Director of Supervision, P.O. Box 1661, Harrisburg, Pennsylvania 17105-1661.

In consideration of being granted the privilege of parole/reparole by the Pennsylvania Board of Probation and Parole, I hereby agree that:

If I am ever charged with a parole violation arising out of my conduct while in a jurisdiction other than the Commonwealth of Pennsylvania, the revocation of my parole for that violation may be based solely on documentary evidence and I hereby waive any right to confront or cross-examine any person who prepared any such documentary evidence or who supplied information used in its preparation;

I expressly waive extradition to the Commonwealth of Pennsylvania from any jurisdiction in or outside of the United States, where I may be found, and I shall not contest any effort by any jurisdiction to return me to the United States or to the Commonwealth of Pennsylvania; and

I expressly consent to the search of my person, property and residence, without a warrant by agents of the Pennsylvania Board of Probation and

PBPP-11 (rev 03/88)                          Page 2 of 2 Pages

To: GAIL J. GALLOWAY      Parole No. 2076I     I. tNo: BY5581

7 SPECIAL CONDITIONS:

YOU SHALL PAY A MONTHLY SUPERVISION FEE OF $25.00 TO THE PAROLE BOARD WHEN UNDER SUPERVISION WITHIN THE COMMONWEALTH OF PENNSYLVANIA (ACT 35 OF 1991).

Exhibit A, page 3

_____      _____
Signature of Parolee                 Witness

9-14-94
_____      _____
Date                                        Witness

Note: If signed by mark, there must be

CONFISCATION REPORT

TO: _Supv Johnson_   DATE OF REPORT: _6-1-98 / 6-2-98_

FROM: _Agent Smith_   DATE OF CONFISCATION: _6-1-98_

The following items were confiscated from: _Galloway, Gail_

Parole No: _2076-I_

The items were Located:

A) In Parolee's Possession.

B) In Parolee's Auto.

C) In Parolee's Home (specify where in home): _Bedroom (Right front of Home)_

D) Other (specify): _____

List Items Confiscated:

A) Weapons: _SSS Attached Sheet_

_____

B) Drugs: _____

_____

C) Drug Paraphernalia: _____

_____

D) Pagers: _____

_____

E) Other (specify): _____

_____

_____ Agent's Signature

Exhibit B, page 1

CONTINUATION OF CONFISCATION REPORT-- GALLOWAY, GAIL 2076-1 DATED 6-2-98:

| MANUF | TYPE | MODEL | CAL | SER# | IMPORTER/ORGIN |
|---|---|---|---|---|---|
| #1)MOSSBERG | RIFLE BOLT | 42MB | .22LR | 37365 | USA |
| #2)OLYMPIC ARMS | SEMI AUTO MILITARY TYPE | 5.56 MOD | .223 | H0741 | USA |
| #3)SKS | SEMI AUTO RIFLE | 0138 | 7.62x39mm | 2304566 | CAI ST ALB/CHINA |
| #4)H&R | RIFLE BREAK SINGLE SHOT | 158 | .22 HORNE | AM241780 | USA |
| #5)SPRINGFIELD ARMORY | SEMI AUTO RIFLE | M1 | .30 | 890727 | USA |
| #6)STEVENS | SHOTGUN BOLT | 58 | 20 GA | UNKNOWN | USA |
| #7)JC HIGGINS | SEMI SHOTGUN | 66 | 12 GA | UNKNOWN | USA |
| #8)NAT D'ARMES DE GUERRE | RIFLE BOLT | HERSTAL-BELGIQUE | .30 | 27854 | COLUMBIA |
| #9)MARLIN | RIFLE LEVER | 1895 | 45-70 | B00000350 | USA |
| #10)UNKNOWN | RIFLE BOLT | TYPE 53 1955/26 | UNKNOWN | 3283115 | ORIENTAL ORGIN |
| #11)SEARS | SHOTGUN PUMP | 446.511760 | 12 GA | 6787505 | USA |
| #12)MARLIN | RIFLE LEVER | 336S.C. | 35 REM | H8719 | USA |
| #13)UNIVERSAL | SEMI RIFLE | UNKNOWN | UNKNOWN | 159526 | HIALEAM, FL PAT 3.382.765 |
| #14)EDDYSTONE | RIFLE BOLT | 1917 | UNKNOWN | 24365 | USA |
| #15)ARMS CORP. | SEMI RIFLE | 1600 | .22LR | A577790 | ARMSCOR PRECISION PHILIPPINES |
| #16)NORINCO | SEMI RIFLE | 56S | 7.62x39mm | 515149 | CHINA |
| #17)RUGER | SEMI RIFLE | MINI 14 | .223 | 182-23919 | USA |
| #18)BARNETT DEMON CROSS BOW | | | | | |
| #19)SWORD | | | | | |
| #20)S&W | REVOLVER | 686 | .357 | ABW5619 | USA |
| #21)TAURUS | SEMI AUTO PISTOL | PT 99 AF | 9mm | TJK71512 | USA |

#22)DRUM MAG 7.62x39mm
#23)73 ROUNDS 7.62x39mm
#24)10 MAGS EMPTY, 5.56mm, 30 RD CAPACITY
#25)TOP AUTOMATIC KNIFE
#26)5.56mm AMMO 6 BOXES, 20 RD EACH
#27)87 RDS 5.56mm & AMMO CAN
#28)HANDCUFFS #183495
#29)12 GA BUCKSHOT, 5 RDS

Exhibit B, page 2

P.340 (4/94)

Received 6-1-98
Gail Galloway

# PENNSYLVANIA BOARD OF PROBATION AND PAROLE

## NOTICE OF CHARGES AND HEARING

NAME __Galloway Gail__   DATE __6-1-98__

PAROLE NO. __Z970-I__   PHOTO NO. _____   PCP NO. _____

You are charged with the following:

Condition #5B - Possession of weapons, to wit: rifles and handguns. Refer us a Confiscation Report dated 6-1-98.

/N/  As a result, a __Preliminary__ hearing will be held.
Your rights for this hearing are indicated on the reverse side.

/ /  You are now being charged with the above additional violations which will be heard along with the original charges at your Violation and/or Revocation Hearing. (See reverse side "Notice of Additional Charges").

PUBLIC DEFENDER                HEARING DATE AND TIME: __To Be Scheduled__

Hunt Co Court House            LOCATION: __Hunt Co Prison__
Huntingdon, PA 16652
                               __Joseph M. Smith__
                               (Signature)

                               __PA II__

                                                    Exhibit C

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GAIL J. GALLOWAY, <br>     Plaintiff, <br><br> v. <br><br> PENNSYLVANIA BOARD OF <br> PROBATION AND PAROLE, et al. <br>     Defendants, | No. 1:CV-00-0649 <br><br> (Judge Rambo) <br><br> Electronically Filed |

## CERTIFICATE OF SERVICE

I, Francis R. Filipi, Senior Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on this 28th day of May, 2004, I caused to be served a true and correct copy of the foregoing document titled Exhibit in Support of Defendants' Motion for Summary Judgment by depositing same in the United States Mail, first-class postage prepaid to the following:

Gail Galloway
R.D. #1, Box 30
Petersburg, PA 16669

                                               *s/Francis R. Filipi*
                                               FRANCIS R. FILIPI
                                               Senior Deputy Attorney General