IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GAIL J. GALLOWAY, : | |
|     Plaintiff, : | No. 1:CV-00-0649 |
| : | |
| v. : | (Judge Rambo) |
| : | |
| PENNSYLVANIA BOARD OF : | Electronically Filed |
| PROBATION AND PAROLE, et al. : | |
|     Defendants, : | |

BRIEF IN SUPPORT OF DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT

I. Statement of the Case

A. Identities of the Parties and Nature of the Action

Plaintiff is Gail Galloway, who was formerly confined in the state correctional system because the Board determined he had violated his parole by possessing firearms. The defendants who plaintiff has told defense counsel remain for the sole issue unresolved are: Joseph Smith, plaintiff's parole agent at the time of the incident (June 1, 1998); Daniel Roberts, the former District Director for the Altoona District; George Johnson, Smith's former supervisor with the Board;

Charles B. Giornesto, another parole agent whom plaintiff identifies as the source of a tip that plaintiff's son was asking about purchasing a .50 caliber weapon for this father for his birthday; and the Honorable William Ward, the former Chairman of the Pennsylvania Board of Probation and Parole.[1]  The complaint seeks compensatory and punitive damages and an award of costs.

B.  Procedural History

Galloway filed this action on April 10, 2000.  The Commonwealth defendants filed a motion to dismiss on June 21, 2000, which the Court granted by order dated January 2, 2001.  Galloway took a timely appeal which resulted in the court of appeals vacating this Court's judgment and remanding for findings consistent with *Shane v. Fauver*, 213 F.3d 113 (3d Cir. 2000).  On July 16, 2002,

---

[1] Plaintiff named a number of state employees and officials in his original complaint and amended complaint.  The Third Circuit affirmed the dismissal of all claims except plaintiff's "Fourth Amendment claim of false arrest/false imprisonment."  The remand fails to identify which of these defendants remained.  However, plaintiff told defense counsel that he agreed the majority of these defendants were not involved in this claim.  From this conversation, defense counsel understands the following defendants are not targets of the remaining claim: the Pennsylvania Board of Probation and Parole (BPP); two present or former Board attorneys, Arthur Thomas and K. Scott Roy; former Governor Thomas J. Ridge; James Morgan, former Superintendent of the State Correctional Institution at Smithfield; his former assistant, Sharon Burks; Seth Mendelsohn, a Deputy Attorney General; and Neil Mechling, the former Superintendent of the State Correctional Institution at Waynesburg.  To the extent plaintiff disagrees with this recollection of that conversation now, the individual defendants (as is true of all defendants plaintiff targets except Joseph Smith) were not personally involved in the decision to arrest plaintiff on June 1, 1998 and judgment should be entered in their favor for this reason.  The BPP, a state agency, enjoys Eleventh Amendment immunity.

this Court concluded that while it would be futile to grant Galloway leave to amend a number of his claims, there was a possibility that with amendment he could state a claim against Gionesto, Smith, Roberts, Johnson, Thomas, Roy, Ridge and Ward concerning the search of his son's room, his Fourteenth Amendment claim that his due process rights were violated when his parole was revoked and his claims against Burks, Morgan and Mechling.  Galloway filed an amended complaint on August 20, 2002.  On September 4, 2002, the remaining defendants filed a motion to dismiss, which this Court granted on October 18, 2002.  Galloway took another appeal.  On January 28, 2004, the court of appeals remanded a second time, this time limited to Galloway's claim that his Fourth Amendment rights were violated – not because his son's room was searched – but because, in Galloway's view, agent Smith lacked probable cause to arrest him for violation of his parole.  On May 28, 2004, defendants moved for summary judgment.  Defendants file this brief in support of that motion.

C.  Statement of Facts

The following facts are not presently in dispute.[2]  On June 1, 1998, agent Smith, plaintiff's parole agent visited plaintiff at his home after hearing that plaintiff's son was interested in purchasing a weapon for his father for his birthday.

---

[2] Defense counsel anticipates that plaintiff is likely to put in dispute whether Smith entered the bedroom of plaintiff's son without plaintiff's permission and whether the door to that room was locked at the time.  However, at this time he has not.

This prompted Smith to ask plaintiff is there were any weapons on the premises. Although asking this question on this particular day was likely prompted by the information Smith had received, it is a question he has asked other parolees without possessing any specific information that it might be true. Plaintiff told Smith that his son had weapons but that some were still registered in plaintiff's name.

Smith asked to see them and plaintiff willing got up and entered the home with Smith following. When the two got to a bedroom door, plaintiff opened it and both went in. The door was not locked. In the bedroom was a closet with a sliding door. The door to the closet was not secured. Smith opened the closet door and saw a 9-millimeter handgun on a shelf. It was loaded. There was also a gun cabinet and in it and in the back of the closet other weapons.[3] Based on this discovery, Smith concluded had had probable cause to arrest plaintiff for violation of condition of parole 5b.[4] Smith made this decision himself without consulting anyone else. Plaintiff subsequently had a violation hearing and based on the

---

[3] A complete list of the weapons and related items (such as ammo, magazines, a knife and handcuffs) is included at page 2 of exhibit B which being filed with this motion and brief.

[4] The condition numbered on the form as 5.b. states:
    5.    You shall:
           * * *
        b.    refrain from owning or possessing any firearms or other weapons. . . .
Exhibit A, page 2.

evidence adduced at that hearing, the Board declared plaintiff a technical parole violator.

## II.   Questions Presented

1. Did Smith have probable cause to arrest plaintiff for constructive possession of the weapons?

2. Do the undisputed facts show that Smith is entitled to qualified immunity?

3. Regardless of how question 1 is answered, can any other defendant be held liable for the decision to arrest plaintiff on June 1, 1998, for technical violation of his parole?

