ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GAIL J. GALLOWAY,<br>Plaintiff | : | |
| | : | |
| v. | : | No. 1:00-CV-0649 |
| | : | |
| PENNSYLVANIA BOARD OF<br>PROBATION AND PAROLE, et al.,<br>Defendants | :<br>:<br>: | (Judge Rambo) |

FILED
HARRISBURG
JUN 0 9 2004
MARY E. D'ANDREA, CLERK
Per_____
   DEPUTY CLERK

## PLAINTIFF'S RESPONSE TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT

The Defendants Motion For Summary Judgment must be denied because they have refused to abide by the Federal Rules of Civil Procedure and comply with discovery. Also the Defendants "Statement of Undisputed Facts" is full of false statements which are issues for a jury to decide.

The defendants were involved in a conspiracy to deny Plaintiff his guaranteed Fourth Amendment Constitutional Rights and although only Defendant Smith, ("Smith") physically came to Plaintiff's residence, it was in furtherance of the conspiracy and with the knowledge of the other conspirators. Smith used a ruse created falsely by Defendant Giornesto, ("Giornesto"), as part of the conspiracy to use Plaintiff and violate his Fourth Amendment rights in order to make an attempt to justify the illegal seizure of Plaintiff's son David's, ("David"), valuable firearms collection so it could be forfeited and then divided up among the conspirators.

The Facts In Dispute begin with No. 6 of the Defendants Statement of Undisputed Facts. There was no instance where David made any inquiry about buying a .50 caliber

weapon for Plaintiff and this was a known false statement made up as part of the conspiracy to attempt justification for their illegal actions.

Disputed Fact #11, Plaintiff did not tell Smith there were weapons and that they belonged to David until after Smith had illegally seized them.

Disputed Fact #12, Plaintiff was ordered by Smith to go into the house and show him where David's room was. David was at work and Smith refused Plaintiff's requests to call David to come home if there was any question about what David had in his room.

Disputed Fact #13, Plaintiff was in front of Smith, but on Smith's affirmative order to keep in front of him with hands in sight.

Disputed Fact #14, David's door was closed and it was locked and David was the only one with a key.

Disputed Fact #15, Plaintiff forced David's door open causing damage after Smith displayed a handgun in a threatening manner.

Disputed Fact #16-23, Once Smith had caused the forced entry into David's locked room, Smith opened a closed closet and a locked gun cabinet inside the closed closet which Smith found a key for inside the closet and opened the locked cabinet, all of this being done without a warrant or probable cause. Plaintiff did not have any access except by threat and the use of force to enter David's locked room and all of Smith's actions were unjustified and in violation of Plaintiff's Fourth Amendment Constitutional Rights by causing Plaintiff, under threat of his life by the exposure of a handgun, to actually commit a crime by breaking into a lock room of a private individual where Plaintiff had no access and no right to be.

Disputed Fact #24-26, Smith came to Plaintiff's residence with only one thought

on his mind, to follow up on the false story they had contrived to gain access to Plaintiff's residence and break into David's locked room, seize his collection of guns, use them as the false basis to arrest Plaintiff for a technical parole violation and thereby give what they considered justifiable legitimacy to their actions. One major disputed fact is in #25 where it states; "Smith had no desire to possess or own the weapons he found in the closet and confiscated and was unaware that any other person might have such a desire." This statement in itself shows it is false. It is documented that Smith seized items that were not weapons, but could be useful to a parole agent, such as a new pair of stainless steel high quality handcuffs given to David by a former police officer for his collection. In no way were a pair of handcuffs contraband or considered a weapon, but would be a desirable item for a parole agent to own. The handcuffs are #28 on the list of confiscated items presented by the Defendants. Also taken was a valuable Civil War Sword while a newer reproduction sword was left behind by Smith. Also taken were metal lock boxes and numerous other items in a shopping list type search. Knives were taken while other knives and bayonets were left behind that were less valuable, Bow and arrows was taken while other bow and arrows were left behind during the seizure, some ammo was taken while other ammo was left behind. It was clearly a shopping spree type seizure with a known objective by the conspirators. But, in order for their scheme to work, they had to arrest Plaintiff and charge him with a parole violation or they would have no chance to forfeit their plunder and be able to keep it. <u>When they tried the forfeiture action, David filed a Federal Lawsuit and won the return of his illegally seized collection of firearms and other miscellaneous items seized by Smith</u>, which proved the

seizure by Smith was illegal.

Smith did not have probable cause to arrest Plaintiff and had completely overstepped his authority by causing the break-in of the locked private room of an individual Smith had no authority over and no warrant to search his property. Plaintiff did not have access to David's locked room except by reason of forced entry causing damage to the door after being threatened by Smith and the exposure of a handgun by Smith to back up his threat.

Although the Defendants argue that a couple guns were located in David's room that were still registered to the Plaintiff, they forget to add that under Federal Firearms Regulations, a gun can be given by a father to a son without the need for a paperwork transfer of the gun. This is Federal Law and the guns in question were given to David years before by Plaintiff and since the Federal Law did not require a paperwork transfer, none was ever done, however the transfer was legal under Federal Law, so the Defendants argument does not hold water and they continue to leave out very important facts to deliberately mislead the Court.

The Defendants argument that Plaintiff had constructive possession because he physically broke into David's room doe not hold water, because Plaintiff only broke into David's locked room under duress and threat of his life by Smith and the display of Smith's handgun. Plaintiff did not have the ability or desire to enter David's locked room. Plaintiff had been on parole for almost four (4) years without incident, was gainfully employed and minding his own business and had no desire to violate his parole and did not. In four (4) years of parole Plaintiff had exhibited no desire or intent to enter David's room or commit any other action or violation to cause his parole to be revoked.

It was easy to see Plaintiff had no intent at any time to exercise control or dominion over the objects or property of David.

Smith cannot say the decision was his alone to arrest Plaintiff when Smith made several phone calls from a cell phone while he detained Plaintiff at his home. Smith had the authority to search the living quarters of Plaintiff in a reasonable manner only without warrant, otherwise, to search the private room of a person he had no authority over required a search warrant based upon probable cause. Smith had no search warrant because there was no probable cause to believe Plaintiff had violated any of the conditions of his parole. The overstepping of his authority and conducting a warrantless search in an unreasonable manner based on the conspiracy with the others was the basis for their violation of Plaintiff's Fourth Amendment Constitutional rights.

Therefore, since the search exceeded the reasonable search requirements of the parole laws, the search was illegal and the subsequent arrest of Plaintiff for a technical parole violation was unreasonable and in violation of Plaintiff's Fourth Amendments rights to be free from unreasonable searches and seizures of his residence and person and the Motion For Summary Judgment should be denied and the many disputed issues put before a jury to decide, for these are clearly matters for a jury to decide.

Respectfully submitted,

Gail Galloway
R.D.#1, Box 30
Petersburg, PA  16669
(814) 669-9164

Date: June 6, 2004

## CERTIFICATE OF SERVICE

      I certify that I have this day served a true and correct copy of the foregoing document upon the persons named below by First Class United States Mail at the address stated, which is the last known address of each.

      Francis Filipi
      Office of Attorney General
      15th Floor, Strawberry Square
      Harrisburg, PA  17120

      *Gail Galloway* (signature)
      Gail Galloway
      R.D.#1, Box 30
      Petersburg, PA  16669

Date: June 7, 2004
      814-669-9164