IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GAIL GALLOWAY,** | **CIVIL NO. 1:CV-00-0649** |
|     **Plaintiff,** | |
| **v.** | |
| **PENNSYLVANIA BOARD OF PROBATION AND PAROLE** *et al.*, | |
|     **Defendants.** | |

## O R D E R

Before the court is Defendants' motion for summary judgment. In response to Defendants' motion, Plaintiff submitted a document titled "Plaintiff's response to Defendant's Motion for Summary Judgment." That document purports to set forth Plaintiff's factual and legal opposition to Defendants' motion for summary judgment, however, it is devoid of any legal citation or citation to any evidence. As it stands, Plaintiff's opposition to Defendants' motion for summary judgment is incomplete. In opposing summary judgment, Plaintiff may not simply sit back and rest of the allegations in his complaint. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Instead, it must "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, and designate specific facts showing that there is a genuine issue for trial." *Id.* (internal quotations omitted); *see also Saldana v. Kmart Corp.*, 260 F.3d 228, 232 (3d Cir. 2001) (citations omitted). Moreover, summary judgment should be granted where a party "fails to make a showing sufficient to establish the existence of an

element essential to that party's case and on which that party will bear the burden at trial." *Celotex*, 477 U.S. at 322-323.

In order to resolve the captioned matter on its merits, the court will afford Plaintiff an opportunity to submit an amended response to Defendants' motion for summary judgment which shall include all evidence Plaintiff has to support his version of the facts.  Said evidence may be made by way of an affidavit, so long as it meets the requirements set forth in Federal Rule of Civil Procedure 56(e).  Plaintiff may also submit depositions transcripts, interrogatories, admissions or any other evidence that would be admissible at trial.  <u>The court hereby places Plaintiff on notice that his failure to provide evidence in support of his factual allegations will result in the court deciding Defendants' motion based solely on the evidence presented by Defendants.</u>

Accordingly, **IT IS HEREBY ORDERED THAT:**

(1) Plaintiff shall submit a supplemental response in opposition to Defendants' motion for summary judgment by no later than July 14, 2004.  Said response shall include any evidence Plaintiff has, either by own affidavits, or by the depositions, answers to interrogatories, and admissions on file that designates specific facts showing that there is a genuine issue of material fact for trial.

(2) Defendants may file a supplemental reply brief by no later than July 26, 2004.

                                                 s/Sylvia H. Rambo  
                                                 Sylvia H. Rambo  
                                                 United States District Judge

Dated: June 29, 2004.