ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GAIL GALLOWAY,                    :
   Plaintiff                    :
                              :
                              :
     v.                         :        CIVIL NO. 1:CV-00-0649
                              :        (Judge Rambo)
PENNSYLVANIA BOARD OF             :
PROBATION AND PAROLE, et al.,     :
   Defendants                   :

**FILED**
HARRISBURG, PA

JUL 2 8 2004

MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

## MOTION FOR EXTENSION OF TIME TO FOR PLAINTIFF TO FILE SUPPLEMENTAL RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND SUPPLEMENTAL REPLY BRIEF

Gail Galloway, (Plaintiff), in the above captioned matter has been extremely ill and under doctor care for a sever lung and breathing disorder which has caused a severe hardship for Plaintiff in trying to file the Court requested documents within the prescribed time.  This along with the fact that the Defendant's have shown a complete disregard for the Federal Rules of Civil Procedure by completely failing to adequately answer Plaintiff's discovery requests has placed a severe handicap upon Plaintiff.  The unjustifiable conduct of the Defendant's and clear violation of the Federal Rules of Civil Procedure is shown by the example of Defendant Giornesto's answers to Plaintiff's Interrogatories which were submitted to the Defendant on February 14, 2004, not mailed to Plaintiff until July 15, 2004 and received by Plaintiff on July 20, 2004.  As always, the defendant's answers are boilerplate, non responsive answers.  Plaintiff has not filed a Motion to Compel Discovery because this Court has denied every previous Motion to Compel Discovery that Plaintiff has filed, making it appear that the Court favors government defendants by making it extremely difficult for a plaintiff to gather the information he is allowed to gather under the Federal Rules of Civil Procedure.  Plaintiff

has repeatedly shown that there is a genuine issue for trial in the violation of Plaintiff's

Fourth Amendment Constitutional rights and the issues are a matter for a jury to decide

as the United States Constitution allows.

Therefore, Plaintiff requests a 15 day extension to comply with the requested

material ordered by the Court.

Respectfully submitted,

Gail Galloway
R.D.#1, Box 30
Petersburg, PA  16669
(814) 669-9164

July 23, 2004



=1.06=

U.S. POSTAGE

PB METER
7140951

HARRISBURG PA

JUN 15 04

Office of the Attorney General
D. Michael Fisher, Attorney General
COMMONWEALTH OF PENNSYLVANIA
STRAWBERRY SQUARE
HARRISBURG PA 17120

Gail Galloway
R.D. #1, Box 30
Petersburg, PA 16669



## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GAIL J. GALLOWAY,
    Plaintiff,

    v.

PENNSYLVANIA BOARD OF
PROBATION AND PAROLE,
*et al.*,
    Defendants

:
:
:
:
:
:
:
:
:
:

No. 1:CV-00-0649

(Judge Rambo)

RECEIVED
Office of Attorney General

FEB 2 0 2004

Litigation Section

### PLAINTIFF'S FIRST SET OF INTERROGATORIES PROPOUNDED UPON THE DEFENDANT

RECEIVED
Office of Attorney General

JUL 0 8 2004

Litigation Section

TO:   CHARLES GIORNESTO

**PLEASE TAKE NOTICE:**  You are hereby requested, pursuant to the Federal Rules of Civil Procedure, to file and serve upon Gail J. Galloway, ("Plaintiff") at the address listed below, within thirty (30) days from the service hereof, your Answers, **IN WRITING AND UNDER OATH**, to the following Interrogatories.  These Interrogatories shall be deemed as ongoing.  If, between the time of your Answers to the herein Interrogatories, and the time of trial in this case, you or anyone acting in your behalf, obtains or becomes aware of additional requested information not supplied herein, you shall **immediately** furnish the same to the Plaintiff by way of Supplemental Answers.

These Interrogatories are addressed to you, and your Answers shall be based upon your knowledge, information, or belief, whether or not such knowledge is firsthand.

The hereto attached "DEFINITIONS AND INSTRUCTIONS" are incorporated into the attached Interrogatories, and you shall retain these Instructions for

future use as the PLAINTIFF WILL NOT SUPPLY ADDITIONAL COPIES.

Respectfully submitted by:

Gail J. Galloway
R.D.#1, Box 30
Petersburg, PA 16669
(814) 669-9164

Date:    February 14, 2004

# INTERROGATORIES
## USE BACK OF PAGE OR ADDITIONAL PAPER FOR COMPLETE ANSWER

1.    State your complete name including any name changes or alias' and complete

address. including work address and home address (including ZIP code) and all previous

addresses for the last fifteen (15) years.

**RESPONSE:**

*NO, NOT RELEVANT, SINCE PLAINTIFF ALREADY HAS THIS INFORMATION*

2.    Identify your employer(s) at the time of the incident which brought about the

instant lawsuit. until present.

      a.    Your employers complete address.

      b.    Your position

      c.    Your immediate supervisor.

      d.    Your income.

**RESPONSE:**

*PLAINTIFF HAS THIS INFORMATION*

3.      Delineate all events leading up to the incident to include:  Describe the report you filed about David Galloway inquiring about purchasing a .50 caliber rifle for his father, Gail Galloway, for his birthday, who you filed it to, the complete contents, whether any communication was in document form, oral, or other form, who reported what to you and when, and identify and describe all other circumstances concerning your report.  Describe what you reported that Chet Stryker informed you of, where and when and if what you reported was true.  Who did you make your report to concerning the events leading up to this incident and did they investigate your report or check out any of the details before taking any action.  Delineate about the truth of what you reported and what actually happened, when and where.  Delineate about all events from the time of the incident to present that you have knowledge of, whether or not from your own personal knowledge or what you have heard from anyone else or seen in any documents or communications.

