IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GAIL GALLOWAY,** | **CIVIL NO. 1:CV-00-0649** |
| **Plaintiff,** | |
| v. | |
| **PENNSYLVANIA BOARD OF PROBATION AND PAROLE** *et al.*, | |
| **Defendants.** | |

## **O R D E R**

The background of this order is as follows: By order dated June 29, 2004, the court afforded Plaintiff an opportunity to submit a supplemental response to Defendants' pending motion for summary judgement because Plaintiff's initial response was devoid of any legal citation or citation to any evidence. The court gave Plaintiff until July 14, 2004 to file his supplemental response along with the evidence that he alleges supports his version of the facts. The court admonished Plaintiff that in opposing summery judgment, Plaintiff may not simply sit back and rest of the allegations in his complaint. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Instead, he must "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, and designate specific facts showing that there is a genuine issue for trial." *Id.* (internal quotations omitted); *see also Saldana v. Kmart Corp.*, 260 F.3d 228, 232 (3d Cir. 2001) (citations omitted). Finally, the court admonished Plaintiff that his failure to respond would result in the court deciding Defendants' motion based solely on the evidence presented by Defendants. Plaintiff never filed a supplemental response or any

supplemental evidence. On July 28, 2004, Plaintiff filed a Motion for Extension of Time for Plaintiff to File Supplemental Response to Defendant's [sic] Motion for Summary Judgment (Doc. 101).

In the instant motion, Plaintiff indicates that he has been extremely ill and under a doctor's care for a severe lung and breathing disorder which has caused a hardship on Plaintiff in complying with the court's order. Plaintiff's motion does not indicate how long he has been under a doctor's care, nor does he indicate why he waited fourteen days past the due date of his supplemental response to file the present motion. Ordinarily, the court would deny Plaintiff's motion summarily given that it is untimely and given that the court admonished Plaintiff that his failure to file a supplemental response would result in the court deciding Defendants' motion for summary judgment based solely on the evidence presented by Defendants. However, the court will give Plaintiff the benefit of the doubt that his illness actually caused the delay in question. Therefore, the court will construe Plaintiff's motion as requesting *nunc pro tunc* relief and will grant Plaintiff an additional 15 days to file his supplemental response as well as all evidence he has to support his version of the facts. The court will not grant Plaintiff any more extensions and Plaintiff's failure to provide evidence in support of his factual allegations will result in the court deciding Defendants' motion based solely on the evidence presented by Defendants. The court will make no further allowances for Plaintiff.

Accordingly, **IT IS HEREBY ORDERED THAT:**

(1) Plaintiff's Motion for Extension of Time for Plaintiff to File a Supplemental Response to Defendants' Motion for Summary Judgment (Doc. 101) is deemed a request for *nunc pro tunc* relief and is **GRANTED.**

   (2) Plaintiff shall submit a supplemental response in opposition to Defendants' motion for summary judgment by no later than August 13, 2004.  Said response shall include any evidence Plaintiff has, either by own affidavits, or by the depositions, answers to interrogatories, and admissions on file that designates specific facts showing that there is a genuine issue of material fact for trial.

   (2) Defendants may file a supplemental reply brief by no later than August 23, 2004.


           s/Sylvia H. Rambo
           Sylvia H. Rambo
           United States District Judge

Dated: July 29, 2004.

**3**