IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GAIL J. GALLOWAY<br>　　　　Plaintiff | : <br> : <br> : |
| v. | : No. 1:00-CV-0649 <br> : |
| PENNSYLVANIA BOARD OF<br>PROBATION AND PAROLE, *et*<br>*al.*, <br>　　　　Defendants | : (Judge Rambo) <br> : <br> : (Electronically Filed) <br> : <br> : |

## DEFENDANT'S PRETRIAL MEMORANDUM

Pursuant to Local Rule 16.6, defendant Joseph Smith submits his pretrial memorandum. No formal conference was held between defense counsel and the *pro se* plaintiff. Defense counsel had attempted to contact plaintiff by telephone but was initially unsuccessful. Plaintiff did return defense counsel's calls eventually and although no in-person conference was held, defense counsel was able to go over his proposed undisputed facts with plaintiff. Defense counsel wants to take this opportunity to alert the Court to the fact plaintiff has stated he intends to seek a continuance of trial. Soon after defense counsel returned to work in September, 2004, he received a call from plaintiff who stated that he had had medical problems for which he had been hospitalized and lost items related to this litigation in a flood (including damage to his computer) and that those problems made it unlikely he could go to trial in December, 2004. Plaintiff requested defense counsel's concurrence in a trial continuance to sometime in the spring.

Defense counsel agreed that he would not oppose any reasonable request by plaintiff.

A. **FEDERAL COURT JURISDICTION**

This action was brought under 42 U.S.C. § 1983, alleging violation of plaintiff's constitutional rights and this Court has jurisdiction under 28 U.S.C. §§1331 and 1343.

B. **STATEMENT OF FACTS AND CONTENTIONS AS TO LIABILITY**

In June 1998, plaintiff Gail Galloway was on parole having been released from sentences imposed for two counts of theft in the Court of Common Pleas for Huntingdon County, Pennsylvania. At that time Joseph M. Smith, the sole remaining defendant, was assigned as plaintiff's parole agent. On June 1, 1998, agent Smith visited plaintiff at his home. Plaintiff alleges that he was forced by Mr. Smith to break into his son's locked room. Mr. Smith denies that the door was locked. Mr. Smith explains that he asked plaintiff if there were guns in the house, that plaintiff stated that there were guns in his son's room and that when Mr. Smith asked plaintiff to show him, plaintiff got up and started into the house. Mr. Smith states he followed plaintiff into the house, down the corridor and into the bedroom and discovered the guns only after plaintiff had told him that there were guns in his son's room, some of which were still registered in plaintiff's name.

The ultimate decision that plaintiff had constructive possession of the weapons found in his home was made not by defendant but by others. Defendant submits that he is entitled to the defense of good faith immunity even if the Court were now to decide that his belief plaintiff had constructive possession of the weapons was in error.

### C. STATEMENT OF UNDISPUTED FACTS

Based on the defendants' statements of material facts in support of their most recent motion for summary judgment (filed May 28, 2004) and plaintiff's responses thereto, defense counsel believes the following facts are undisputed:

1. At the time relevant to this action, Joseph M. Smith was a parole agent assigned to the Altoona District Office of the Board.

2. Plaintiff, Gail Galloway, was convicted of two counts of theft in the Court of Common Pleas for Huntingdon County, Pennsylvania and was sentenced to a term the controlling minimum of which was two years and the controlling maximum of which was seven years. The minimum term expired on September 14, 1994, and the maximum term expired on September 14, 1999.

3. On September 14, 1994, plaintiff was released on parole after executing a form containing both the standard conditions of parole as well as one special condition concerning payment of a supervision fee.

4. The Board imposes a number of conditions in all supervision cases. The condition numbered on the form as 5.b. states:

"5. You shall:

\* \* \*

b. refrain from owning or possessing any firearms or other weapons. . . . "

5. At the time this action arose, June 1, 1998, Smith had been plaintiff's parole agent for a few months.

6. Prior to Smith's arrival at plaintiff's home on June 1, 1998, his superior informed him he had heard that plaintiff's son, David Galloway, was interested in purchasing a .50 caliber weapon for his father as a birthday present.[1]

7. Both because of this information as well as because Smith needed to make a routine contact with plaintiff as a parolee on his caseload, Smith went to plaintiff's home that day. He went to plaintiff's home intending to ask him if he possessed any firearms or other weapons.

8. While this information undoubtedly increased the likelihood Smith would ask plaintiff about weapons on that day, he has asked this question of many

---

[1] Plaintiff disputes that his son told anyone he was interested in purchasing a .50 caliber weapon for his father as a birthday present. However, this does not place in dispute that Joseph Smith was told this before he went to plaintiff's home on June 1, 1998.

4

other parolees under his supervision caseload without specific information to cause him to ask it.

9. Smith went to plaintiff's home and found plaintiff on his porch.

10. Smith asked him if there were any weapons on the property.

11. Plaintiff is not the only parolee whom Smith has arrested for constructive possession of weapons. *Id.*

12. Based on the record developed at that hearing the Board determined to revoke plaintiff's parole.

### D. DAMAGES

Defendant submits that because the ultimate decision that plaintiff violated his parole was made by others with the Pennsylvania Board of Probation and Parole, plaintiff suffered no damages as the consequence of defendant's actions. No counterclaim was filed by the DOC.

### E. NAMES AND ADDRESSES OF WITNESSES

Defendant may call the following witnesses:

1. Joseph M. Smith

2. Vicki Aiken

3. George W. Johnson

4. Fred W. Jacobs

5. K. Scott Roy

  6.  Allen Castor

  7.  Barbara Dresher

  8.  Richard A. Kipp

  9.  Martin Walsh

All witnesses may be reached in care of defense counsel.

