IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GAIL J. GALLOWAY,                    :
              Plaintiff,          :        No.  1:CV-00-0649
                               :
          v.                  :        (Judge Rambo)
                               :
PENNSYLVANIA BOARD OF                :        Electronically Filed
PROBATION AND PAROLE, et al.  :
              Defendants,        :

DEFENDANT'S  BRIEF  IN  OPPOSITION
TO  PLAINTIFF'S MOTION TO COMPEL

On May 26, 2005, plaintiff, Gail Galloway, filed a motion to compel directed at former defendant Charles Giornesto.  This short brief in filed in opposition to plaintiff's motion.

On May 18, 2005, defense counsel received plaintiff's second set of interrogatories propounded to former defendant Charles Giornesto.[1]  Exhibit 1. The focus of this set concerns how Mr. Giornesto heard that plaintiff's son was looking to purchase a .50 caliber weapon as a gift for plaintiff.  *Id*.  Counsel

---

[1]  A copy of Mr. Giornesto's responses to the first set of interrogatories is exhibit 2 to this brief.

reviewed the file before responding to plaintiff's requests. From that review the following facts became apparent: 1. The last extension of the discovery period closed on May 14, 2004, (exhibit 3)[2] and ; 2. Gironesto was dismissed as a defendant on September 14, 2004 (exhibit 4). Further complicating any attempt to respond to these interrogatories is the fact Mr. Giornesto has moved out of state, relocating to a western state, and counsel has no direct way to contact him.[3] Therefore, counsel sent plaintiff a letter on the very same day he received plaintiff's interrogatories pointing out these facts. Exhibit 5.[4]

However, even if a plaintiff is permitted to propound discovery from a dismissed party outside of the discovery period established by this Court otherwise, there is another reason to not permit it in this case – whatever may have been Mr. Giornesto's motivation to make such a claim, it would not be relevant or

---

[2] The original period for discovery would have closed on October 10, 2000, by operation of local rule. Thereafter the discovery period was extended by the November 29, 2000, case management order (docket entry 26) until March 30, 2001, and again to April 1, 2004, by the January 29, 2004, Order reopening the case (docket entry 81).

[3] At one time in the past, counsel received a couple calls from an attorney who identified himself as a friend of Charles Giornesto. Those calls had been prompted by counsel's repeated calls to Mr. Giornesto's family, trying to obtain responses to the original set of interrogatories. While counsel believes he had a phone number for that attorney at the time, attempts to locate it have been fruitless. He did locate the name and address of that attorney in his file which is: Brian D. Thie, Esq., 212 East Sixth Street, Moscow, ID 83843.

[4] Counsel is also including four other letters he sent to plaintiff in failed efforts to explain why the information plaintiff sought was irrelevant to the issue of probable cause to arrest. Copies of those letters are supplied as exhibits 7 through 10.

material to plaintiff's sole remaining claim.  According to the Court's September 14, 2004, Memorandum (exhibit 4), the sole issue to be tried is whether Smith had probable cause to arrest plaintiff on June 1, 1998.  *Id*. at p. 12.  As Smith stated under penalty of perjury, while the information his supervisor passed on undoubtedly increased the likelihood he would ask Galloway about weapons on that day, Smith has asked this question of many other parolees under his supervision without specific information to cause him to ask it.  Smith declaration, ¶ 7 (exhibit 6).[5]

More importantly, Smith explains that the reason he arrested Galloway on June 1, 1998, was "because of the weapons [he] observed and confiscated and not for any other reason.  Specifically, while the information that plaintiff's son was thinking about purchasing a gun for his father prompted [him] to ask plaintiff about weapons, it was not the reason [Smith] viewed plaintiff as a technical parole violator."  Smith declaration, ¶ 14.  Smith also states that the decision to arrest plaintiff on  June 1, 1998, was his and his alone.  He consulted no one before placing Galloway under arrest.  Smith declaration, ¶ 15.  Therefore, the search for the truth regarding the sole remaining issue will not be aided by forcing an out-of-state non-party to answer these interrogatories.

---

[5] The executed copy of the same declaration from defendant Smith was filed and served on May 28, 2004.  *See* docket entry 94 (attachment 2).

Conclusion

WHEREFORE, the Court should deny plaintiff's motion to compel.


                                        THOMAS W. CORBETT, Jr.
                                        Attorney General

                              By:    *s/Francis R. Filipi*
                                     FRANCIS R. FILIPI
Office of Attorney General           Senior Deputy Attorney General
15th Floor, Strawberry Square        Civil Litigation Section
Harrisburg, PA 17120
Phone: (717) 787-3874                SUSAN J. FORNEY
Fax:    (717) 772-4526               Chief Deputy Attorney General
                                     Chief, Civil Litigation Section

Date:  May 31, 2005

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GAIL J. GALLOWAY,                       :
            Plaintiff,          :        No. 1:CV-00-0649
                        :
          v.                    :        (Judge Rambo)
                        :
PENNSYLVANIA BOARD OF                   :        Electronically Filed
PROBATION AND PAROLE, et al.            :
            Defendants,         :

## CERTIFICATE OF SERVICE

I, Francis R. Filipi, Senior Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on this 31st day of May, 2005, I caused to be served a true and correct copy of the foregoing document titled Brief in Opposition to Plaintiff's Motion to Compel by depositing same in the United States Mail, first-class postage prepaid to the following:

    Gail Galloway
    R.D. #1, Box 30
    Petersburg, PA 16669

                                  *s/Francis R. Filipi*
                                FRANCIS R. FILIPI
                                Senior Deputy Attorney General