IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GAIL J. GALLOWAY, | : | |
| Plaintiff, | : | |
| | : | No. 1:CV-00-0649 |
| v. | : | |
| | : | (Judge Rambo) |
| PENNSYLVANIA BOARD OF | : | |
| PROBATION AND PAROLE, | : | |
| et al., | : | |
| Defendants | : | |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES PROPOUNDED UPON THE DEFENDANT**

TO:   CHARLES GIORNESTO

RECEIVED
Office of Attorney General

FEB 2 0 2004

Litigation Section

RECEIVED
Office of Attorney General

JUL 0 8 2004

Litigation Section

**PLEASE TAKE NOTICE:** You are hereby requested, pursuant to the Federal Rules of Civil Procedure, to file and serve upon Gail J. Galloway, ("Plaintiff") at the address listed below, within thirty (30) days from the service hereof, your Answers, **IN WRITING AND UNDER OATH**, to the following Interrogatories. These Interrogatories shall be deemed as ongoing. If, between the time of your Answers to the herein Interrogatories, and the time of trial in this case, you or anyone acting in your behalf, obtains or becomes aware of additional requested information not supplied herein, you shall **immediately** furnish the same to the Plaintiff by way of Supplemental Answers.

These Interrogatories are addressed to you, and your Answers shall be based upon your knowledge, information, or belief, whether or not such knowledge is firsthand. The hereto attached "DEFINITIONS AND INSTRUCTIONS" are incorporated into the attached Interrogatories, and you shall retain these Instructions for



DRAFT
ORIGINAL

future use as the PLAINTIFF WILL NOT SUPPLY ADDITIONAL COPIES.

Respectfully submitted by:

*Gail J. Galloway*
Gail J. Galloway
R.D.#1, Box 30
Petersburg, PA 16669
(814) 669-9164

Date: February 14, 2004

# INTERROGATORIES
## USE BACK OF PAGE OR ADDITIONAL PAPER FOR COMPLETE ANSWER

1. State your complete name including any name changes or alias' and complete address, including work address and home address (including ZIP code) and all previous addresses for the last fifteen (15) years.

**RESPONSE:**

*NO, NOT RELEVANT, SINCE PLAINTIFF ALREADY HAS THIS INFORMATION*

2. Identify your employer(s) at the time of the incident which brought about the instant lawsuit, until present.

    a. Your employers complete address.

    b. Your position

    c. Your immediate supervisor.

    d. Your income.

**RESPONSE:**

*PLAINTIFF HAS THIS INFORMATION*

3.  Delineate all events leading up to the incident to include: Describe the report you filed about David Galloway inquiring about purchasing a .50 caliber rifle for his father, Gail Galloway, for his birthday, who you filed it to, the complete contents, whether any communication was in document form, oral, or other form, who reported what to you and when, and identify and describe all other circumstances concerning your report. Describe what you reported that Chet Stryker informed you of, where and when and if what you reported was true. Who did you make your report to concerning the events leading up to this incident and did they investigate your report or check out any of the details before taking any action. Delineate about the truth of what you reported and what actually happened, when and where. Delineate about all events from the time of the incident to present that you have knowledge of, whether or not from your own personal knowledge or what you have heard from anyone else or seen in any documents or communications.

**RESPONSE:**

DEFENDANT FILED NO WRITTEN REPORT WITH ANYONE ABOUT THIS ISSUE. DEF. SIMPLY MADE A PHONE CALL TO GEORGE JOHNSON, AND PASSED ON INFORMATION GIVEN TO ME. ANY ACTIONS AFTER THIS POINT DID NOT INVOLVE ME. I HAVE NO NOTES/RECORDS ECT, TO REFRESH MY MEMORY ON THIS ISSUE, SO I CANNOT COMMENT ANY FURTHER.

4. Delineate about your Federal Firearms License and your gun business to include: Describe and identify all previous locations of your gun business for the past fifteen (15) years. Identify your Federal Firearms License number. Identify any complaints filed about your gun business to anyone or any agency of the county, state, or federal government, fully describe. Have you ever disposed of or sold any guns that belonged to customers that were in for repairs and not to be sold. Have you ever purchased any guns from any agency that had guns that were retrieved as stolen or forfeited in some manner or from sheriff sales, etc.

