IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GAIL GALLOWAY** | : | CIVIL NO. 1:CV-00-0649 |
| Plaintiff, | : | |
| v. | : | |
| **PENNSYLVANIA BOARD OF PROBATION AND PAROLE,** *et al.*, | : | |
| Defendants | : | |

**M E M O R A N D U M**

Before the court is Defendants' motion for summary judgment. The parties have briefed the issue, and the matter is ripe for disposition. For the reasons set forth below, the court will deny the motion in part and grant it in part.

I. **Background**

A. **Procedure**

Plaintiff filed the captioned matter *pro se* on April 10, 2000. On June 21, 2000, certain defendants filed a motion to dismiss, which the court granted by order dated January 2, 2001. Plaintiff timely appealed, and the Third Circuit vacated this court's judgment and remanded for findings consistent with *Shane v. Fauver*, 213 F.3d 113 (3d Cir. 2000). On remand, the court concluded that while it would be futile to allow Plaintiff leave to amend a number of his claims, there was a possibility that with amendment Plaintiff could state a claim against Defendants Giornesto, Smith, Roberts, Johnson, Thomas, Roy, Ridge, and Ward concerning the search of his son's room, his Fourteenth Amendment claim that his due process rights were

violated when his parole was revoked, and his claims against Defendants Burks, Morgan, and Mechling.

On August 20, 2002, Plaintiff filed an amended complaint. The remaining Defendants filed a motion to dismiss on September 4, 2002, which the court granted by order on October 18, 2002. Plaintiff took another appeal. On January 28, 2004, the court of appeals remanded a second time, but limited the scope of its remand to Plaintiff's claim that his Fourth Amendment rights were violated – not because his son's room was searched – but because, in Plaintiff's view, Defendant Smith lacked probable cause to arrest him for violation of his parole. Thus, the only issue before the court is whether Defendants illegally seized Plaintiff in violation of Plaintiff's Fourth Amendment rights.[1] On May 28, 2004, Defendants filed the instant motion for summary judgment.

### B. Facts

The following facts are undisputed except where noted. Plaintiff Gail Galloway was convicted of two counts of theft in the Court of Common Pleas for Huntingdon County, Pennsylvania and was sentenced to imprisonment of two to seven years. At the times relevant to the captioned matter, Defendant Joseph M. Smith was a parole agent assigned to the Altoona District Office of the Pennsylvania Board of Probation and Parole. On September 14, 2004, Plaintiff was released on parole after executing a form containing, among other things, the standard conditions. One of the standard conditions, condition 5.b, stated that Plaintiff "shall . . . refrain

---

[1] The Third Circuit Court of Appeals stated: "Given the factual questions regarding the existence of probable cause to arrest, we remand this claim so that the District Court may consider the issue in the first instance." *Galloway v. Pennsylvania Board of Probation and Parole*, No. 02-4183 (3rd Cir. January 28, 2004) (order remanding case to district court).

from owning and possessing any firearms or other weapons." (Defs.' Ex. A in Supp. of Mot. for Summ. J. at 2.)

Defendant Smith asserts the following construction of events. Smith was informed by his supervisor that he had heard that Plaintiff's son, David Galloway, was interested in purchasing a .50 caliber weapon for Plaintiff as a birthday present. Both because of this information and because Smith needed to make routine contact with Plaintiff, Smith went to Plaintiff's house that day intending to ask Plaintiff if he possessed any firearms or other weapons.[2] Upon arriving at Plaintiff's house, Smith found Plaintiff on the porch and asked him whether there were any weapons on the property. Plaintiff said that there were; that they were his son's, although some were still registered in his name. Smith asked Plaintiff to show him the weapons, Plaintiff willingly got up, and Smith followed him into the house. At all times, according to Smith, Plaintiff was in the lead while the two were walking through Plaintiff's house. Smith followed Plaintiff through the house, down a hallway until they came to a Plaintiff's son's bedroom door, which was closed, but not locked. Plaintiff opened the door and Smith followed him into the bedroom. In the bedroom was a closet door that was closed but not secured in any way. Smith opened the door and saw a 9-millimeter handgun lying on the shelf. After inspection, Smith determined that the gun was loaded. Smith also found an unsecured gun cabinet in the closet as well as a number of other weapons. All told, Smith found nineteen firearms, a sword, a cross bow, and various rounds of ammunition. (*See*

