IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GAIL GALLOWAY,** | **CIVIL NO. 1:CV-00-0649** |
| **Plaintiff** | |
| v. | |
| **PENNSYLVANIA BOARD OF PROBATION AND PAROLE,** *et al.*, | |
| **Defendants** | |

## O R D E R

The background of this order is as follows. On May 26, 2005, Plaintiff filed a motion to compel former Defendant Giornesto to respond to interrogatories.[1] The court provided in a May 26, 2005 order that Giornesto must show cause as to why he should not be compelled to respond to Plaintiff's interrogatories. On May 31, 2005, defense counsel responded to the court's order and provided reasons why Giornesto should not be compelled to respond to Plaintiff's interrogatories.[2] The court finds counsel's reasoning to be convincing, and will deny Plaintiff's motion to compel.

Plaintiff sought the name of an informant who allegedly told Giornesto that Plaintiff was intending to acquire a firearm and sought the reason why Giornesto was terminated from the Pennsylvania Board of Prison and Parole ("PBPP"). Plaintiff indicates in his motion to compel that the information he seeks is necessary

---

[1] On Septermber 14, 2005, the court granted summary judgment to Defendant Giornesto and all other Defendants, except for Defendant Smith.

[2] Additionally, defense counsel asserts that Giornesto has moved out of state and counsel has no direct way of contacting him.

because it may show that Plaintiff was essentially framed.  The court is not convinced by Plaintiff's argument.

In its September 14, 2004 order, which granted in part and denied in part Defendants' motion for summary judgment, the court provided that "[t]he parties shall proceed to trial against Defendant Smith on the issue of whether Defendant Smith had probable cause to arrest Plaintiff for constructive possession of weapons." (Doc. 108., Order at 2.)  Moreover, the court stated in the accompanying memorandum that "Defendant's reason for going to Plaintiff's house is not material to the issue of probable cause in the Plaintiff's arrest for constructive possession of weapons located in Plaintiff's son's room." (*Id.*, Mem. at 3 n.2.)  Thus, it does not matter if Defendant Smith arrived at Plaintiff's house based upon a false tip.  Defendant Smith was Plaintiff's parole officer and as such would have made routine contact with Plaintiff at his residence.  Moreover, as a condition of Plaintiff's parole, he was to refrain from possessing weapons.  Thus, Defendant Smith, in his capacity of Plaintiff's parole officer, would have routinely inquired if Plaintiff possessed weapons.

The court finds that the identity of the alleged informant and the reason why Giornesto was terminated from the PBPP to be immaterial to the issue for trial.[3]  In denying Plaintiff's motion to compel, certain restrictions are also placed upon Defendant Smith.  Defendant Smith is precluded from asserting that he was at Plaintiff's house on the basis of information provided from the alleged informant.  If

---

[3]Giornesto is no longer a Defendant, thus it is not material why he was terminated from the PBPP. If Defendant Smith intends to call Giornesto as a witness, then Giornesto must respond to Plaintiff's inquiry as to why he was terminated from the PBPP.

Defendant Smith intends to rely upon any information provided from the alleged informant, then he will also have to provide Plaintiff with the informant's identity.

       **IT IS THEREFORE ORDERED THAT** Plaintiff's motion to compel is **DENIED**.

                                      s/Sylvia H. Rambo
                                      SYLVIA H. RAMBO
                                      United States District Judge

Dated: June 6, 2005.