IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GAIL J. GALLOWAY : | |
| Plaintiff : | |
| : | |
| v. : | No. 1:00-CV-0649 |
| : | |
| PENNSYLVANIA BOARD OF : | (Judge Rambo) |
| PROBATION AND PAROLE, *et* : | |
| *al*., : | (Electronically Filed) |
| Defendants : | |

DEFENDANT'S TRIAL BRIEF

I.  Statement of the Case

A.  Identities of the parties and nature of the action

Plaintiff is Gail Galloway, who was formerly confined in the state correctional system because the Board determined he had violated his parole by possessing firearms. The sole remaining defendant is Joseph Smith, plaintiff's parole agent at the time of the incident (June 1, 1998). The complaint seeks compensatory and punitive damages and an award of costs.

B. Procedural history

Galloway filed this action on April 10, 2000. The Commonwealth defendants filed a motion to dismiss on June 21, 2000, which the Court granted by order dated January 2, 2001. Galloway took a timely appeal that resulted in the court of appeals vacating this Court's judgment and remanding for findings consistent with *Shane v. Fauver*, 213 F.3d 113 (3d Cir. 2000). On July 16, 2002, this Court concluded that while it would be futile to grant Galloway leave to amend a number of his claims, there was a possibility that with amendment he could state a claim against defendants Gionesto, Smith, Roberts, Johnson, Thomas, Roy, Ridge and Ward concerning the search of his son's room, his Fourteenth Amendment claim that his due process rights were violated when his parole was revoked and his claims against Burks, Morgan and Mechling. Galloway filed an amended complaint on August 20, 2002. On September 4, 2002, the remaining defendants filed a motion to dismiss, which this Court granted on October 18, 2002. Galloway took another appeal. On January 28, 2004, the court of appeals remanded a second time, this time limited to Galloway's claim that his Fourth Amendment rights were violated – not because his son's room was searched – but because, in Galloway's view, agent Smith lacked probable cause to arrest him for violation of his parole. On May 28, 2004, defendant Smith and the other

remaining defendants moved for summary judgment.[1] On September 14, 2004, the Court granted defendants' motion except as to Smith. As the Court explained in the last paragraph of its September 14, 2004, Memorandum, "this case will proceed to trial on the following issue against Defendant Smith: whether Defendant Smith had probable cause to arrest Plaintiff." This trial is being filed to comply with paragraph 2 of the Court's April 7, 2005, Order.

C. Statement of facts

Based on the defendants' statements of material facts in support of their most recent motion for summary judgment (filed May 28, 2004) and plaintiff's responses thereto, defense counsel believes the following facts are undisputed.

At the time relevant to this action, Joseph M. Smith was a parole agent assigned to the Altoona District Office of the Board. Plaintiff, Gail Galloway, was convicted of two counts of theft in the Court of Common Pleas for Huntingdon County, Pennsylvania and was sentenced to a term the controlling minimum of which was two years and the controlling maximum of which was seven years. The

---

[1] The other defendants that plaintiff told defense counsel he felt were still in the lawsuit at the time defense counsel filed the motion for summary judgment were Daniel Roberts, the former District Director for the Altoona District; George Johnson, Smith's former supervisor with the Board; Charles B. Giornesto, another parole agent whom plaintiff identifies as the source of a tip that plaintiff's son was asking about purchasing a .50 caliber weapon for his father for his birthday; and the Honorable William Ward, the former Chairman of the Pennsylvania Board of Probation and Parole.

minimum term expired on September 14, 1994, and the maximum term expired on September 14, 1999.

On September 14, 1994, plaintiff was released on parole after executing a form containing both the standard conditions of parole as well as one special condition concerning payment of a supervision fee. The Board imposes a number of conditions in all supervision cases. The condition numbered on the form as 5.b. states:

> 5.   You shall:
>
> * * *
>
> b.   refrain from owning or possessing any firearms or other weapons. . . .