## III.   Argument

1. **SMITH HAD PROBABLE CAUSE TO ARREST PLAINTIFF FOR CONSTRUCTIVE POSSESSION OF THE WEAPONS.**

"[P]robable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Orsatti v. New Jersey State Police,* 71 F.3d 480, 483 (3d Cir.1995). Here, there is no doubt that possession of weapons by a Pennsylvania parolee while on parole constitutes a technical violation of the conditions of that parole. And the facts as asserted under oath by Smith justify the actions he took as

well as the ultimate decision by the Board that plaintiff had violated his parole. However, we must assume for purposes of this motion that plaintiff will competently dispute Smith's version of the events of June 1, 1998. Specifically, we should assume, arguendo, that plaintiff will continue to assert that he had no access to the bedroom his son occupied in plaintiff's home – that his son kept his father unaware of the weapons he had in his room, forbad his father from ever entering that room and kept its door continuously locked. However, it is unreasonable to conclude plaintiff did not have constructive possession of the guns located within his home – some of which remained registered in his name.

Plaintiff stated to the Board's representative that to overcome the supposedly locked bedroom door he "pulled my electrician's pocketknife that I had with me that I use in my sweeper repair business out and jimmied the door open." " 'Constructive possession' occurs when a person does not have actual possession but instead knowingly has the power and intention at a given time to exercise dominion and control over the object, either directly or through others." *Nickens v. Pennsylvania Board of Probation and Parole,* 93 Pa.Commonwealth Ct. 313, 322, 502 A.2d 277, 281 (1985) (citing *U.S. v. Daniels,* 527 F.2d 1147 (6th Cir.1975)). Here even under plaintiff's anticipated version of events, plaintiff had the ability to both enter his son's room by simply springing the lock with a pocketknife as he claims he did or could have just as easily told his son to return any or all of the

6

guns to him – after all, he admits that many of the weapons continued to be registered in his name. Smith had probable cause to arrest plaintiff and there was no violation of plaintiff's Fourth Amendment rights in that decision. Judgment should be entered in favor of Smith and against plaintiff.

    2.    THE UNDISPUTED FACTS SHOW THAT SMITH IS ENTITLED TO QUALIFIED IMMUNITY.

Qualified immunity shields Smith from suit for damages if "a reasonable officer could have believed [the warrantless arrest of plaintiff] to be lawful, in light of clearly established law and the information [Smith] possessed. [Smith]'s subjective beliefs about the [arrest] are irrelevant." *Anderson v. Creighton*, 483 U.S. 635, 641, 107 S.Ct. 3034, 3040 (1987). Even law enforcement officials who "reasonably but mistakenly conclude that probable cause is present" are entitled to immunity. *Ibid*. Where an arrest is allegedly unconstitutional, the shield of immunity will be lost "[o]nly where the [basis for the action] is so lacking in indicia of probable cause as to render official belief in its existence unreasonable." *Malley v. Briggs*, 475 U.S. 335, 344-45, 106 S.Ct. 1092 (1985). Therefore, if competent officers could reasonably disagree on whether probable cause exists, the immunity applies. *Id*. at 341.

As set forth in the previous section, the belief of Smith that there was probable cause to arrest plaintiff for constructive possession of the weapons was reasonable. Smith had no reason to believe plaintiff did not have "the intent and

7

power at a given time to exercise control and dominion over the object either directly or through another person." *Nickens*, *Id*. Hence, it was reasonable for him to have arrested plaintiff under the circumstance as he knew them. Based on this, Smith is entitled to qualified immunity and judgment should be entered in his favor.

      3.    REGARDLESS OF HOW QUESTION 1 IS ANSWERED, NO OTHER DEFENDANT BE HELD LIABLE FOR THE DECISION TO ARREST PLAINTIFF ON JUNE 1, 1998, FOR TECHNICAL VIOLATION OF HIS PAROLE.

In order to sustain a claim against a person in a supervisory role (which is every other defendant other than Smith), plaintiff's burden is to show that the supervisor had "personal involvement in the alleged wrongs...Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207, (3d Cir. 1988). Here, Smith states that the decision to arrest plaintiff on June 1, 1998, was his and his alone. No other defendant was personally involved and no one else can be held liable regardless of how the Court resolves that claim against Smith.

IV.   Conclusion

WHEREFORE, the Court should enter judgment in favor of all remaining defendants and against plaintiff.

                                            GERALD PAPPERT
                                            Attorney General

                                By:   *s/Francis R. Filipi*
                                            FRANCIS R. FILIPI
Office of Attorney General            Senior Deputy Attorney General
15th Floor, Strawberry Square      Civil Litigation Section
Harrisburg, PA 17120
Phone: (717) 787-3874                  SUSAN J. FORNEY
Fax:   (717) 772-4526                  Chief Deputy Attorney General
                                            Chief, Civil Litigation Section

Date:  May 28, 2004

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GAIL J. GALLOWAY, | : | |
| Plaintiff, | : | No. 1:CV-00-0649 |
| | : | |
| v. | : | (Judge Rambo) |
| | : | |
| PENNSYLVANIA BOARD OF | : | Electronically Filed |
| PROBATION AND PAROLE, et al. | : | |
| Defendants, | : | |

CERTIFICATE OF SERVICE

I, Francis R. Filipi, Senior Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on this 28th day of May, 2004, I caused to be served a true and correct copy of the foregoing document titled Brief in Support of Defendants' Motion for Summary Judgment by depositing same in the United States Mail, first-class postage prepaid to the following:

Gail Galloway
R.D. #1, Box 30
Petersburg, PA 16669

                                       *s/Francis R. Filipi*
                                       FRANCIS R. FILIPI
                                       Senior Deputy Attorney General