**RESPONSE:**

DEFENDANT FILED NO WRITTEN REPORT WITH ANYONE ABOUT THIS ISSUE. DEF. SIMPLY MADE A PHONE CALL TO GEORGE JOHNSON, AND PASSED ON INFORMATION GIVEN TO ME. ANY ACTIONS AFTER THIS POINT DID NOT INVOLVE ME. I HAVE NO NOTES/RECORDS ECT, TO REFRESH MY MEMORY ON THIS ISSUE, SO I CANNOT COMMENT ANY FURTHER.

4.     Delineate about your Federal Firearms License and your gun business to include: Describe and identify all previous locations of your gun business for the past fifteen (15) years. Identify your Federal Firearms License number. Identify any complaints filed about your gun business to anyone or any agency of the county, state, or federal government, fully describe. Have you ever disposed of or sold any guns that belonged to customers that were in for repairs and not to be sold. Have you ever purchased any guns from any agency that had guns that were retrieved as stolen or forfeited in some manner or from sheriff sales, etc.

**RESPONSE:**

OBJ. HO NOT RELEVANT

5.    Delineate about any complaints that you skipped out of Huntingdon County while owing substantial back rent to anyone where you lived. If so, where and when and the amount owed and the circumstances surrounding any payment if made later including dates.

**RESPONSE:**
OBJ: NO, NOT RELEVANT

6.    Delineate about your employment with the Pennsylvania Board of Probation and Parole to include:  Describe when you were hired and what your qualifications were. Identify if you were ever reprimanded for any reason or if your job duties were changed for any reason including disciplinary.  Delineate about any disciplinary action taken against you including your termination of employment by the Pennsylvania Board of Probation and Parole, fully describe all the reasons for your termination, all of which is relevant to your conduct in the instant case which helped facilitate your termination.

**RESPONSE:**

OBS: NO, PLAINTiFF ALREADY HAS THIS INFORMATION

7.     Fully describe your education, all training and schooling you had to qualify you for a job with the Pennsylvania Board of Probation and Parole.

**RESPONSE:**     NO OBJ. IRRELEVANT

8.    Delineate if you are taking any prescription or over the counter medication for any condition, whether mental, physical, emotional, or other reason that would have any effect on your job or reasoning abilities to include:  Have you ever been treated or recommended for treatment for abuse of alcohol or drugs.  Do you consume alcohol, and if so, to what extent, how often, and the type(s) used.  Do you use any drugs acquired from any other source except licensed doctors.  Have you ever been treated or seen by a psychologist or psychiatrist and the reason and treatment.

**RESPONSE:**

OBJ: NO, NOT RELEVANT

9.    Identify all your income and assets and insurance and any transfer of ownership or sale of personal property since the incident.

**RESPONSE:**

OBJ: NO, NOT RELEVANT

10.    Did you report to Defendant Johnson that a man named Stryker reported

to you that David Galloway had inquired about buying a .50 caliber rifle for his

father, Gail Galloway for his birthday. If so, where and when did this take place

and give Stryker's full name and address.

CHET STRYKER HAS NOTHING TO DO WITH THIS CASE.
HE REPORTED NOTHING TO ME CONCERNING THIS ISSUE.
I DO NOT KNOW HIS FULL/COMPLETE NAME, OR HIS
CURRENT ADDRESS.

11.    Fully describe what you actually did report to Defendant Johnson

including where and when you reported it including all communications, oral,

written, or other.

WITHOUT ANY THING TANGIBLE TO REFRESH MY MEMORY,
IT WOULD NOT BE PRUDENT TO ANSWER THIS QUESTION.

12.    State the full name and address of the person who made the report to you that David Galloway had inquired about buying his father, Gail Galloway, a .50 caliber rifle for his birthday, and did you know when Gail Galloway's birthday was.

OBS:NO, SHE SHALL REMAIN ANONYMOUS, TO PROTECT HER FROM RETALIATION BY THE PLAINTIFF, ECT.

13.    Delineate about all events from four (4) weeks prior to the incident of June 1, 1998 and present concerning the incident that you have knowledge of, whether or not from your own personal knowledge or what you may have heard from anyone else or seen in any documents or communications.

OBS: THIS QUESTION IS CONFUSING, BE MORE SPECIFIC, AND RESTATE THIS IN SIMPLE ENGLISH.

14.　　　　Describe and identify all previous locations of your gun business for the past fifteen (15) years.  This question is relevant since a conspiracy is alleged involving said gun business.

OBJ: NO, NOT RELEVANT

Interrogatories submitted by:

_Gail Galloway_

Gail Galloway, Plaintiff, *pro se*
R.D.#1, Box 30
Petersburg, PA 16669
(814) 669-9164

Person preparing answers to the Interrogatories:

_____

Attorney for Defendant

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 1, 2004.


Charles Giornesto

## CERTIFICATE OF SERVICE

I certify that I have this day served a true and correct copy of the foregoing document upon the persons named below by First Class United States Mail at the address stated, which is the last known address of each.

Francis Filipi
Office of Attorney General
15th Floor, Strawberry Square
Harrisburg, PA 17120

Gail Galloway
R.D.#1, Box 30
Petersburg, PA 16669
814-669-9164

Date: July 23, 2004