**F.** **SUMMARY OF TESTIMONY OF EACH EXPERT WITNESS**

Defendant has no expert witnesses.

**G.** **SPECIAL COMMENT ABOUT PLEADINGS AND DISCOVERY**

None.

**H.** **SUMMARY OF LEGAL ISSUES AND LEGAL AUTHORITIES**

 **1.** **Probable Cause and Constructive Possession**

"[P]robable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Orsatti v. New Jersey State Police,* 71 F.3d 480, 483 (3d Cir.1995). Possession of weapons by a Pennsylvania parolee while on parole constitutes a technical violation of the express conditions of that parole. Smith's actions were justified as revealed by the decision by the Board that plaintiff had violated his parole by constructive possession of those weapons. As the evidence will show, it would have been unreasonable to conclude plaintiff did not have

constructive possession of the guns located within his home – some of which remained registered in his name.

Plaintiff demonstrated even by his version that he had constructive possession of the weapons when he stated to the Board's representative that to overcome the supposedly locked bedroom door he "pulled my electrician's pocketknife that I had with me that I use in my sweeper repair business out and jimmied the door open." " 'Constructive possession' occurs when a person does not have actual possession but instead knowingly has the power and intention at a given time to exercise dominion and control over the object, either directly or through others." *Nickens v. Pennsylvania Board of Probation and Parole,* 93 Pa. Cmwlth. Ct. 313, 322, 502 A.2d 277, 281 (1985) (citing *U.S. v. Daniels,* 527 F.2d 1147 (6th Cir.1975)). Here, plaintiff had the ability both to enter his son's room by simply springing the lock with a pocketknife as he claims he did and to tell his son to return any or all of the guns to him – after all, plaintiff admits that many of the weapons continued to be registered in his name. Smith had probable cause to arrest plaintiff and there was no violation of plaintiff's Fourth Amendment rights arising from that arrest. Judgment should be entered in favor of Smith and against plaintiff.

2.  **Immunity**

Qualified immunity shields Smith from suit for damages if "a reasonable officer could have believed [the warrantless arrest of plaintiff] to be lawful, in light of clearly established law and the information [Smith] possessed. [Smith]'s subjective beliefs about the [arrest] are irrelevant." *Anderson v. Creighton*, 483 U.S. 635, 641, 107 S.Ct. 3034, 3040 (1987). Even law enforcement officials who "reasonably but mistakenly conclude that probable cause is present" are entitled to immunity. *Ibid.* Where an arrest is allegedly unconstitutional, the shield of immunity will be lost "[o]nly where the [basis for the action] is so lacking in indicia of probable cause as to render official belief in its existence unreasonable." *Malley v. Briggs*, 475 U.S. 335, 344-45, 106 S.Ct. 1092 (1985). Therefore, if competent officers could reasonably disagree on whether probable cause exists, the immunity applies. *Id.* at 341.

Smith's belief that he had probable cause to arrest plaintiff for constructive possession of the weapons was reasonable. Smith had no reason to believe plaintiff did not have "the intent and power at a given time to exercise control and dominion over the object either directly or through another person." *Nickens, Id.* Hence, it was reasonable for him to have arrested plaintiff under the circumstance as he knew them. Based on this, Smith is entitled to qualified immunity and judgment should be entered in his favor.

I.   **STIPULATIONS DESIRED**

Defendant would like a stipulation as to the authenticity of its exhibits and that copies may be accepted in lieu of originals.

J.   **ESTIMATED NUMBER OF TRIAL DAYS**

Although defendant has not received plaintiff's witness list and exhibits, it is likely that the entire case will take one (1) to two (2) days.

K.   **OTHER PERTINENT MATTERS**

None.

L.   **SCHEDULE OF EXHIBITS**

*See* Attachment 1.

M.   **SPECIAL VERDICT QUESTIONS**

*See* Attachment 2.

N.   **STATEMENT ABOUT SETTLEMENT AUTHORITY**

The undersigned certifies that he has notified the person with settlement authority at the Board of Probation and Parole of the provisions of Local Rule 16.2.

O. **CERTIFICATE REGARDING DEPOSITIONS AND VIDEOTAPES**

There were no depositions taken and no intent to present videotapes at trial.

**Respectfully submitted,**

**GERALD J. PAPPERT**
**Attorney General**

By:  *s/ Francis R. Filipi*
**FRANCIS R. FILIPI**
**Senior Deputy Attorney General**
**Civil Litigation Section**

**Office of Attorney General**

**15th Floor, Strawberry Square**
**Harrisburg, PA 17120**
**Phone: (717) 787-3874**
**Fax:    (717) 772-4526**

**SUSAN J. FORNEY**
**Chief, Civil Litigation Section**

**Date: November 12, 2004**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GAIL J. GALLOWAY, | : | |
| Plaintiff, | : | No. 1:CV-00-0649 |
| | : | |
| v. | : | (Judge Rambo) |
| | : | |
| PENNSYLVANIA BOARD OF | : | Electronically Filed |
| PROBATION AND PAROLE, et al. | : | |
| Defendants, | : | |

## CERTIFICATE OF SERVICE

I, Francis R. Filipi, Senior Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on the 12th day of November, 2004, I will have caused to be served a true and correct copy of the foregoing Defendant's Pretrial Memorandum by having a copy of it deposited in the United States Mail, first-class postage prepaid to the following:

Gail Galloway
R.D. #1, Box 30
Petersburg, PA 16669

*s/Francis R. Filipi*
**FRANCIS R. FILIPI**
**Senior Deputy Attorney General**