**RESPONSE:**

OBJ. ~~HO~~ NOT RELEVANT

5. Delineate about any complaints that you skipped out of Huntingdon County while owing substantial back rent to anyone where you lived. If so, where and when and the amount owed and the circumstances surrounding any payment if made later including dates.

RESPONSE:

OBJ: ~~No~~, NOT RELEVANT

6. Delineate about your employment with the Pennsylvania Board of Probation and Parole to include: Describe when you were hired and what your qualifications were. Identify if you were ever reprimanded for any reason or if your job duties were changed for any reason including disciplinary. Delineate about any disciplinary action taken against you including your termination of employment by the Pennsylvania Board of Probation and Parole, fully describe all the reasons for your termination, all of which is relevant to your conduct in the instant case which helped facilitate your termination.

**RESPONSE:**

OBJ: NO, PLAINTIFF ALREADY HAS THIS INFORMATION

7. Fully describe your education, all training and schooling you had to qualify you for a job with the Pennsylvania Board of Probation and Parole.

**RESPONSE:** NO OBJ: IRRELEVANT

8.  Delineate if you are taking any prescription or over the counter medication for any condition, whether mental, physical, emotional, or other reason that would have any effect on your job or reasoning abilities to include: Have you ever been treated or recommended for treatment for abuse of alcohol or drugs. Do you consume alcohol, and if so, to what extent, how often, and the type(s) used. Do you use any drugs acquired from any other source except licensed doctors. Have you ever been treated or seen by a psychologist or psychiatrist and the reason and treatment.

**RESPONSE:**

OBJ: ~~NO~~, NOT RELEVANT

9. Identify all your income and assets and insurance and any transfer of ownership or sale of personal property since the incident.

**RESPONSE:**

OBJ: NO, NOT RELEVANT

10.Did you report to Defendant Johnson that a man named Stryker reported to you that David Galloway had inquired about buying a .50 caliber rifle for his father, Gail Galloway for his birthday. If so, where and when did this take place and give Stryker's full name and address.

CHET STRYKER HAS NOTHING TO DO WITH THIS CASE. HE REPORTED NOTHING TO ME CONCERNING THIS ISSUE. I DO NOT KNOW HIS FULL/COMPLETE NAME, OR HIS CURRENT ADDRESS.

11.Fully describe what you actually did report to Defendant Johnson including where and when you reported it including all communications, oral, written, or other.

WITHOUT ANYTHING TANGIBLE TO REFRESH MY MEMORY, IT WOULD NOT BE PRUDENT TO ANSWER THIS QUESTION.

12. State the full name and address of the person who made the report to you that David Galloway had inquired about buying his father, Gail Galloway, a .50 caliber rifle for his birthday, and did you know when Gail Galloway's birthday was.

**OBJ:** ~~NO~~, SHE SHALL REMAIN ANONYMOUS, TO PROTECT HER FROM RETALIATION BY THE PLAINTIFF, ECT.

13. Delineate about all events from four (4) weeks prior to the incident of June 1, 1998 and present concerning the incident that you have knowledge of, whether or not from your own personal knowledge or what you may have heard from anyone else or seen in any documents or communications.

**OBJ:** THIS QUESTION IS CONFUSING. BE MORE SPECIFIC, AND RESTATE THIS IN SIMPLE ENGLISH.

14. Describe and identify all previous locations of your gun business for the past fifteen (15) years. This question is relevant since a conspiracy is alleged involving said gun business.

OBJ: ~~NO~~ NOT RELEVANT

p 13 of 15

Interrogatories submitted by:

*[signature: Gail Galloway]*

Gail Galloway, Plaintiff, *pro se*
R.D.#1, Box 30
Petersburg, PA 16669
(814) 669-9164

Person preparing answers to the Interrogatories:

_____

Attorney for Defendant

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 1, 2004.

_____
Charles Giornesto