---

[2]Plaintiff contends that this is not true. Plaintiff asserts that his son was not planning to purchase Plaintiff a weapon and that Defendant's account is part of conspiracy to deprive Plaintiff's son of property. (*See generally* Pl.'s Resp. to Def.'s Mot. for Summ. J.) However, Defendant's reason for going to Plaintiff's house is not material to the issue of probable cause in the Plaintiff's arrest for constructive possession of weapons located in Plaintiff's son's room.

3

Ex. B to Defs.' Mot. for Summ. J. at 2.) Smith asserts that he concluded that Plaintiff had access to these weapons and, thus, that he constructively possessed them. As a result, Smith arrested Plaintiff and charged him with a parole violation.

Plaintiff provides a much different account of events, and asserts the following. On the day Smith came to Plaintiff's house, Plaintiff was sitting on the front porch with his grandson. Smith inquired about the report that Plaintiff's son was planning to buy a firearm for Plaintiff. Plaintiff responded that there were no such plans to purchase a firearm for Plaintiff. Smith then stated he was there to search Plaintiff's son's room. Plaintiff responded that he did not have a key or access to his son's room. Smith ordered Plaintiff to take him to the son's room. Plaintiff states that on six occasions he asked Smith for permission to contact his son, which Smith denied. Plaintiff then attempted to open the door, but it was locked. Plaintiff alleges that Smith began to intimidate him by placing his hand near the grip of his pistol. Plaintiff asserts that he feared for his life so he forcibly opened his son's door. Smith entered Plaintiff's son's room and upon finding weapons, placed Plaintiff under arrest.

Plaintiff also offers the affidavits of both his wife and son, affirming that the son's room was always locked, that the son maintained exclusive control of the room, and that the son was the only member of the family who had a key to the room. (*See* Pl.'s Br. in Opp'n to Defs'. Mot. for Summ. J.; Beverly and David Galloway Affidavits.) Accordingly, Plaintiff asserts that he had no possession or control over the weapons in question, that he did not violate the conditions of his parole, and that Defendant Smith lacked the requisite probable cause to arrest him.

II.     **Legal Standard: Summary Judgment**

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *accord Saldana v. Kmart Corp.*, 260 F.3d 228, 231-32 (3d Cir. 2001). A factual dispute is "material" if it might affect the outcome of the suit under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is "genuine" only if there is a sufficient evidentiary basis which would allow a reasonable fact-finder to return a verdict for the non-moving party. *Id.* at 249. The court must resolve all doubts as to the existence of a genuine issue of material fact in favor of the non-moving party. *Gans v. Mundy*, 762 F.2d 338, 341 (3d Cir. 1985); *see also Reeder v. Sybron Transition Corp.*, 142 F.R.D. 607, 609 (M.D. Pa. 1992).

Once the moving party has shown that there is an absence of evidence to support the claims of the non-moving party, the non-moving party may not simply sit back and rest on the allegations in its complaint. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Instead, he must "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, and designate specific facts showing that there is a genuine issue for trial." *Id.* (internal quotations omitted); *see also Saldana*, 260 F.3d at 232 (citations omitted). Summary judgment should be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden at trial." *Celotex*, 477 U.S. at 322-23. "'Such

affirmative evidence – regardless of whether it is direct or circumstantial – must amount to more than a scintilla, but may amount to less (in the evaluation of the court) than a preponderance.' " *Saldana*, 260 F.3d at 232 (quoting *Williams v. Borough of West Chester*, 891 F.2d 458, 460-61 (3d Cir. 1989)).

III.  **Discussion**

Defendants argue that their motion for summary judgment should be granted for the following reasons. First, Defendant Smith had probable cause to arrest Plaintiff for constructive possession of weapons. Second, Defendant Smith is entitled to qualified immunity. Third, Defendants argue that no matter how the court rules on the first question, no one other than Defendant Smith should be held liable for the decision to arrest Plaintiff.[3] The court will address each of the arguments below.