At the time this action arose, June 1, 1998, Smith had been plaintiff's parole agent for a few months. Prior to Smith's arrival at plaintiff's home on June 1, 1998, his superior informed him he had heard that plaintiff's son, David Galloway, was interested in purchasing a .50 caliber weapon for his father as a birthday present.[2] Both because of this information as well as because Smith needed to make a routine contact with plaintiff as a parolee on his caseload, Smith went to plaintiff's home that day. He went to plaintiff's home intending to ask him if he

---

[2] Plaintiff disputes that his son told anyone he was interested in purchasing a .50 caliber weapon for his father as a birthday present. However, this does not place in dispute that Joseph Smith was told this before he went to plaintiff's home on June 1, 1998.

4

possessed any firearms or other weapons. While this information undoubtedly increased the likelihood Smith would ask plaintiff about weapons on that day, he has asked this question of many other parolees under his supervision caseload without specific information to cause him to ask it.

Smith went to plaintiff's home and found plaintiff on his porch. Smith asked him if there were any weapons on the property. Plaintiff is not the only parolee whom Smith has arrested for constructive possession of weapons. Based on the record developed at that hearing the Board determined to revoke plaintiff's parole.

While plaintiff may dispute the following facts, defendant will testify as follows. When Smith went to plaintiff's home and found plaintiff on his porch and asked him if there were any weapons on the property, plaintiff told Smith that his son had weapons but that some were still registered in plaintiff's name. Smith asked to see them and plaintiff willing got up and entered the home with Smith following. When the two got to a bedroom door, plaintiff opened it and both went in. The door was not locked. In the bedroom was a closet with a sliding door. The door to the closet was not secured. Smith opened the closet door and saw a load 9-millimeter handgun on a shelf. There was also a gun cabinet and in it and in

the back of the closet other weapons.³ Based on this discovery, Smith concluded had had probable cause to arrest plaintiff for violation of condition of parole 5b. Smith made this decision himself without consulting anyone else. Plaintiff subsequently had a violation hearing and based on the evidence adduced at that hearing, the Board declared plaintiff a technical parole violator.

D. Contentions as to liability

Defendant asserts that he may not be held liable based on the facts adduced at trial because plaintiff, a parolee, had possession of the prohibited weapons. The ultimate decision that plaintiff had possession of the weapons found in his home was made not by defendant but by others a hearing examiner. Defendant submits that he is entitled to the defense of good faith immunity even if the Court were to now decide that his belief plaintiff had constructive possession of the weapons was in error.

E      Damages

Defendant submits that as the ultimate decision that plaintiff violated his parole was made by others with the Pennsylvania Board of Probation and Parole that plaintiff suffered no damages as the consequence of defendant's actions. No counterclaim was filed by the DOC.

---

³ A complete list of the weapons and related items (such as ammo, magazines, a knife and handcuffs) is included at page 2 of exhibit B filed with defendant's May 28, 2004, motion for summary judgment.

F.  Names and addresses of witnesses

Defendant may call the following witnesses:

1. Joseph M. Smith
2. Vicki Aiken
3. George W. Johnson
4. Fred W. Jacobs
5. K. Scott Roy
6. Allen Castor
7. Barbara Dresher
8. Richard A. Kipp
9. Martin Walsh

All witnesses may be reached in care of defense counsel.

G.  Summary of legal issues and legal authorities

1.  Probable cause and constructive possession

"[P]robable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Orsatti v. New Jersey State Police,* 71 F.3d 480, 483 (3d Cir.1995). Possession of weapons by a Pennsylvania parolee while on parole constitutes a technical violation of the express conditions of that parole. Smith's

actions were justified as revealed by the decision by the Board that plaintiff had violated his parole by constructive possession of those weapons. As the evidence will show, it would have been unreasonable to conclude plaintiff did not have constructive possession of the guns located within his home – some of which remained registered in his name.

Plaintiff demonstrated even by his version that he had constructive possession of the weapons when he stated to the Board's representative at the time he had his revocation hearing that to overcome the supposedly locked bedroom door he "pulled my electrician's pocketknife that I had with me that I use in my sweeper repair business out and jimmied the door open." According to Pennsylvania's commonwealth court, "'[c]onstructive possession' occurs when a person does not have actual possession but instead knowingly has the power and intention at a given time to exercise dominion and control over the object, either directly or through others." *Nickens v. Pennsylvania Board of Probation and Parole,* 93 Pa. Commonwealth Ct. 313, 322, 502 A.2d 277, 281 (1985) (citing *U.S. v. Daniel,* 527 F.2d 1147 (6th Cir.1975))(Constructive possession established where a suspicion in the mind of the agent that parolee was fond of firearms (because of tattoo and a sign in the parolee's shop window referring to guns which prompted a search the following day which turned up the sawed-off shotgun in the parolee's bedroom closet that he shared with his girlgfriend); *see also*, *Knuckles v.*