A. **Probable Cause**

The Fourth Amendment prohibits law enforcement officers from making seizures without probable cause. *See Graham v. Connor*, 490 U.S. 386 (1990); *Wilson v. Russo*, 212 F.3d 781, 789-90 (3d Cir. 2000). A person arrested without probable cause also has a § 1983 claim for false imprisonment based on a detention pursuant to that arrest. *Gorman v. Township of Manalapan*, 47 F.3d 628, 636 (3d Cir. 1995). Consequently, if Plaintiff's arrest was made without probable cause, Plaintiff may recover damages under § 1983. *See Wilson*, 212 F.3d at 789. Thus, the

---

[3] The remaining defendants are as follows: Daniel Roberts, George Johnson, Charles Giornesto, Robert Stewart, III, Arthur Thomas, K. Scott Roy, Governor Thomas Ridge (now Director of Homeland Security), William Ward, Sharon Burks, William Caldwell, Seth Mendelsohn, Fred Jacobs, Neil Mechling and James Morgan.

essential inquiry is whether Defendant Smith had probable cause to arrest Plaintiff for constructive possession of the weapons.

"[P]robable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Orsatti v. New Jersey State Police,* 71 F.3d 480, 483 (3d Cir. 1995). Here, there is no doubt that possession of firearms by Plaintiff would constitute a violation of his parole agreement and give Defendant Smith probable cause to arrest Plaintiff. (*See* Defs.' Ex. A in Supp. of Mot. for Summ. J. at 2 (stating that one of the standard conditions, condition 5.b, states that Plaintiff "shall . . . refrain from owning and possessing any firearms or other weapons").) The question, then, is whether by virtue of the weapons being in Plaintiff's son's room, Plaintiff constructively possessed those weapons within the meaning of condition 5.b. Constructive possession occurs when "[a] person who, although not in actual possession, knowingly has both the *power and the intention* at a given time to exercise dominion or control over a thing, either directly or through another person or persons." *U.S. v. Garth,* 188 F.3d 99, 112 (3rd Cir. 1999).

First, in regard to the issue of power to possess, Defendants in their motion for summary judgment, assert that Plaintiff had the power to be in possession of the weapons because the door to the son's room was not locked. However, Plaintiff asserts that door was locked, that it always remained locked, and that Plaintiff's son was the only one with possession of a key. (*See* Pl.'s Br. in Opp'n to Defs.' Mot. for Summ. J.; Beverly and David Galloway Affidavits.) There is a disagreement as to factual matters that will significantly impact the outcome of this

7

case. Therefore, if the door was locked or if the door was not locked is a question of fact for the jury to determine.

Even if Defendants were to show that the door was not locked or that Plaintiff possessed a key to the room, Defendants fail to establish the second aspect of the test for constructive possession, which is intent. In *Garth*, the Court of Appeals stated that "constructive possession requires an individual to have the power and intent to exercise both dominion and control over the object he or she is charged with possessing." *Id*. Defendants fail to address the issue of intent in their motion for summary judgment and provide no facts to support an assertion that Plaintiff had the intent to possess the weapons. Whether the plaintiff in this case had the requisite intent to possess the weapons in the son's room is a question of fact that a jury must decide. Because issues of fact remain as to the question of power and intent to possess, the court will deny this aspect of Defendants' motion for summary judgment.

### B. Qualified Immunity

Defendants contend that summary judgment should be granted because Defendant Smith, acting in his official capacity as a parole officer, is entitled to qualified immunity. Qualified immunity is an absolute bar to trial. *Saucier v. Katz*, 533 U.S. 194, 200 (2001); *Mitchell v. Forsythe*, 472 U.S. 511, 526 (1985). The doctrine of qualified immunity establishes "that government officials performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity exists "to protect officials who are required to

exercise their discretion and the related public interest in encouraging the vigorous exercise of official authority." *Id.* at 807 (internal quotation omitted).