*Pennsylvania Board of Probation and Parole*, 111 Pa.Cmwlth. 487, 533 A.2d 1156 (1987) (Petitioner held to be in constructive possession of a loaded rifle behind a living room chair which he testified he knew was in the house but testified had belonged to his father who had died approximately three months earlier and that the rifle had belonged to the father.); *Seifrit v. Pennsylvania Board of Probation and Parole,* 100 Pa.Commonwealth Ct. 226, 514 A.2d 654 (1986) (Petitioner held to be in constructive possession of marijuana found in his residence which he argued belonged to his girlfriend who had moved out of the home.).

Here, plaintiff had the ability to both enter his son's room by simply springing the lock with a pocketknife as he claims he did or could have just as easily told his son to return any or all of the guns to him that were still registered in his name and kept in plaintiff's house. Smith had probable cause to arrest plaintiff and there was no violation of plaintiff's Fourth Amendment rights in that decision. Judgment should be entered in favor of Smith and against plaintiff.

2.   Immunity

Qualified immunity shields Smith from suit for damages if "a reasonable officer could have believed [the warrantless arrest of plaintiff] to be lawful, in light of clearly established law and the information [Smith] possessed. [Smith]'s subjective beliefs about the [arrest] are irrelevant." *Anderson v. Creighton*, 483 U.S. 635, 641, 107 S.Ct. 3034, 3040 (1987). Even law

enforcement officials who "reasonably but mistakenly conclude that probable cause is present" are entitled to immunity. *Ibid*. Where an arrest is allegedly unconstitutional, the shield of immunity will be lost "[o]nly where the [basis for the action] is so lacking in indicia of probable cause as to render official belief in its existence unreasonable." *Malley v. Briggs*, 475 U.S. 335, 344-45, 106 S.Ct. 1092 (1985). Therefore, if competent officers could reasonably disagree on whether probable cause exists, the immunity applies. *Id*. at 341.

Smith's belief that he had probable cause to arrest plaintiff for possession of the weapons was reasonable. Given that Galloway admitted that some of the weapons were still registered in his name, were still in his house and he had access to them, Smith had no reason to believe plaintiff did not have "the intent and power at a given time to exercise control and dominion over the object either directly or through another person." *Nickens*, *Id*. Hence, it was reasonable for him to have arrested plaintiff under the circumstance as he knew them. Based on this, Smith is entitled to qualified immunity and judgment should be entered in his favor at the end of trial by the Court if not by the jury.

                                      Respectfully submitted,

                                      THOMAS W. CORBETT, Jr.
                                      Attorney General

                   By:    *s/ Francis R. Filipi*
                          FRANCIS R. FILIPI

| | |
|---|---|
| Office of Attorney General | Senior Deputy Attorney General |
| 15th Floor, Strawberry Square | Civil Litigation Section |
| Harrisburg, PA 17120 | |
| Phone: (717) 787-3874 | SUSAN J. FORNEY |
| Fax:     (717) 772-4526 | Chief, Civil Litigation Section |

Date:  June 9, 2005

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GAIL J. GALLOWAY, | : | |
| Plaintiff, | : | No. 1:CV-00-0649 |
| | : | |
| v. | : | (Judge Rambo) |
| | : | |
| PENNSYLVANIA BOARD OF | : | Electronically Filed |
| PROBATION AND PAROLE, et al. | : | |
| Defendants, | : | |

CERTIFICATE OF SERVICE

I, Francis R. Filipi, Senior Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that I will have caused to be served a true and correct copy of the foregoing document titled Defendant's Trial Brief on the 10th day of June, 2005, by having a copy of same deposited in the United States Mail, first-class postage prepaid to the following:

Gail Galloway
R.D. #1, Box 30
Petersburg, PA 16669

                                                       *s/Francis R. Filipi*
                                                   FRANCIS R. FILIPI
                                                   Senior Deputy Attorney General

Date: June 9, 2005