A qualified immunity analysis entails a two-part inquiry. *Atkinson v. Taylor*, 316 F.3d 257, 261 (3d Cir. 2003). The threshold inquiry is whether the facts demonstrate that the official's conduct violated a constitutional right. *Siegert v. Gilley*, 500 U.S. 226, 232 (1991). If no constitutional right was violated, the inquiry ends. *Wilson v. Layne*, 526 U.S. 603, 615 (1999). If a constitutional right was violated, however, the relevant inquiry becomes whether that right was clearly established at the time of the violation and whether a reasonable official should have known that the alleged action violated the plaintiff's rights. *Saucier*, 533 U.S. at 201.

In the present case, factual determinations must be made before it can be established that Defendant, acting in his official capacity as a parole officer, violated Plaintiff's constitutional rights. Plainly stated, it is for a jury to determine if Defendants' version of events or Plaintiff's version of events occurred. Based on the jury's factual findings the court will then make the legal determination if Defendant Smith had probable cause to arrest Plaintiff. In light of such a possible determination, the court will examine Defendants' assertion of qualified immunity under the second prong of the *Atkinson* inquiry. The essential question then becomes whether Plaintiff's constitutional rights were clearly established and whether Defendant Smith should have known that his conduct violated Plaintiff's constitutional rights. *Saucier*, 533 U.S. at 201.

One of the cornerstones of criminal law jurisprudence is the right to be free from seizure without probable cause. The Supreme Court has stated:"No right is held more sacred, or is more carefully guarded, by the common law, than the right of

every individual to the possession and control of his own person, free from all restraint or interference of others, unless by clear and unquestionable authority of law." *Terry v. Ohio*, 392 U.S. 1, 9 (1968) (quoting *Union Pac. R. Co. v. Botsford*, 141 U.S. 250, 251(1891)). So ingrained is it that ignorance cannot be pled.

Simply and briefly, the facts, as Plaintiff asserts, are as follows. Defendant Smith, acting in his official capacity as a parole officer, approached Plaintiff and asked Plaintiff to open the door to Plaintiff's son's room, but Plaintiff was not able to open the door because Plaintiff had no key. Plaintiff did not have the ability to open the door, except by force. In such a construction of events, a reasonable officer would conclude that Plaintiff did not have constructive possession of the weapons because Plaintiff did not meet the standard for constructive possession, that the individual have the ability and intent to possess. *Garth*, 188 F. 3d at 112. Under Plaintiff's assertion of facts, Plaintiff neither had ability nor intent to possess. Accordingly, the court will deny Defendants' motion for summary judgment on this issue.

### C. Liability of All Other Defendants

In the present case, the Third Circuit has limited the issues to but one, if there was probable cause to arrest Plaintiff. Defendants assert that no Defendant, other than Defendant Smith was personally involved in the decision to arrest Plaintiff. As a result, Defendants argue that Plaintiff cannot maintain a §1983 claim against any Defendant, other than Defendant Smith.

" '[A] defendant in a civil rights action must have personal involvement in the alleged wrongs' to be liable." *Sutton v. Rasheed*, 323 F.3d 236, 249 (3d Cir. 2003) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)). Personal

involvement may be demonstrated by "allegations of participation or actual knowledge and acquiescence in the violation." *Whittington v. Vaughn*, 289 F. Supp. 2d 621, 628 (E.D. Pa. 2003) (citing *Rode*, 845 F.2d at 1207).[4] Because civil rights actions require personal involvement, it follows that liability under § 1983 cannot be predicated solely on the theory of respondeat superior. *Parratt v. Taylor*, 451 U.S. 527, 537 n.3 (1981) (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658 (1978)); *see also Rode*, 845 F.2d at 1207.

        For Plaintiff to effectively defend against a motion for summary judgment Plaintiff "may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule , must set forth specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Plaintiff has failed to set forth how liability could be imparted to any Defendant other than Defendant Smith. Plaintiff has alleged that a conspiracy exists involving a number of Defendants; however, Plaintiff fails to clarify

---

[4] The Third Circuit has held that "[a]llegations of participation or of actual knowledge and acquiescence . . . must be made with appropriate particularity." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). However, in *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 167 (1993), the Supreme Court clarified that district courts may not apply a heightened pleading standard in § 1983 actions. *See also Alston v. Parker*, 363 F. 3d 229 (3d Cir.2004) (holding that civil rights plaintiffs need not plead with particularity in § 1983 actions). Therefore, the portion of *Rode* that requires pleading with particularity is no longer good law. The portion of *Rode* that requires personal involvement, though, is apparently still good law. *See Sutton v. Rasheed*, 323 F.3d 236, 249 (3d Cir. 2003) (citing *Rode* for the proposition that personal involvement in the alleged wrongs is required in civil rights actions). Thus, the court will apply that standard in accordance with the liberal system of notice pleading under Federal Rule of Civil Procedure 8(a)(2), which requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." *See also Conley v. Gibson*, 355 U.S. 41, 47 (1957) (holding that under Rule 8, a complaint must provide the defendant with "fair notice of what the plaintiff's claim is and the grounds upon which it rests").

these allegations. Plaintiff has not shown that any Defendant, other than defendant Smith was personally involved in the decision to arrest him, or even that any other Defendant had actual knowledge of the decision to arrest Plaintiff. As a result, no Defendant, other than Defendant Smith, can be held liable under a §1983 claim. Accordingly, the court will grant Defendants summary judgment on the issue that no other Defendant, other than Defendant Smith, can be held liable for the decision to arrest Plaintiff on June 1, 1998.

IV.     **Conclusion**

In accordance with the foregoing discussion, the court will grant Defendants' summary judgment motion in part and deny it in part. As for the issue of whether there was probable cause to arrest Plaintiff, the court concludes that there is a genuine issue of material fact whether Plaintiff was in constructive possession of the weapons in question. Therefore, the court will deny the Defendants' motion for summary judgment as it relates to this issue.

As for Defendants' argument that Defendant Smith is protected by qualified immunity, the court determines that factual issues must be decided by a jury before the court can make a legal determination as to if there was probable cause to arrest Plaintiff. Consequently, the court will deny Defendants' summary judgment motion as it relates to this issue.

Finally, the court finds that Plaintiff has not set forth any specific facts that would impart liability to any Defendant other than Defendant Smith for the issue of probable cause to arrest Plaintiff. The court will therefore grant Defendants' motion and dismiss the suit as it applies to Defendants Daniel Roberts, George

Johnson, Charles Giornesto, Robert Stewart, III, Arthur Thomas, K. Scott Roy, Governor Thomas Ridge (now Director of Homeland Security), William Ward, Sharon Burks, William Caldwell, Seth Mendelsohn, Fred Jacobs, Neil Mechling and James Morgan.

      In sum, this case will proceed to trial on the following issue against Defendant Smith: whether Defendant Smith had probable cause to arrest Plaintiff. An appropriate order will issue.

                                                     s/Sylvia H. Rambo
                                                   Sylvia H. Rambo
                                                   United States District Judge

Dated: September 14, 2004.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GAIL GALLOWAY,** : | CIVIL NO. 1:CV-00-0649 |
| Plaintiff, : | |
| v. : | |
| **PENNSYLVANIA BOARD OF** : | |
| **PROBATION AND PAROLE** *et al.*, : | |
| **Defendants.** : | |

## O R D E R

In accordance with the accompanying memorandum of law, **IT IS HEREBY ORDERED THAT**

1) Defendants' motion for summary judgment is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a) Defendants' motion is **GRANTED** as to Defendants, Daniel Roberts, George Johnson, Charles Giornesto, Robert Stewart, III, Arthur Thomas, K. Scott Roy, Governor Thomas Ridge (now Director of Homeland Security), William Ward, Sharon Burks, William Caldwell, Seth Mendelsohn, Fred Jacobs, Neil Mechling and James Morgan.

    b) Defendants' motion is **DENIED** in all other respects.

2) The Clerk of Court shall defer the entry of judgment stated in ¶ 1(a) above until the conclusion of this case.

3) The parties shall proceed to trial against Defendant Smith on the issue of whether Defendant Smith had probable cause to arrest Plaintiff for constructive possession of weapons.

                                                                                                 s/Sylvia H. Rambo \
                                                                                                 Sylvia H. Rambo \
                                                                                                 United States District Judge

Dated: September 14, 2004.